**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

-------------------------------------------------------------

**JESSICA LIGHT**

      **Plaintiff,**   **Case No. 3:22cv425 (AVC)**

   **v.**

**NEW HAVEN BOARD OF EDUCATION and**
**MARGARET-MARY GETHINGS**
      **Defendants.**   **JUNE 10, 2022**

-------------------------------------------------------------------

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

The parties in the above-referenced matter hereby submit the following Rule 26(f) pretrial plan for approval by the court, and jointly propose the following management plan:

**Date Complaint Filed:**  March 22, 2022, amended on March 30, 2022 in order to reflect the proper defendant is the New Haven Board of Education and not the City of New Haven.

**Date Complaint Served:** Service waived on May 5, 2022.

**Date of Defendants' Appearance:** May 12, 2022.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the undersigned counsel conferred by email.  The participants were: Anthony Interlandi for Plaintiff and Peter Murphy for Defendants, who have agreed to the following as a proposed schedule in this matter.

  I.  **Certification**

Undersigned counsel (after consultation with their clients) and any undersigned

self- represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

### A.    Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's claims based on the existence of a federal question pursuant to 28 U.S.C. § 1331. Specifically, Count Two alleges unlawful retaliation based on Plaintiff's exercise of her free speech rights in violation of 42 U.S.C. § 1983 et seq. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count One alleging a violation of Conn. Gen. Stat. § 31-51q, Count Three asserting a false light claim, and Count Four asserting a defamation claim.

### B.    Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Brief Description of Case

### A.    Claims of Plaintiff:

Plaintiff Jessica Light, a longstanding public-school teacher for the New Haven Board of Education, resident of the City of New Haven, and parent to two children attending New Haven public schools, spoke out publicly as a citizen and as a parent, raising matters of public concern related to COVID-19 safety measures in the school system. An independent investigation carried out by outside counsel concluded that, in at least four instances, Plaintiff was the subject of retaliation. Plaintiff brings this action against Defendants New Haven Board of Education and Margaret-Mary Gethings (in her

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

individual capacity) for their unlawful retaliation against Plaintiff because of her constitutionally protected speech in violation of the First Amendment to the United States Constitution and Connecticut General Statute § 31-51q. Plaintiff also asserts claims of false light and defamation against Defendant Gethings. Plaintiff seeks to recover damages for injuries sustained because of her violation of her constitutional rights and damage to her reputation.

**B.      Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants:**  Plaintiff is a teacher employed by the New Haven Board of Education at Worthington Hooker, a school serving students from grade K through 8. Plaintiff has not been disciplined or terminated or suffered any other adverse employment action.  Indeed, Plaintiff remains employed today, and is expected to return to her teaching position in the 2022-2023 school year. Nevertheless, Plaintiff brings this federal court lawsuit, contending that she was retaliated against, and that she was portrayed in a false light and defamed through some discussions in the workplace by Principal Margaret-Mary- Gethings.  As set forth in their answer, Defendants deny these claims in their entirety, and have asserted numerous defenses against these claims. Plaintiff is not entitled to the damages sought in the complaint, or any other damages, in this lawsuit.


## IV.  Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this time, the only facts that are undisputed are those that Defendants admitted in their answer.

## V.  Case Management Plan

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

**A.     Initial Disclosures**

Parties will exchange the initial disclosures required by Fed. R. Civ. P. 26(a) by July 15, 2022.

**B.     Scheduling Conference**

1.     The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.     The parties prefer that a scheduling conference, if held, be conducted by telephone.

**C.     Early Settlement Conference**

1.     The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is not possible and the parties will request a referral to a magistrate judge if and when they think it would be fruitful.

2.     The parties reserve the right to request an early settlement conference.

3.     The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.  Plaintiff should be allowed until June 30, 2022, to file motions to join additional

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

parties and until June 30, 2022, to file motions to amend the pleadings. Motions to amend filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay. See Fed. R. Civ. P. 16.  Defendants reserve their right to respond to any such motion.

2.  Defendants should be allowed until June 30, 2022, to file motions to join additional parties and until July 4, 2022, to file motions to amend the pleadings. Defendants will respond to any amended complaint in the time allowed by the Fed. R. Civ. P.  Motions to amend filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay. See Fed. R. Civ. P. 16.  Defendants reserve their right to respond to any such motion.

**E.      Discovery**

a.       Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

b.       The parties anticipate that discovery will be needed on the following subjects:

Plaintiff anticipates discovery as follows:

•All documents concerning Plaintiff's performance of her job responsibilities.

•All documents regarding actions taken by Gethings' or at the direction of Gethings vis-à-vis Ms. Light.

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

- All documents regarding Board of Education meetings where Ms. Light made public comments.

- All documents regarding Defendants' knowledge and/or response to public comments made by Ms. Light.

- All communications between Gethings, members of the Board of Education or employees of the Board of Education regarding Ms. Light.

- All documents regarding Human Resources response to Ms. Light's complaints of retaliation.

- All documents regarding Ms. Light's requests for an accommodation.

- All documents concerning Defendant Gethings' performance of her job responsibilities.

- All documents concerning the decision to transfer Ms. Light from the third grade to the first grade.

- All documents concerning the independent investigations conducted by Berchem & Moses in response to complaints made by Ms. Light, Ms. Gethings, and Ms. Alden.

- All documents concerning any internal investigations conducted in response to complaints made by Ms. Light or any employee against Ms. Light.

- Plaintiff's damages.

- Any additional subjects that may arise during the course of this litigation.

<u>Defendant anticipates discovery as follows:</u>

Defendants anticipate needing documents and information from Plaintiff regarding the subject matters identified below.  At this time, Defendants do not believe expert testimony is required, but they reserve the right to disclose expert witnesses addressing liability and damages, including a response to any expert disclosed by

6

Plaintiff.

- All subjects and issues fairly arising out of Plaintiff's work and performance as an employee.

- All subjects and issues fairly arising out of Plaintiff's family and medical leave, and any treatment with any health care provider for conditions related to the claims and defenses in this case.

- All subjects and issues fairly arising out of Plaintiff's alleged public comments on matter of alleged public concern.

- Plaintiff's electronic and in-person communications with members of the Worthington Hooker community on any of the subjects and matters raised in the complaint.

- All of the allegations in the Amended Complaint, and the identity of any witnesses and documents or other tangible items (including tape recordings) involved in the issues and allegations set forth in the Amended Complaint.

- All subjects and issues fairly arising out of Defendants' alleged acts and omissions relating to Plaintiff's employment.

- Any of the topics identified by Plaintiff above.

The Parties reserve the right to object in response to any specific discovery request made by the opposing party, and no waiver of such objection is intended herein.

    c.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by **April 1, 2023**.

    d.    Discovery will not be conducted in phases.

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

e.    Not applicable.

f.    The parties anticipate that the plaintiff will require a total of 7 depositions of fact witnesses and defendants will require a total of 5 depositions. The depositions will commence after **August 1, 2022** and be completed by **January 13, 2023**.

g.    The parties may request permission to serve more than 25 interrogatories.

h.    Plaintiff may call expert witnesses at trial.  Defendants may call expert witnesses at trial.

i.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof as follows:

• Plaintiff's experts to be disclosed by **December 31, 2022**.

• Defendants' experts to be disclosed by **March 1, 2023.**

• Depositions of Plaintiff's experts to be completed by **February 1, 2023**.

• Depositions of Defendants' experts to be completed by **April 1, 2023**.

j.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **March 1, 2023.**

k.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by **September 1, 2022**.

l.    Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including,

**MONARCH LAW LLC**
**36 RUSS STREET • HARTFORD, CONNECTICUT 06106**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

- ESI will be requested, subject to objection, pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

- The parties have taken appropriate steps to preserve electronically stored information that may be relevant to claims or defenses in this case.

- By agreeing to preserve potentially discoverable electronic information in accordance with the terms hereof, the parties are not waiving any objection to the ultimate discoverability of such information at such point when discovery is authorized in these actions.

- During the litigation, the parties will attempt to agree upon appropriate search terms to be employed to identify electronically stored information that is discoverable in this matter.

- To the extent that the parties find any responsive electronically-stored information, they agree to discuss at that point the form, timing, and any other details relating to the production of such electronically-stored information.

-

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

m.      Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure and management of such information: The parties will take all necessary steps to preserve information stored in paper or other non-electronic forms from alteration or destruction. The parties further agree that whenever practicable, information stored in paper or other non-electronic forms shall be produced to the requesting party in searchable PDF format.  The costs of discovery shall be borne by the producing party.  The parties do not anticipate any further issues, at this time, regarding the discovery of information stored in paper or other non-electronic forms. The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure, local rules, and applicable case law.  Discovery disputes shall be resolved by the Judge if the parties have tried in good faith to resolve them.

n.      Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production: Any inadvertent disclosure or production of documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege will not constitute a waiver of either any available privilege or protection by the disclosing party.  In the event that the receiving party discovers that it has received documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the producing party immediately upon discovery. In the event that the producing party discovers that it has

10

produced documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the receiving party immediately upon discovery.  Upon request of the producing party, the receiving party will promptly return to the producing party any documents protected by the party's attorney-client privilege, work product protection or other applicable privilege and any copies that the receiving party may have made.  Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the documents protected by the party's attorney-client privilege, work product protection or other applicable privilege.  No such inadvertently produced documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege may be used in evidence against the producing party.  Attorney-client privilege and work product protection shall have the meanings as provided in FRE 502 (g) (1) and (2).

### F.    Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case:

None at this time.

### G.    Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before May 15, 2023.

### H.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 15, 2023 (45 days after the close of discovery), unless a dispositive motion is pending, in which case the joint trial memorandum will be due no later than forty five (45) days following a ruling on any pending dispositive motion that

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

does not completely dispose of the matter.

## V.    TRIAL READINESS

The case will be ready for trial forty-five (45) days following the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**MONARCH LAW LLC**
**36 RUSS STREET • HARTFORD, CONNECTICUT 06106**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

AGREED this 9th day of June, 2022.

| | |
|---|---|
| */s/ Anthony J. Interlandi (ct27512)* | /s/ *Peter J. Murphy (ct26825)* |
| Anthony J. Interlandi<br>tony@monarchlaw.com<br>Monarch Law LLC<br>36 Russ Street<br>Hartford, CT 06106<br>P: (860) 969-2909<br>F: (860) 909-0039 | Peter J. Murphy<br>pjmurphy@goodwin.com<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103<br>P: (860) 251-5950<br>F: (860) 251-5316 |
| Counsel for Plaintiff | Counsel for Defendants |

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that, on this 10th day of June, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/Anthony J. Interlandi
Anthony J. Interlandi

MONARCH LAW LLC
36 RUSS STREET • HARTFORD, CONNECTICUT 06106
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039