UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JESSICA LIGHT,** | : | **CIVIL ACTION NO.** |
|     **Plaintiff,** | : | **3:22-cv-00425 (JAM)** |
| | : | |
| **v.** | : | |
| | : | |
| **NEW HAVEN BOARD OF EDUCATION,** | : | |
| **MARGARET-MARY GETHINGS in her** | : | |
| **individual capacity** | : | |
|     **Defendants.** | : | **JULY 17, 2023** |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rules 7 and 56, the New Haven Board of Education ("the Board") and Margaret-Mary Gethings ("Gethings") (collectively the "Defendants") move for the entry of judgment as a matter of law on the Complaint filed by plaintiff Jessica Light ("Plaintiff"), which alleges violations of Conn. Gen. Stat. § 31-51q, First Amendment Retaliation, False Light and Defamation. Specifically, Plaintiff alleges that she spoke out publicly as a citizen and as a parent by raising matters of public concern regarding COVID-19 safety measures within the New Haven Public Schools. As set forth more specifically in the attached Memorandum of Law, however, the undisputed facts demonstrate that her claims under the First Amendment, Conn. Gen. Stat. § 31-51q, False Light and Defamation all fail as a matter of law.

With respect to the First Amendment Retaliation claim (Count Two), the record demonstrates that Plaintiff did not engage in any speech as a public citizen on matters of public concern. Instead, all of her alleged speech relates in whole or in part to her job duties as a teacher employed by the Board. Specifically, Plaintiff was identified as a teacher at the car caravan where she was interviewed, which was organized by the teachers' union, and Plaintiff also referred to herself as a teacher at the Board meetings while speaking to her employer—the Board

of Education. All of these instances of speech relate in whole or in part to her job duties as a teacher employed by the Board regarding whether she should be back in the classroom, how to enforce safety protocols in the classroom, or the implementation of a district-wide plan for COVID-19. Moreover, Plaintiff did not suffer any adverse action. She still works for the Board and maintains the same pay and benefits, and she cannot show any evidence of retaliation against her. Consequently, this claim fails as a matter of law.

With respect to the Gen. Stat. § 31-51q claim (Count One), this claim fails for the same or similar reasons as those outlined in Count Two. In Count One of the Complaint, Plaintiff brings a claim against the Board under § 31-51q, claiming that she was disciplined in retaliation for her exercise of free speech rights under the federal and state constitutions. To the extent the § 31-51q claim is based on federal law, it fails for the same reasons outlined in Count Two, and in the accompanying Memorandum. To the extent Plaintiff's § 31-51q claim is also based on Plaintiff's rights under state law, it also fails for those reasons, and for additional reasons outlined in the Memorandum. Similar to her arguments in Count Two, Plaintiff failed to show that she suffered any adverse employment action. She further fails to show that her actions or comments did not substantially interfere with her job performance. In fact, the evidence shows that her comments undermined her relationship with Gethings and other teachers in her building, and her comments on Facebook also misrepresented the school and gave the impression that the school failed to do things that it was required to do, when it was not. Consequently, this claim fails as a matter of law, too.

With respect to the false light claim (Count Three), the record demonstrates that Gethings did not make any false statements against Plaintiff that placed her in a false light. In Count Three of Plaintiff's Complaint, she simply incorporates the prior 77 paragraphs and claims that the

aforementioned conduct by Gethings placed her in a false light which would be highly offensive to a reasonable person. Plaintiff failed to identify, both in her complaint and throughout the discovery process, any statements or specific instances in which Gethings made any false statements against her. As such, she failed to identify the precise words used by Gethings that cast a false light on her. Consequently, this claim fails as a matter of law, too.

With respect to the defamation claim (Count Four), like Count Three, the record demonstrates that Gethings did not engage in any defamatory communication towards Plaintiff. There are simply no statements alleged that show that Gethings defamed Plaintiff. Additionally, even if any statements alleged were found to be defamatory, they are barred by the intracorporate communications privilege because they are communications between managers, supervisors and Plaintiff's superiors. Consequently, this claim fails as a matter of law, too.

For these reasons, and those set forth in the attached memorandum of law, the Court should grant the Board and Gethings judgment as a matter of law on all four counts of the Complaint, together with such further and additional relief the Court deems necessary.

DEFENDANTS,

NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By  /s/ *Peter J. Murphy*
    Peter J. Murphy (ct26825)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 25l-5950
    Facsimile: (860) 251-5316
    pjmurphy@goodwin.com
    Their Attorney