**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:22-cv-00425 (JAM) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
|    Defendants. | : | AUGUST 3, 2023 |

### <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL</u>

Pursuant to D. Conn. L. Civ. R. 5(e), defendants New Haven Board of Education and Margaret-Mary Gethings ("Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Seal. Pursuant to that Motion, Defendants seeks an order (1) sealing Exhibit A (Ecf. 21-4) to the Defendants' previously filed Motion for Summary Judgment (Ecf. 21), which contains portions of the transcript from plaintiff Jessica Light's deposition that inadvertently contained a reference to a minor's name on five pages, and (2) allowing Defendants to file a revised copy of Exhibit A on the docket that contains the necessary redactions. Plaintiff's counsel consents to the Defendants' requested relief.

A motion to seal is governed by D. Conn. L. Civ. R. 5(e)(3), which provides in relevant part as follows:

> No judicial document shall be filed under seal, except upon entry of an order of the Court either acting sua sponte or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.

"[I]t is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch v. Pyramid Co.*

*of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks omitted). In addition, courts apply "a presumption favoring access to judicial records," *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). "The right of access, however, is not absolute." *Alexander v. Azar*, 396 F. Supp. 3d 242, 251–52 (D. Conn. 2019) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 602 (1978)). Courts must "weigh the interest advanced by the parties in light of the public interest and the duty of the courts." *Nixon,* 435 U.S. 602. This task is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. In addition, "there can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information, such as trade secrets or confidential research, that can trump the right of the public to access court records." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009).

Here, when Defendants filed the Motion for Summary Judgment, they removed several emails from one exhibit that referenced Plaintiff's minor child and addressed issues that are not relevant to the claims and defenses in this matter and redacted the names of minors in other exhibits. Exhibit A to the 56(a)(1) Statement contained excerpts from Plaintiff's deposition, and on five pages there were references to minors that inadvertently were not redacted in the final preparation of the Motion for Summary Judgment. Defendants contend that the inclusion of the minor's names are not necessary for this case, and indeed that the names should have been redacted pursuant to Fed. R. Civ. P. 5.2(a). Once defense counsel learned that the minors' names were included within Exhibit A, they alerted the clerk's office, who restricted access to the exhibit temporarily. With this motion, Defendants contend that there is good cause to (1) seal Exhibit A permanently under Local Rule 5(e), and (2) and permit Defendants

to file a new version of Exhibit A on the docket that appropriately redacts the minors' names.

Everything else would remain the same with the redacted version of Exhibit A, and all

references to Exhibit A in Defendants' Memorandum of Law would remain correct. Defense

counsel has apologized to Plaintiff's counsel for the oversight and indicated that it would

correct the filing with the Court, which it is attempting to do through this Motion to Seal.

Plaintiff's counsel indicated he consents to the requested relief. Defense counsel further

apologizes to the Court for this oversight and the necessity of filing this motion.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the

Motion to Seal Exhibit A (Ecf. 21-4) and enter an order sealing Exhibit A (Ecf 21-4) and

granting Defendants permission to file a redacted copy of Exhibit A on the docket, together

with such other and further relief as the Court deems necessary.

DEFENDANTS,

NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By____/s/ *Peter J. Murphy*_____
        Peter J. Murphy (ct26825)
        Shipman & Goodwin LLP
        One Constitution Plaza
        Hartford, CT  06103-1919
        Telephone: (860) 25l-5950
        Facsimile: (860) 251-5316
        pjmurphy@goodwin.com
        Their Attorney

20419578v1