**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:22-cv-00425 (JAM) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| Individual capacity | : | |
| Defendants. | : | MARCH 12, 2024 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO MOTION TO SUPPLEMENT**

The Plaintiff hereby submits this Reply in response to the Defendant's objection dated March 7, 2024. Specifically, the Plaintiff replies as follows:

**Response No. 1:**

**A. Objection:**

¶ 2: "As filed, Exhibit 7 had formatting issues and was not legible. *See* Ecf 29-1, pg. 71-80."

**B. Response:**

Exhibit 7 was filed with legible formatting that could be clearly read on a computer. However, upon printing, formatting issues occurred, and the exhibit became less legible. The Undersigned explained this inconsistency during the December 5, 2023, Motion Hearing: "Your Honor, so when these images were converted to PDF files, they were combined with a PDF file and then uploaded to the Court and filed with our paperwork. When I printed it or when I went to view what was uploaded from the Court's website, it looked like portions of that document were shrunken down. I'm not sure how that happened or why it happened. So, it is the exact same document, it's just the full document. I believe defense counsel has these documents already." Mot. Hr'g Tr. 30-31: 25; 1-

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

8. Therefore, Defendant's notion that Exhibit 7 had formatting and legibility issues as filed, is incorrect.

**Response No. 2:**

    **A. Objection:**

¶ 3: "On December 6, 2023, Plaintiff provided Defendants with a legible, correctly formatted copy of Exhibit 7. On December 7, 2023, Plaintiff provided Defendants with another copy that was Bates Numbered LIGHT3544-3552, which is the Proposed Exhibit."

    **B. Response:**

See Response No. 1 above.

**Response No. 3:**

    **A. Objection:**

¶ 5: "Consequently, the Proposed Exhibit is inappropriate because it is an expansion of the documents addressed by the parties at the relevant time."

    **B. Response:**

The Proposed Exhibit is not inappropriate as it provides context and a complete representation of the facts pertaining to the conversation being represented in the Proposed Exhibit. This information was found in preparing for the Plaintiff's Objection to Summary Judgement and provides the full scope of the conversation being depicted. According to the doctrine of completeness, as partially codified in Federal Rule of Evidence 106, as well as in § 1-5 (b) of the Connecticut Code of Evidence, when a statement is introduced by a party, the Court may require the party to introduce other parts of the statement to be considered contemporaneously with the original statement. While this rule is traditionally used by an adverse party, the goals and policy behind the doctrine apply in this case. The basis of this doctrine is to ensure that matters are not taken out of context which can result in misleading impressions or inaccuracies. As discussed in

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

*Aviles v. City of New Haven*, the goal of this doctrine is to "secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *Aviles v. City of New Haven*, 2019 Conn. Super. LEXIS 2141. As such, the Court should consider the full context of the conversation by contemporaneously looking at the statements in the Proposed Exhibit.

**Response No. 4:**

**A. Objection:**

₱ 6: "Moreover, as noted above, the full exchange contained in the Proposed Exhibit was not provided to Defendants until after the Motion for Summary Judgment was fully briefed and argued to the Court."

**B. Response:**

Defendant's characterization as to when they received notice of the Proposed Exhibit is inaccurate. The Proposed Exhibit was included with the Plaintiff's Objection to Summary Judgement. Defendant received notice of said exhibit prior to their Reply and before an argument was made to the Court.

THE PLAINTIFF,

BY:___/s/426132_____
Anthony J. Interlandi, Esq.
tony@monarchlawct.com

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

## <u>CERTIFICATION</u>

This is to certify that a copy of the forgoing was mailed, hand delivered or electronically delivered pursuant to Practice Book, § 10-14 to the following counsel on March 12, 2024.

Peter J. Murphy
Shipman & Goodwin LLP
One Constitution Plaza,
Hartford, CT 06103-1919
pjmurphy@goodwin.com

BY:    /s/426132
Anthony J. Interlandi, Esq.
tony@monarchlawct.com

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**