**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT | : | CIVIL ACTION NO. |
| **Plaintiff,** | : | **3:22-cv-00425 (JAM)** |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| Individual capacity | : | |
| **Defendants.** | : | **JULY 12, 2024** |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**
**EXHIBIT [X] TO THE JOINT TRIAL MEMORANDUM**

The Plaintiff, Jessica Light, hereby respectfully requests the following jury instructions be given to the jury in the instant matter, subject to any further instructions and/or rulings by the Court with respect to the evidence admitted and/or general charge which is to be rendered by the court in the instant matter.

## I.    THE ISSUES AND CLAIMS IN THIS CASE

I will now instruct you on the specific legal claims and defenses in this case. I will begin by explaining the law applicable to the Plaintiff's claims and defendants' defenses.

### A.  First Amendment Retaliation Claim

Plaintiff's retaliation claim against Ms. Gethings arises under Title 42 of the United States Code, Section 1983. This law permits a person to seek money damages against anyone who – under the apparent authority of state law – deprives that person of rights protected by the Constitution or laws of the United States. Specifically, Section 1983 provides that:

> Every person who, under color of any statute . . . of any State . . .
> subjects, or causes to be subjected, any citizen of the United States
> . . . to the deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party injured in
> an action at law . . . .

Section 1983, by itself, does not establish or create any federally protected right. Rather,

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

it is the statute that allows plaintiffs to enforce rights guaranteed to them by the United States

Constitution. Before I proceed to the specific rights that Ms. Light alleges were violated, I will

first provide a general overview of what is required to prevail on a claim under Section 1983.

To establish this claim, the Plaintiff must establish, by a preponderance of the evidence,

each of the following two elements:

> (1) that the acts complained of were committed by a defendant
> acting under color of state law; and

> (2) that in committing these acts, a defendant deprived Plaintiff of
> rights, privileges, or immunities secured by the Constitution or
> laws of the United States.[1]

Acting under color of law simply means action that is made possible only because the

actor is clothed with the authority of the state.[2]

The first element is not disputed. The parties have stipulated that Margaret-Mary Gethings

acted under color of the authority of the State of Connecticut during the relevant events alleged in

the Amended Complaint.

Therefore, you need only consider the second element, deprivation of a right. I shall now

explain this element in greater detail.

Ms. Light's first claim is for retaliation in violation of the First Amendment of the

United States Constitution. For this claim, the issue is whether she spoke as a citizen on a matter

of public concern, and if so, whether the New Haven Board of Education had an adequate

justification for treating Ms. Light differently from any other member of the general public.[3]

This First Amendment retaliation claim further requires Ms. Light to prove, by a

preponderance of the evidence, three elements:

---

[1] *Eagleston v. Guido*, 41 F.3d 865, 872 (2d Cir.1994).
[2] *West v. Atkins*, 487 U.S. 42, 49 (U.S. 1988).
[3] *Anemone v. Metro Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011).

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

[1] she engaged in protected First Amendment activity,

[2] she suffered an adverse employment action, and

[3] a causal connection between the protected activity and the adverse employment action.[4]

### 1. First Element: engaged in protected activity

A public employee's speech or conduct is protected by the First Amendment when it is uttered by an employee in his or her capacity as a citizen regarding a matter of public concern.[5] The parties agree that Ms. Light's statements at the Board of Education meetings and on Facebook are constitutionally protected speech.

### 2. Second Element: adverse employment action

Second, Ms. Light must prove she suffered an adverse employment action. She is not required to demonstrate a material change in the terms or conditions of her employment.[6] Instead, Ms. Light can prove this element of her retaliation claim by showing that a combination of seemingly minor incidents reached a critical mass.[7] Alleged acts of retaliation must be evaluated both separately and in the aggregate, as even trivial acts may take on greater significance when they are viewed as part of a larger course of conduct.[8]

### 3. Third Element: causal connection

If a plaintiff's activity is subject to First Amendment protection, then she must still show a causal connection between the protected activity and the adverse employment action, *i.e.*, that

---

[4] *Smith v. County of Suffolk*, 776 F.3d 114, 118–19 (2d Cir. 2015) (alterations in original) (quoting *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007)).
[5] *Id.* (citing *Lane v. Franks*, 573 U.S. 228, 237 (2014)).
[6] *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 227 (2d Cir. 2006); *see also, Muldrow v. City of St. Louis*, 144 S. Ct. 967, 974-975 (concluding that, in a discrimination lawsuit alleging a voluntary transfer, plaintiff "need show only some injury respecting her employment terms or conditions" and "transfer must have left her worse off, but need not have left her significantly so.").
[7] *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002).
[8] *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir. 2014).

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

the protected speech was a substantial motivating factor in the adverse employment action.[9]

A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action.[10] Since a showing requires the plaintiff to provide tangible proof of retaliatory animus, conclusory assertions of retaliatory motive are insufficient.[11]

Ms. Light's protected speech was a motivating factor in Ms. Gethings' decision to take adverse action if that speech played a substantial or important part in the decision. However, it need not be the only factor. But if one of those reasons was Ms. Light's speech, and if that reason played a substantial part in Ms. Gethings' decision to take action against Ms. Light, then Ms. Light has satisfied the third element.[12]

### 4. Defense

Even if Ms. Light proved her speech was a motivating factor in Ms. Gethings' decision to take adverse action against her, Ms. Gethings can avoid liability if she can prove she is entitled to qualified immunity.[13]

---

[9] *Smith*, 776 F.3d at 118–19 (quoting *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 167 (2d Cir. 2006)).

[10] *Id*. (citing *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004)).

[11] *Id.*

[12] Modern Federal Jury Instructions, Instruction 87-98.

[13] Defendant asserts this defense, however, it appears to be moot given the parties agreement that Ms. Light's statements were protected speech. "Section 1983 provides a private right of action for monetary damages from government officials, who, acting "under color" of law, have violated an individual's federal statutory rights, or constitutional rights and privileges. 42 U.S.C. § 1983; *Annis v. Cty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). Qualified immunity operates to shield government officials from such liability, where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would [*9] have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) (citations omitted). Thus, a police officer may be entitled to qualified immunity if: "(1) his conduct does not violate a clearly established constitutional right, or (2) it was objectively reasonable for the officer to believe his conduct did not violate a clearly established constitutional right." *Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008) (quotation marks and citation omitted). "Because qualified immunity affords immunity from suit rather than a mere defense to liability, it is usually invoked before trial. Where, however, immunity depends on disputed facts, the availability of that shield may be determinable only after trial." *O'Hara v. City of New York*, 570 F. App'x 21, 23 (2d Cir. 2014) (quotation marks, citation, and

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

If Ms. Light has proven, by a preponderance of the evidence, all the elements of her First Amendment retaliation claim, then you mut find in favor of Ms. Light, unless, Ms. Gethings has proven, by a preponderance of the evidence, her defense.

### B. Connecticut General Statutes § 31-51q

Similar to the First Amendment retaliation claim, Ms. Light's second claim, under Connecticut state law, requires her to prove, by a preponderance of the evidence, two elements:

1. she engaged in speech that was constitutionally protected; and

2. a causal connection between her protected speech and the adverse employment action.[14]

#### 1. Discipline

The parties agree that the first element of this claim has been satisfied and that Ms. Light's statements at the Board of Education meetings and on Facebook are constitutionally protected speech. Connecticut law makes it unlawful for an employer to discharge or discipline an employee because of the employee's exercise of free-speech rights that are subject to protection under the federal or state constitutions. Ms. Light's claim is limited to discipline, which is an adverse material consequence imposed by an employer on an employee for the purpose of punishing or deterring behavior that the authority wishes to suppress.[15]

#### 2. Defense

Even if Ms. Light proved her speech was a motivating factor in Ms. Gethings' decision

---

emphasis omitted). *Sweet v. City of Hartford*, Civil Action No. 3:15-CV-00553 (CSH), 2018 U.S. Dist. LEXIS 87221, at *8-9 (D. Conn. May 24, 2018). Note that individual defendants in the recent case of *Moore v. Sequeira*, (No. 3:21-cv-00787 (VAB) also asserted this as an affirmative defense; however, it was not included in Judge Bolden's jury charge filed on April 1, 2024. See Doc. No. 136, 3:21-cv-00787-VAB,

[14] *Smith,* 776 F.3d at 118; *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999).

[15] *Browne v. State Dep't of Corr.*, 2017 Conn. Super. LEXIS 4605, at *3 (Conn. Super. Ct. 2017) (Ecker, J.); *see also*, *D'Onofrio v. Westport/Weston Health Dist.*, Docket No. 3:21-cv-1052 (JAM), 2022 U.S. Dist. LEXIS 98414, at *13 (D. Conn. June 2, 2022) (citing *Browne*).

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

to take adverse action against her, the New Haven Board of Education can avoid liability if it can prove Ms. Light's conduct substantially or materially interfered with her bona fide job performance or the working relationship between her and the Board of Education.[16]

Because this claim is no different from the federal law claim against Ms. Gethings, if you find Ms. Light has proven, by a preponderance of the evidence, a violation on her First Amendment retaliation claim against Ms. Gethings, and the defense raised by Defendant New Haven Board of Education applies, then you also must find by a preponderance of the evidence, that Ms. Light has proven a violation of Connecticut General Statutes § 31-51q against the New Haven Board of Education.

### C. Defamation

Ms. Light has alleged a defamation claim against Ms. Gethings. Specifically, Ms. Light alleges that Ms. Gethings stated, in front of Teacher X, Ms. Clarino and her union representative, "I need you to know that every person said you were the source." This is considered slander *per quod*.

A defamatory statement is a false communication that tends to harm the reputation of another; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held; to deter third persons from associating or dealing with (him/her); or to excite adverse, derogatory, or unpleasant feelings or opinions against (him/her).[17]

Statements claimed to be defamatory should be given their ordinary meaning, which is the same meaning that people of common and reasonable understanding would give to them in the context and under all the circumstances that were present at the time they were made. In determining whether a statement is defamatory, you are not bound by the interpretation of the

---

[16] Conn. Gen. Stat. § 31-51q(b); *see also*, *Matthews v. Dept. of Public Safety*, Docket No. HHDCV116019959S, 2013 Conn. Super. LEXIS 1291, at *29 (Super. May 31, 2013) (concluding that "provided" is a proviso that placed the burden on defendant).
[17] CT Civil Jury Instr. § 3.11-1.

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

statement offered by Ms. Light, Ms. Gethings or by any person hearing the statement. If the meaning of the statement is unclear, it is your job as the jury to determine what the meaning of the statement was.[18]

To establish this claim, Ms. Light must demonstrate that:

(1) Ms. Gethings published a defamatory statement to a third person;

(2) The defamatory statement identified Ms. Light; and

(3) Ms. Light's reputation suffered in jury as a result of the statement.[19]

Publication means to make a statement to another orally, in writing, or by some other means of communication. The publication of the defamatory information can be done intentionally or negligently, so long as it is done in a manner such that in the ordinary course of events it will come to be communicated to a third person.[20]

An indispensable element of an action of slander is injury to the reputation of the person defamed. For slander *per quod,* Ms. Light is required to allege and prove injury to her reputation.[21] Ms. Light may recover harm to her reputation, also known as general damages, only upon proof of special damages for actual pecuniary loss suffered.[22] The loss must be caused by the publication of the defamatory statement. The special damages must be of a material nature and, generally, must be of a pecuniary nature, that is dealing with money.[23]

If you find that Ms. Light suffered a violation of her legal rights but she has not suffered an actual injury, she is entitled at least to nominal damages. Nominal damages may be awarded because you find that the defamatory statement is of an insignificant character, or because you

---

[18] *Id.*

[19] *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620, 627–28, 969 A.2d 736, 742 (2009) (internal quotation marks omitted).

[20] CT Civil Jury Instr. § 3.11-1.

[21] *Urban v. Hartford Gas Co.*, 139 Conn. 301, 308-09 (1952) (citations omitted).

[22] Silano v. Cooney, 189 Conn. App. 235, 242 (2019) (citation omitted; internal quotation marks omitted).

[23] CT Civil Jury Instr. § 3.11-7.

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

find that Ms. Light had a bad character, so that no substantial harm has been done to her reputation, or there is no proof that serious harm has been done to Ms. Light's reputation. Nominal damages are also awarded when they are the only damages claimed and the action is brought for the purpose of vindicating the plaintiff's character by a jury verdict that establishes that the defamatory material was false.[24]

Punitive damages, which in Connecticut are limited to attorney's fees and expenses, may also be awarded. Punitive damages may be awarded if you find that Ms. Gethings' actions in this case were willful, wanton or malicious, as I shall later define these terms. These damages, however, are not awarded as a matter of right, but rather as a matter of discretion, to be determined by you after you consider all of the evidence. Both nominal and punitive damages cannot be awarded where the defamatory material is slander *per quod*.[25]

The special damages can include both the damages that Ms. Light already suffered and the damages that she is likely to suffer in the future.[26]

If Ms. Light has proven to you that as a result of the defamatory statement made by Ms. Gethings, she suffered, or in reasonable probability will suffer, a financial loss, she is entitled to compensation for that loss. If she has failed to prove any such damage, your verdict must be for Ms. Gethings.[27]

### 1. *Defenses*

Even if Ms. Light has established the elements of her slander claim, Ms. Gethings may assert defenses and avoid liability if she can prove, by a preponderance of the evidence, one of three defenses.

The first defense is that the statement, even if defamatory, was true, and this is an

---

[24] CT Civil Jury Instr. § 3.11-8.
[25] *Id*.
[26] CT Civil Jury Instr. § 3.11-7.
[27] *Id*.

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

absolute defense. Where the main charge, or gist, of the statement is true, minor errors that do not change a listener's perception of the statement do not make the statement actionable.[28] Particular words or statements must be viewed, not in isolation, but in terms of the context of the entire communication.[29]

As I have instructed you, the burden is on Ms. Light to prove that Ms. Gethings made the defamatory statement about her. Even if Ms. Light does prove that the statement was made, however, she cannot recover if the statement was, in fact, true. In the defendant's answer, she raised the defense that the statement was true. Ms. Gethings, thus, has the burden of proving that the statement was true. Ms. Light does not have to prove that the statement was false. To sustain this burden, Ms. Gethings must prove that the statements were substantially true. In addition, the statements must have been true at the time they were made, not true at an earlier time or prove to be true because of circumstances that occur after they were made. If Ms. Gethings does prove, by a preponderance of the evidence, that the statements she made were substantially true at the time that she made them, then she must prevail on his defense and your verdict should be for the defendant.[30]

The second defense is that the statement was pure opinion, which is also an absolute defense.

If Ms. Light has proven, by a preponderance of the evidence, all of the elements of her defamation claim, then you must find in favor of the Plaintiff, unless, the Defendant has proven, by a preponderance of the evidence, one of their defenses.

---

[28] *Id* at 106 (citing, *inter alia*, *Goodrich v. Waterbury Republican–American, Inc.*, 188 Conn. 107, 113, 448 A.2d 1317 (1982).
[29] *Id.* (citing *Yavis v. Sullivan*, 137 Conn. 253, 260, 76 A.2d 99 (1950)).
[30] CT Civil Jury Instr. § 3.11-10.

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

## II.    DAMAGES

It is exclusively your function to decide upon liability. I am instructing you on the law of damages so that, if you decide that Ms. Light is entitled to recover against the defendants, you will have guidance as to how you should proceed to determine damages.

### A.  General Instructions

If Ms. Light fails to prove the elements of her claims of liability against the defendants, then they have prevailed on the issue of liability and you should not consider the issue of damages with respect to them. Only if Ms. Light has proven, by a preponderance of the evidence, that one or both defendants are liable to her should you address the issue of damages.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that the Plaintiff has established any of their claims. These  instructions are for your guidance only if you reach the issue of damages.

In respect to the damages claimed, as in respect to every other matter before you, you can award only such damages as are justified by the proof and the law. The burden is on the Plaintiff to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses they suffered as a result of the acts of the defendants. It is not the defendants' burden to disprove the claimed losses.

Our law permits counsel for any party to argue to the jury his view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence but only argument and the determination of the amount to be awarded, if any, is solely your function and in your deliberations you may accept or disregard his or her argument on the

amount of damages.

### B. Compensatory Damages

The purpose of money damages is to compensate the Plaintiff for the damages inflicted on her by any violations of the law that she has proven. Compensatory damages are limited to restoring a plaintiff, as far as money can, what she lost because of the harm she suffered. They are not awarded to punish a defendant for unlawful actions.

The law places the burden on the Plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision and you are permitted to determine the amount of damages by estimation or approximation, as long as Ms Light provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense.

If Ms. Light has proven all the essential elements of any of her claims, then you must award her a sum of money that you believe will fairly and justly compensate her for any injury you believe she actually sustained as a proximate result of a defendant's misconduct. You shall award damages only for those injuries that you find Ms. Light has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by Ms. Light—you must award damages only for those injuries that are a proximate result of conduct by a defendant that violated the law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial. There are two types of compensatory damages: economic damages and non-economic damages.

Economic damages are compensation for pecuniary losses, which may include money actually spent on debts incurred as a result of the injury, medical bills and expenses, and/or lost

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

wages and earnings. Non-economic damages, on the other hand, are compensation for all nonpecuniary losses including mental and emotional suffering pain and suffering, humiliation, injury to reputation, embarrassment, fear, anxiety, and/or anguish.

As I mentioned, non-economic damages compensate for non-monetary injuries, such as emotional pain and suffering, humiliation, injury to reputation, anxiety, loss of enjoyment of life, and/or anguish, that Ms. Light has proved, by a preponderance of the evidence, that she experienced and/or is reasonably likely to experience in the future as a result of the defendants' unlawful conduct.

Actual loss is not limited to expenses or debts incurred. Instead, injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical, mental, or emotional, or one of the other types of loss I have previously discussed with you.[31]

No evidence of the monetary value of such intangible things as emotional pain and suffering need be introduced into evidence. Nor must Ms. Light prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. There is no exact standard for setting the amount to be awarded for these kinds of damages. Instead, any award you make should be fair and reasonable in light of all of the evidence presented at trial, and should be guided by common sense, not bias, passion, sympathy, speculation, or guesswork. You must use your best judgment, remembering always that it is incumbent upon the plaintiff to prove by a preponderance of the evidence that she suffered

---

[31] *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. N.Y. 1999).

**MONARCH LAW LLC**
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

damages and the amount of damages to which she is entitled. Counsel may have stated a certain sum of money that they think you should award, but that argument is not evidence, and the award of damages is within your discretion.

### C. Nominal Damages

If you find that any of the defendants violated the Plaintiff's constitutional rights, but find that Ms. Light failed to prove by a preponderance of the evidence that she suffered any actual injury or loss as a result, then you must return an award of "nominal damages" in the sum of one dollar, demonstrating that liability has been proved.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation. Therefore, if you find that Ms. Light suffered no damages as a result of the defendants' conduct, other than the fact of a constitutional deprivation, then you must award nominal damages.

You may not award both nominal and compensatory damages to Ms. Light; either Ms. Light was measurably injured, in which case you must award compensatory damages, or she was not or you cannot reasonably calculate such damage, in which case you should award nominal damages.

### D. Punitive Damages

In addition to either compensatory or nominal damages, you may, but need not, assess punitive damages against any of the defendants if you find in favor of Ms. Light on any of her claims. An award of punitive damages is discretionary, which means that if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to. In making the decision whether to award punitive damages against a defendant, you should consider the underlying purposes of punitive damages. These purposes are to punish a defendant for his or her extreme or outrageous conduct and to set an

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

example in order to deter him or her and others from committing similar acts in the future. Punitive damages are intended to protect the community and to express the jury's indignation at the misconduct.

You may award punitive damages against the defendants with respect to Ms. Light's retaliation claims if you find the defendants engaged in any of the following conduct:

a. Willful, malicious, or oppressive violation of Ms. Light's constitutional rights; or

b. An intentional act in gross disregard of Ms. Light's constitutional rights; or

c. Reckless disregard or callous indifference as to whether Ms. Gethings violated Ms. Light's constitutional rights.

An act is willfully done if done voluntarily and intentionally and with specific intent to commit such an act. An act is malicious if it is prompted by or accompanied by ill will, spite, or other improper motive. An act is oppressive if it is done in such a way as to injure or otherwise violate the rights of another with unnecessary harshness or severity. An act is reckless when it is done in such a manner and under such circumstances as to show an utter disregard for the rights of others.

In deciding whether to award punitive damages, consider whether punitive damages are necessary to punish the wrongful conduct or deter a defendant or others from engaging in it in the future. In fixing the amount of punitive damages, you may consider all of the factors proven by the evidence, including the behavior of a defendant at trial and whether a defendant shows genuine repentance for any misconduct.

If you award punitive damages against the defendants with respect to Ms. Light's retaliation claims, then you should indicate on the Verdict Form the amount of punitive damages to be awarded, bearing in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. The amount must not reflect bias, prejudice, or sympathy toward any party, but is to be an amount you believe necessary to fulfill the purposes

14

of punitive damages, as I have described them.

**E.    Eggshell Plaintiff Doctrine**

Whether any of these elements of damages have been proved by evidence is for you to determine. However, damages are to be measured without regard to the fact Ms. Light may have had a pre-existing condition and that she was susceptible to injury or likely to be harmed. The defendants are said to "take the Plaintiff" as they found her, meaning, that the New Haven Board of Education and Ms. Gethings, if liable, are responsible for all elements of damages caused by their conduct even if some of Ms. Light's injury arose from a pre-existing condition.[32]

THE PLAINTIFF,

BY:   /s/ct27512
Anthony J. Interlandi, Esq.
tony@monarchlawct.com

---

[32] *See Richardson v. New Haven*, 114 Conn. 389, 391-92 (1932); *see also*, *Fraser v. Wyeth*, 992 F. Supp. 2d 68, *91 (Jan. 14, 2014; Civil No. 3:04-cv-1373 (JBA) (concluding "the 'preexisting condition' instruction given to the jury was properly tailored to the facts of the case and the parties' competing theories regarding causation . . . .").

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**