**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:22-cv-00425 (JAM) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
|    Defendants. | : | JULY 12, 2024 |

<u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

Defendants the New Haven Board of Education and Margaret-Mary Gethings

("Defendants") propose that the following instructions be given to the jury in this

matter.

<u>SECTION II: ISSUES IN THIS CASE</u>

I am now going to discuss the issues in this case. When discussing the issues, it is

important to distinguish between what the law calls "liability" and what the law calls

"damages." When I use the word "liability," I am referring to whether a defendant has

breached a legal duty that was owed to a plaintiff, and thus whether a defendant should be

liable at all to a plaintiff. If a defendant has not breached a legal duty owed to a plaintiff, then

of course the defendant has no liability to the plaintiff and does not owe the plaintiff any money

damages.

The important thing here is that you may not consider the question of damages against

any defendant unless you first determine that the defendant is liable (*i.e.*, that the defendant

has breached a legal duty that was owed to the plaintiff). I will instruct you on damages later.

For now, please focus your attention only on the plaintiff's claims of liability against the

defendant.

1

**LIABILITY FOR RETALIATION**

Ms. Light alleges in this case that the New Haven Board of Education ("the Board") and Principal Margaret-Mary Gethings retaliated against her for exercising her rights to free speech as protected under the federal and state constitutions.  Ms. Light brings her federal claim against Principal Gethings under 41. U.S.C. § 1983 ("Section 1983"), and she brings her state claim against the Board pursuant to Conn. Gen. Stat. § 31-51q. The Board and Principal Gethings deny all claims, and assert several defenses that I will instruct you on further.

**A.  <u>Retaliation by Principal Gethings under federal law.</u>**

Ms. Lights claims a right to recovery against Principal Gethings under Section 1983 of Title 42 of the United States Code which reads:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any state, subjects any citizen of the United States
> to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and law, shall be liable to the party injured in an action at
> law.

Specifically, plaintiff claims a deprivation of her rights under the First Amendment to the U.S. Constitution, which provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

To prevail on her claim, Ms. Light has the burden of proving by a preponderance of the evidence the following four elements:

(1) Principal Gethings acted under color of state law;

(2) Ms. Light engaged in protected speech;

(3) Ms. Light suffered one or more adverse employment actions; and

(4) There was a causal connection between Ms. Light' protected speech and one or more of the adverse employment actions.

I will now explain more about each of these four elements.

**First and Second Elements – State Action and Protected Speech**

Both parties agree that the first two elements of this claim have been satisfied and proved by plaintiff. It is undisputed that Principal Gethings acted under color of state law with regard to the events at issue in this case, as she was at all times acting in her role as Principal at Worthington Hooker. It also is undisputed that Ms. Light's statements at the Board of Education meetings and on Facebook are constitutionally protected speech. Only the last two elements are disputed, which I will now discuss.

**Third Element - Adverse Employment Action[1]**

Ms. Light' retaliation claim requires her to prove by a preponderance of the evidence that she experienced at least one or more "adverse employment actions." An "adverse employment action" means an adverse action that is taken by an employer against an employee and that is significant enough that it would deter a reasonable and similarly situated person of ordinary firmness from exercising her or his constitutional rights to free speech.[2] Some examples of adverse employment actions may include a formal reprimand, a demotion, a reduction in pay, or an actual or constructive discharge from employment, if you conclude that such action—

---

[1] Taken from Judge Meyer's instructions in *Jennings v. Town of Stratford*, 13-cv-1664 (Ecf. 61, Sept. 14, 2016).
[2] *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006)

if imposed in order to retaliate against free speech—would deter a reasonable and similarly situated individual of ordinary firmness from exercising her or her constitutional rights to free speech.[3]  On the other hand, it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.[4]

If none of acts alleged by Ms. Light are sufficient standing alone to constitute an adverse employment action, you must next determine if Ms. Light has proven by a preponderance of the evidence that those acts taken together constitute a critical mass of minor incidents that constitute retaliation.  Under this analysis, Ms. Light must demonstrate (1) under an objective standard that (2) the total circumstances of her working environment changed to become unreasonably inferior and adverse when compared to a typical or normal, not ideal or model, workplace.[5]

If you find that Ms. Light has not proven by a preponderance of the evidence that she suffered an adverse employment action, you must find in favor of Principal Gethings. If Ms. Light has proven by a preponderance of the evidence that she suffered an adverse employment action, then you must next determine if she has also demonstrated a causal connection to her protected speech.

**Fourth Element - Causal Connection - Retaliation**

At this stage, Ms. Light must prove by a preponderance of the evidence that there was a causal connection between her protected speech and any of the claimed adverse employment actions. Thus, Ms. Light must prove that retaliation was "substantial motivating factor" of

---

[3] Taken from Judge Meyer's instructions in *Jennings v. Town of Stratford*, 13-cv-1664 (Ecf. 61, Sept. 14, 2016).
[4] *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 31 (2d Cir. 2012)
[5] *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002); accord *Tolbert v. Rochester City Sch. Dist.*, 2020 WL 1467280, at *9 (W.D.N.Y. Mar. 26, 2020).

Principal Gethings' adverse action. Ms. Light may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action. Since a direct showing requires plaintiff to provide tangible proof of retaliatory animus, conclusory assertions of retaliatory motive are insufficient.[6] In regard to timing, although there is no bright line rule as to when a temporal relationship is too attenuated to establish causation, the protected activity must be closely followed by the adverse action.[7]

Please keep in mind that your focus must be on whether Principal Gethings acted for reasons having to do with retaliating against free speech. Other than deciding if Principal Gethings acted for constitutionally impermissible reasons, your job is not to second-guess the wisdom or fairness of how Principal Gethings treated Ms. Light while teaching at Worthington Hooker school.[8]

If you find that Ms. Light has not proven by a preponderance of the evidence that there is a causal connection between her protected speech and the adverse actions, then you must find in favor of Principal Gethings.  If you find Ms. Light has proven there is a causal connection between her protected speech and the adverse actions, then you must next assess Principal Gethings's affirmative defenses, which I will instruct you on now.

### Affirmative Defense – Whether Principal Gethings Would Have Treated Ms. Light the Same If She Had Not Engaged in Protected Speech[9]

Principal Gethings has advanced an affirmative defense to Ms. Light's claim, arguing

---

[6] *Smith v. Cnty. of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015)
[7] *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 168 (2d Cir. 2006)
[8] Taken from Judge Meyer's instructions in *Jennings v. Town of Stratford*, 13-cv-1664 (Ecf. 61, Sept. 14, 2016).
[9] Taken generally from Judge Meyer's instructions in *Jennings v. Town of Stratford*, 13-cv-1664 (Ecf. 61, Sept. 14, 2016).

that she would have engaged in each of the same allegedly adverse action(s) against Ms. Light regardless whether Ms. Light engaged in protected speech.[10] For this affirmative defense, it is Principal Gethings—not Ms. Light—that bears the burden to prove the defense by a preponderance of the evidence. For any particular adverse employment action for which you have concluded in accordance with my instructions above that Ms. Light has proven her claim of retaliation, you should then consider if Principal Gethings has in turn proven by a preponderance of the evidence that she would have treated Ms. Light the same with respect to such adverse employment action regardless of Ms. Light's exercise of her right to engage in protected speech. If so, then your verdict must be for Principal Gethings with respect to that claimed adverse employment action.

**B.**    **Retaliation claim against the Board under state law**.

Ms. Light also brings a free speech retaliation claim against the Board under § 31-51q, which provides:

> Any employer … who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge[.]

In order to prevail on a claim for retaliation under § 31-51q, therefore, in this case Ms. Light has the burden of proving by a preponderance of the evidence that:

(1) that she engaged in constitutionally protected speech,

(2) that the Board disciplined her

(3) that there was a causal relationship between the protected activity and the discipline, and

(4) that the exercise of her free speech rights did not substantially or materially

---

[10] *Heim v. Daniel*, 81 F.4th 212, 222 (2d Cir. 2023)

6

interfere with her bona fide job performance or with her working relationship with the Board.[11]

I will explain each of these elements further to you.

### First Element –Protected Speech

Both parties agree that the first element of this claim has been satisfied and that Ms. Light's statements at the Board of Education meetings and on Facebook are constitutionally protected speech. Only the last three elements are disputed, which I will now discuss.

### Second Element – Discipline

In the context of a § 31-51q claim, the word discipline means chastisement imposed as a penance or as a penalty.[12]  In other words, discipline is an adverse employment action short of discharge which creates a material employment disadvantage. Such adverse employment actions may include demotion, suspension, reduction in pay, reprimand, significantly diminished responsibilities but may also include lesser affirmative acts of punishment or deprivation taken by the employer which leave an employee less well off and which in combination and in their totality, create a working environment that is unreasonably inferior, hostile or adverse to the employee when compared to atypical or normal, not ideal or model, workplace. Incidents that are relatively minor and infrequent such as a change of working conditions that is a mere inconvenience or simply alters an employee's job responsibilities, personality conflicts at work that generate antipathy and snubbing by supervisors and co-workers will not meet this standard.[13] If you find that Ms. Light has proven this element by a preponderance of the evidence, you must proceed to the next element.  If you find Ms. Light has not proven this element by a

---

[11] *Kottapalli v. ASML US, LP*, No. 3:21-CV-1076 (SVN), 2022 WL 2440174, at *3 (D. Conn. July 5, 2022); *Turner v. Connecticut Lottery Corp.*, No. 3:20-CV-1045 (VAB), 2021 WL 4133757, at *8 (D. Conn. Sept. 10, 2021).

[12] *Avedisian v. Quinnipiac Univ.*, 387 F. App'x 59, 61 (2d Cir. 2010)

[13] *Charron v. Town of Griswold*, No. KNLCV065000849S, 2009 WL 5511272, at *11 (Conn. Super. Ct. Dec. 14, 2009)

preponderance of the evidence, you must enter judgment for the Board.

**Third element – causation.**

To satisfy this element, Ms. Light must prove by a preponderance of the evidence that her protected speech was a substantial and motivating factor in her discipline.[14] Causation can be established directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the discipline. Conclusory assertions of retaliatory motive are insufficient to prove causation.[15]  Although there is no bright line a bright line rule as to when a temporal relationship is too attenuated to establish causation, the protected activity must be closely followed by the discipline.

If you find that a substantially motivating factor in the plaintiff's adverse employment action was her protected speech, you will continue to your deliberations on this claim. If you do not find that her protected speech was a substantially motivating factor in her discipline, you must find in favor of the Board. [16] To be clear, this is so even if you disagree with the action that was taken against Ms. Light or otherwise feel that it was inappropriate. Thus, if you find that the Board took adverse employment actions against Ms. Light because it believed, in good faith, that Ms. Light's conduct warranted such action, you must find for the Board, regardless of whether you would have taken the same discipline if you were in the Board's shoes. If, however, you should find that Ms. Light met her burden on this element, your inquiry cannot end there. You will have one more step to consider.

---

[14] *Karagozian v. Luxottica Retail N. Am.*, 147 F. Supp. 3d 23, 37 (D. Conn. 2015

[15] *Scaife v. City of Meriden*, 493 F. Supp. 3d 1, 13 (D. Conn. 2020)(Shea, J.); *see also Keles v. Davalos*, 642 F. Supp. 3d 339, 372 (E.D.N.Y. 2022)(citing cases); *Hempstead v. Dep't of Mental Health & Addictive Servs.*, No. NNH-CV-20-6107164, 2023 WL 4738196, at *4 (Conn. Super. Ct. July 18, 2023)

[16] *Roach v. Transwaste, Inc.*, 210 Conn. App. 686, 702, (2022), aff'd, 347 Conn. 405, 297 A.3d 1004 (2023)

**Fourth element – Substantial interference.**

In order to find for Ms. Light, she must also prove by a preponderance of the evidence that her exercise of free speech rights did not substantially or materially interfere with her bona fide job performance or the working relationship between her and the Board.[17] When assessing this element, you may consider the extent of the disruption caused by Ms. Light's speech on workplace discipline, harmony among co-workers, working relationships, the employee's job performance, the responsibilities of the employee within the agency and whether the speech is made publicly or privately.[18]

If you find that the exercise of protected rights did not substantially or materially interfere with Ms. Light's job performance or with her working relationship with the Board, and that the exercise of those protected rights was a substantial or motivating factor in the discipline, then you will find in favor of Ms. Light. If you find that the exercise of such protected rights did substantially or materially interfere with Ms. Light's job performance or with her working relationship with the Board, you will find in favor of the Board even if the exercise of such rights was a substantial or motivating factor in her discipline.

---

[17] *Turner v. Connecticut Lottery Corp.,* 2021 WL 4133757, at *8 (D. Conn. Sept. 10, 2021); see also *Roach v. Transwaste, Inc.*, 210 Conn. App. 686, 701–02 (2022), aff'd, 347 Conn. 405, 297 A.3d 1004 (2023) (noting trial court instructed the jury that the plaintiff had the burden of proving this element).

[18] *Karagozian v. Luxottica Retail N. Am.*, 147 F. Supp. 3d 23, 37 (D. Conn. 2015)

**LIABILITY FOR DEFAMATION**

Ms. Light alleges in this case that Ms. Gethings defamed her based on an oral statement. A defamatory statement is a false communication that tends to harm the reputation of another; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held; to deter third persons from associating or dealing with her; or to excite adverse, derogatory, or unpleasant feelings or opinions against her. Statements claimed to be defamatory should be given their ordinary meaning, which is the same meaning that people of common and reasonable understanding would give to them in the context and under all the circumstances that were present at the time they were made. In determining whether a statement is defamatory, you are not bound by the interpretation of the statement offered by the plaintiff, the defendant or by any person hearing the statement. If the meaning of the statement is unclear, it is your job as the jury to determine what the meaning of the statement was.[19]

A. Plaintiff's Burden of Proof.

To establish a case of defamation, the plaintiff must prove the following:

(1) the defendant published a defamatory statement to a third person;

(2) the defamatory statement identified the plaintiff to a third person; and

(3) the plaintiff's reputation suffered injury as a result of the statement.

Publication means to make a statement to another orally, in writing, or by some other means of communication. The publication of the defamatory information can be done intentionally or negligently, so long as it is done in a manner such that in the ordinary course of events it will come to be communicated to a third person.[20]

---

[19] *See* CT Judicial Branch Civil Jury Instructions, https://www.jud.ct.gov//JI/Civil/Civil.pdf Section 3.11-1
[20] *See* CT Judicial Branch Civil Jury Instructions, https://www.jud.ct.gov//JI/Civil/Civil.pdf Section 3.11-1

If you find that Ms. Light failed to prove any of those elements by a preponderance of the evidence, you must find for Principal Gethings. If you find that Ms. Light has proven all of those elements, however, you must next address Principal Gethings' affirmative defenses to the defamation claim.

B. Defendant's affirmative defenses.

i.    *Intracorporate communications privilege.* [21]

As I have instructed you, the burden is on Ms. Light to prove that Principal Gethings made the defamatory statement about her.  Even if Ms. Light does prove that the statement was made, Principal Gethings claims that she is not liable because she had a right to make the statement.  Under certain conditions, a person will not be liable for making a defamatory statement if that person had a right, or privilege, to make the statement.

In this case, Principal Gethings states that her statement is privileged under the intracorporate communications privilege. That privilege applies to statements made by a manager in the review of the review of an employee's job performance, as such communications and documents are necessary to effectuate the interests of the employer in efficiently managing its business. Principal Gethings has the burden to prove that the statement were made under circumstances that were substantially as she claimed them to be.  If you find that she has proven this to you, then as a matter of law, her statements were privileged.  If you find that Principal Gethings has not proven this to you, then the statements were not privileged.

If you do find that Principal Gethings 's statements were privileged, you must determine whether the plaintiff has proven by a preponderance of the evidence that Principal Gethings has misused her privilege.  If you find that Principal Gethings has acted maliciously and has not acted

---

[21] Adapted from CT Judicial Branch Civil Jury Instructions, https://www.jud.ct.gov//JI/Civil/Civil.pdf Section 3.11-9

honestly or in good faith, she loses the privilege.  Malice can include ill will or a desire to hurt

another person, but it does not always have to include similar negative feelings.  Malice can

include any improper or unjustifiable motive.  It can also include making a statement with

knowledge that it is false or with reckless disregard of whether it is false or not.  A negligent

misstatement of fact is not enough.

If you find that Principal Gethings did not make the statement in good faith and for the

reason that she claims, but that she made it maliciously for an improper reason, then the

statement was not privileged.  You should consider all of the circumstances surrounding the

making of the statement in making your determination of whether the statement was privileged

and, if privileged, whether it was made in good faith or with malice. The defendant has the

burden to prove, by a preponderance of the evidence, that the statement was privileged.  If

privileged, then the plaintiff has the burden to prove, also by a preponderance of the evidence,

that the privilege was misused because the statement was made maliciously.

ii.      *Truth[22]*

As I have instructed you, the burden is on the plaintiff to prove that the defendant made

the defamatory statement about her.  Even if the plaintiff does prove that the statement was made,

however, she cannot recover if the statement was, in fact, true. In the defendant's answer,

Principal Gethings raised the defense that the statement was true.  Principal Gethings has the

burden of proving that the statement was true. To sustain this burden, the defendant must prove

that the statements were true or substantially true.[23] In regard to substantial truth, where the main

charge, or gist, of the defamation is true, minor errors that do not change a reader's perception

---

[22] Adapted from CT Judicial Branch Civil Jury Instructions https://www.jud.ct.gov/JI/Civil/Civil.pdf Section 13.11-10
[23] *Gleason v. Smolinski*, 319 Conn. 394, 440 (2015); *Skakel v. Grace*, 5 F. Supp. 3d 199, 207 (D. Conn. 2014)

of the statement do not make the statement actionable.[24]

The statements must have been true or substantially true at the time they were made, not true at an earlier time or prove to be true because of circumstances that occur after they were made. If the defendant does prove, by a preponderance of the evidence, that the statements she made were true or substantially true at the time that she made them, then she must prevail on her defense and your verdict should be for Principal Gethings.

That concludes the instructions with respect to liability.

## DAMAGES

I will now instruct you on the issue of damages. If—and only if—you conclude that Ms. Light has proven by her preponderance of evidence her retaliation claims or her defamation claim and that Defendants have not proven their affirmative defense as to those claims, then you must decide how much, if any, in money damages to award Ms. Light for injuries caused by the unlawful conduct you found proved. You should not interpret the fact that I am providing you with instructions about how to calculate damages as an indication that I believe Ms. Light has or has not proven any of her claims, or that she should win this case. I am instructing you on damages only so that you will be aware of the law in the event that you decide whether Defendants are liable and Ms. Light is entitled to recover damages from Defendants.  I will instruct you separately on the damages available for Ms. Light's retaliation claims and the defamation claim.

**A.     Damages for the retaliation claims.**

You should award damages only for those injuries that you find Ms. Light has proven by a preponderance of the evidence to have been proximately caused by conduct of the Board or Principal Gethings that violated Ms. Light's constitutional rights. An act or omission is a

---

[24] *Skakel v. Grace*, 5 F. Supp. 3d 199, 207 (D. Conn. 2014)

proximate cause of an injury if it was a substantial factor in bringing about a plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's acts or omissions.

Ms. Light must show that her injuries or damage sustained would not have occurred without the unconstitutional conduct by Defendants. If an injury was a direct or reasonably probable consequence of an act or omission of Defendants, then it was proximately caused by Defendants' act or omission. In other words, if Defendants' acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission was a proximate cause.

You should apply sound judgment and common sense in reaching the proper amount of damages. It is for you, in the exercise of your best judgment, to say what is just and fair compensation. When assessing damages, there is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. The burden is on Ms. Light to prove by a preponderance of the evidence each element and item of damage she claims. It is not the Board's or Principal Gethings's burden to disprove them. You should award damages only for those injuries to the date of the trial that you find were the direct result of any of Defendants' actions. Now there are three categories of damages for you to consider if you decide to award damages in this case on Ms. Light's retaliation claims. I will describe each of these in turn.

**Compensatory Damages**

Compensatory damages means the amount of money that will fairly and reasonably compensate Ms. Light for injuries she proves were proximately caused by Defendants' unlawful conduct. Compensatory damages represent a sum of money that will make the plaintiff whole, that is, compensate her for the damage suffered. Ms. Light is not required to prove losses with

14

mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your determination of compensatory damages is to be what you find to be reasonable in light of the evidence in this case. Included within your damages calculation should be compensation for any economic injuries suffered by Ms. Light for which Defendants should be liable. If you determine that Ms. Light has proven by a preponderance of the evidence that Defendants' unconstitutional conduct caused Ms. Light to lose wages and benefits, you may award her damages for these lost wages and benefits.

Also included within your damages calculation if you decide to award damages should be consideration of whether it is appropriate to award compensation for any non-economic injuries of emotional distress and suffering, humiliation, personal indignity, fear, anxiety, and anguish. If you determine that Ms. Light has proven by a preponderance of the evidence that she experienced these non-economic injuries, you may award her damages for those injuries. No evidence of the monetary value of such intangible things has been introduced. The monetary value of these intangible non-economic losses claimed is not able to be measured by any fixed standard, and it is up to you to fix the award of reasonable compensation to be awarded for any such injuries based on all the evidence presented to you in this trial.

Compensatory damages must not be based on speculation or sympathy; they must be based on the evidence presented at trial, and only on that evidence. All injuries are to be fully and fairly compensated if proved to have been proximately caused by unlawful conduct, and you

should award money damages to the extent that such loss can be reasonably quantified to reflect the nature or extent of actual loss or injury sustained. You should apply sound judgment and common sense in reaching the proper amount of damages. The damages that you award must be fair and reasonable, neither inadequate nor excessive.

**Nominal Damages**

As an alternative to an award of compensatory damages, you may consider an award of nominal damages. If you find Principal Gethings violated Ms. Light's constitutional rights but find that Ms. Light has failed to prove any economic or non-economic injury, then you must award Ms. Light nominal damages. You may not award both nominal and compensatory damages to Ms. Light.

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no economic or non-economic damage as a natural consequence of that deprivation. This is because the fact that a constitutional deprivation occurred is itself an injury to the person entitled to enjoy that constitutional right, even if no actual damages flow from deprivation of that right. Therefore, if you find that Ms. Light proved no economic or emotional injury as a result of Defendants' conduct other than a constitutional deprivation, you must award nominal damages in an amount not to exceed $10.

**Punitive Damages[25]**

If you find that the violated Ms. Light's constitutional rights in her § 31-51q claim, and award Ms. Light either compensatory or nominal damages , you may also, in your discretion, award punitive damages if you find that Ms. Light has proved that they are warranted under the standards

---

[25] Adapted from CT Judicial Branch Civil Jury Instructions https://www.jud.ct.gov/JI/Civil/Civil.pdf Section 3.4-4, Judge Meyer's instructions in *Jennings v. Town of Stratford*, 13-cv-1664 (Ecf. 61, Sept. 14, 2016), and *Arnone v. Town of Enfield*, 79 Conn. App. 501, 521 (2003).

I will describe. Punitive damages are awarded not to compensate a plaintiff for an injury but to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like it from committing such conduct in the future.

You may award Ms. Light punitive damages if you find that the acts or omissions of Defendants reveal a reckless indifference to the rights of others, maliciousness, or an intentional and wanton violation of those rights. An act or omission is malicious if it is prompted by ill will or spite towards Ms. Light. An act or omission is wanton if done in a reckless or callous disregard of, or indifference to, the rights of Ms. Light. Recklessness is a state of consciousness with reference to the consequences of one's acts, but to find it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Ms. Light has the burden of proving, by a preponderance of the evidence, that Defendants acted maliciously, wantonly, or recklessly with regard to her rights.

If you find by a preponderance of the evidence that Defendants acted with malicious intent to violate Ms. Light's constitutional rights or unlawfully injure her or that Defendants acted with a callous or reckless disregard of Ms. Light's rights, then you may award punitive damages.

An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide in your discretion whether to award punitive damages or not to award them. In exercising your discretion, you should consider the underlying purpose of punitive damages: to punish a defendant for outrageous conduct or to deter the defendant and others from performing similar conduct in the future. Thus, in deciding whether to award punitive damages and the amount of that punitive damages award, you should consider whether Defendants may be adequately punished by a compensatory damages award, or whether the conduct is so extreme and outrageous that compensatory damages are

17

inadequate to punish Defendants' wrongful conduct. You should also consider whether the damages award is likely to deter or prevent Principal Gethings from again performing any such wrongful acts, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that Defendants may have committed.

The extent to which a particular sum of money will adequately punish Defendants, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of Defendants against whom damages are awarded. Therefore, if you find that punitive damages should be awarded against Defendants, you may consider the financial resources of Principal Gethings in fixing the amount of such damages.

**B.      Damages for the defamation claim.[26]**

If you find in favor of Ms. Light on her defamation claim against Principal Gethings, you should award damages only for those injuries that you find Ms. Light has proven by a preponderance of the evidence to have been proximately caused by the defamatory statement. As I stated previously, an act or omission is a proximate cause of an injury if it was a substantial factor in bringing about a plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's acts or omissions.

**General Damages**

You may award Ms. Light general damages that she proves by a preponderance of the evidence. In determining the amount of general damages to award for the injury to the plaintiff's reputation, you should consider what reputation the plaintiff had in the community when the statement was made.  You should consider all of the circumstances surrounding the making of the

---

[26] Adapted from CT Judicial Branch Civil Jury Instructions https://www.jud.ct.gov/JI/Civil/Civil.pdf Section 3.11-7 and 3.11.8

statement.  You may also compensate the plaintiff for damages that she will likely incur in the future.  These damages can include additional damage to her reputation that occurs as a result of the bringing of this lawsuit.

**Special Damages**

In an action for slander *per quod*, the law does not presume that the plaintiff sustained injury to her reputation.  As I have previously instructed you, to recover in an action of slander per quod, Ms. Light must prove to you that she incurred what is called actual damages, also called special damages, that is an actual injury or loss.  The loss must be caused by the publication of the defamatory statement. The special damages must be of a material nature and, generally, must be of a pecuniary nature, that is dealing with money.

To recover special damages, however, the plaintiff must prove that she suffered economic loss that was legally caused by the publication of the defendant's defamatory statement.  General and special damages together comprise what are called compensatory damages, or damages that compensate the plaintiff for her loss. The special damages can include both the damages that the plaintiff has already suffered and the damages that the plaintiff is likely to suffer in the future. If the plaintiff has proven to you that as a result of the defamatory statements made by the defendant, she has suffered, or in reasonable probability will suffer, a financial loss, she is entitled to compensation for that loss.  If she has failed to prove any such damage, your verdict must be for Principal Gethings.

**Punitive damages**

Punitive damages, which in Connecticut are limited to attorney's fees and expenses, may also be awarded.  In order to recover punitive damages, Ms. Light must prove that Principal Gethings' defamatory statement was made with actual malice. Moreover, Ms. Light must prove prove actual malice by clear and convincing evidence, which denotes a degree of belief that lies

19

between the belief that is required to find the truth or existence of the issuable fact in an ordinary

civil action and the belief that is required to find guilt in a criminal prosecution.[27] If Ms. Light has

not shown by clear and convincing evidence that the defamatory statement was made with actual

malice, then you may not award punitive damages.

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By____/s/ Peter J. Murphy_____
    Peter J. Murphy (ct26825)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 251-5950
    Facsimile:  (860) 251-5316
    Their Attorney

---

[27] *Gleason v. Smolinski*, 319 Conn. 394, 432 (2015); *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620, 628 (2009).