**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JESSICA LIGHT | CIVIL ACTION NO:<br>3:22-CV-00425 (JAM) |
| Plaintiff, | |
| v. | |
| NEW HAVEN BOARD OF EDUCATION &<br>MARGARET-MARY GETHINGS in her<br>individual capacity | |
| Defendants. | JULY 12, 2024 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**
**RE: THREE BERCHEM MOSES, P.C. INVESTIGATIVE REPORTS**

**I.     INTRODUCTION**

Plaintiff hereby submits this motion in limine seeking the Court's approval to admit three investigative reports prepared by Berchem Moses, P.C. attorneys Paul Testa (Exhibit 1 attached hereto), Christopher Henderson (Exhibit 2 attached hereto) and Rebecca Goldberg (Exhibit 3 attached hereto). As an initial matter, the reports are highly relevant to the claims and defenses asserted in this matter as they are the end products of three separate investigations that spanned several months in mid-to-late 2021. Plaintiff seeks to admit these reports into evidence not for the truth of the matters asserted therein, but to show the effect/impact the reports had on her, as well as Defendant New Haven Board of Education in December 2021 through February 2022. *See U.S. v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("Thus, a statement offered to show its effect on the listener is not hearsay"). In addition, the reports should be allowed under the business records exception to hearsay, FRE 803(6).

**II.     FACTUAL BACKGROUND RELATED TO THE INVESTIGATIVE REPORTS**

In April 2021, the Plaintiff submitted a multi-page complaint to the New Haven Board of Education ("Defendant NHBOE") about Misses. Gethings ("Defendant Gethings") and Clarino.

Plaintiff listed conduct she believed was retaliatory as of that date. In May 2021, Worthington Hooker second grade teacher Hilarie Alden filed a complaint regarding the Plaintiff. On June 7, 2021, Misses. Gethings and Clarino submitted a document they coined as a "retaliatory complaint."[1] This so-called, "retaliatory complaint" contained responses to the Plaintiff's complaint and a cross-complaint.

Upon receiving the complaints, the Human Resources Department of Defendant NHBOE began an internal investigation. The investigation was obstructed by Defendant Gethings when she contacted a potential witness.[2] In fact, the Human Resources Officer discovered information in Misses. Gething's and Clarino's complaint that she considered "professionally concerning."[3] Consequently - and in accordance with Defendant NHBOE's normal practice in such situations - it hired the law firm of Berchem Moses, P.C., to act as a neutral third party and conduct investigations into each pending complaint. At the conclusion of each investigation, a report was issued by the attorney who conducted the investigation.

The first report was issued by Attorney Testa (Ex 1). The second report was issued by Attorney Henderson (Ex. 2). Attorney Goldberg issued the third report (Ex. 3), which is undated.

On December 3, 2021, while out of work on an approved leave of absence pursuant to the Family and Medical Leave Act, the Plaintiff received copies of the reports. The three reports – which speak for themselves - set forth various findings and conclusions Each report represents critically important evidence in this case because they collectively triggered the parties to take further action in the ensuing months. For instance:

---

[1] Gethings Dep. p. 109 (Ex. 4).
[2] Bonner Dep. pp. 45-47. (Ex. 5).
[3] Bonner Dep. pp. 45-46; Gethings Dep., p. 212; DEF001781

- On December 9, 2021, Plaintiff sent an email titled, "Re: Official complaint reports," which included proposed next steps and the following proposed restorative actions: Retroactively converting her FMLA leave to paid leave; assurance that her position as a third grade teacher would be restored; and a restorative justice process with her colleagues. DEF000001- DEF000002. Thereafter, Plaintiff continued to inquire about ways to correct misinformation propagated by Misses Gethings and Clarino to the staff. On January 14, 2022, Plaintiff attended a virtual meeting with Misses. Bonner, Mack, and union representative Ms. Leslie Blatteau. During the meeting, Plaintiff inquired about her requests: restoration of sick days; returning back to teaching third grade the next year; and having a restorative circle conference with colleagues. Plaintiff was denied all of her requests. She was told that her sick pay would not be restored, she would not be returned to teaching third grade without reapplying for such position and a restorative circle conference could not be guaranteed. Plaintiff inquired as to steps that would be taken regarding protecting her from future retaliation. Ms. Bonner responded that she did not know if Plaintiff would be protected from retaliation. When Plaintiff inquired about steps to be taken to protect her children from retaliation, Ms. Bonner responded that they would have to get back to her and provided no assurances. Plaintiff stated that Ms. Gethings said that she could not supervise Plaintiff anymore and that Plaintiff needed to be transferred. Ms. Blatteau requested that mediation occur before Plaintiff return to work, that Plaintiff be "phased-in" to working back with her students, that Plaintiff have Union representation at all meetings and that Plaintiff not receive a rating for the 2021-2022 school year. Ms. Bonner assured Plaintiff that they would work on

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

3

getting the mediation in place to address the Plaintiff's issues. Plaintiff reiterated that her doctors stressed that safeguards need to be in place.

- On January 14, 2022, Plaintiff received an e-mail from Sheniquia McCrea with an attached letter to return to work. DEF00003- DEF000004

- On January 18, 2022, Ms. Bonner, HR Representative, sent Plaintiff correspondence demanding that she return to work or be subject to disciplinary action. DEF000082-DEF000083.On January 18, 2022, Plaintiff sent a letter to Misses Bonner and Mack stating that she was in receipt of the return to work letter and that safeguards needed to be in place to ensure her physical and mental health in light of the retaliation that she suffered and could still be subjected to. DEF000081- DEF000082.

- On January 19, 2022, Ms. Blatteau, union representative, sent an e-mail to Misses Bonner and Mack requesting that Plaintiff be put on paid administrative leave as the parties were waiting for the scheduling of the agreed upon mediation. DEF000080.

- On January 19, 2022, Defendant NHBOE's Human Resources denied the union's request for administrative leave until a mediation occurred and safeguards were installed to prevent further retaliation or hostility. On January 24, 2022, Plaintiff forwarded a letter from her doctor to Misses Bonner and Mack requesting no contact with Ms. Gethings or safeguards to prevent any retaliation. On January 24, 2022, Plaintiff sent an e-mail to Misses Blatteau, Bonner and Mack seeking an update as to the scheduling of the mediation. DEF000079.

- On January 26, 2022, Plaintiff sent an e-mail to Misses Blatteau, Bonner and Mack inquiring as to whether the request from the union for administrative leave was being honored and seeking a discussion as to the resolution of the Alden complaint. DEF000078-DEF000079.

- On January 26, 2022, Ms. Bonner responded to Plaintiff in e-mail stating: "You were directed to return to work on January 18, 2022. Therefore, you will not be placed on administrative leave. It is the district's expectation that you return to work as directed; failure to do so may be considered insubordination. The Alden complaint was submitted, investigated and you received a copy of the findings on December 3, 2021. Through the investigation, the complaint raised against was unfounded. No additional action is required at this time. Mediation can be offered to the parties, however, both parties would have to consent to the mediation process." DEF000078.

- On January 24, 2022, Ms. Mack responded to Plaintiff's e-mail regarding safeguards to prevent retaliation by instructing Plaintiff to make an official request for workplace accommodation. DEF000771.

- On January 24, 2022, Plaintiff replied that she was simply requesting a "non-hostile workplace free from retaliation." DEF000771. On January 31, 2022, Dr. Iline Tracey, Superintendent of Schools, met with Misses Gethings and Clarino, Mr. John Gesmonde and Union President Ms. Sequella Coleman to discuss the findings of the investigative report. DEF001622, DEF001624.

- On February 7, 2022, Plaintiff sent an e-mail to Misses. Gethings, Clarino, Mack, Bonner and Blatteau stating that she and the union had hoped that the mediation could be arranged prior to her return, but that it was not happening. DEF000007.

- On February 7, 2022, Plaintiff sent an e-mail stating that she would return to work despite her questions from the January 14, 2022 meeting remaining unanswered and mediation unsolidified. Plaintiff stated that she hoped the mediation would be

**MONARCH LAW LLC**  
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**  
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

5

planned for that day or shortly after that day "because the risk of being insubordinate is too great." DEF000077.

- On February 8, 2022, Ms. Gethings sent an e-mail to Plaintiff and Misses. Clarino, Mack, Bonner and Blatteau stating that Plaintiff should spend her time upon returning to work rotating between the first grade classes and that they have not had time to inform students and families about Plaintiff's return. DEF000008.

- On February 9, 2022, Plaintiff returned to work against the advice of her doctors and under the threat from Defendant NHBOE's Human Resources department. On February 10, 2022, Plaintiff attended a meeting with Misses. Gethings and Clarino and others to discuss her co-teaching assignment and a letter that was going to be sent to parents regarding the Plaintiff's return.

- On February 25, 2022, Defendant NHBOE issued a warning letter to Defendant Gethings, which states, in relevant part:

"On December 3, 2021, we communicated to you that the investigators concluded their review of the allegations against you, and we shared a copy of their findings…

  o You exhibited poor professional judgment in how you handled differences of opinion with an employee you supervised.
  o You exhibited poor professional judgment in how you responded to an employee criticizing the Worthington Hooker School Administration during a New Haven Board of Education meeting…

…you were expected to respond to these situations in responsibly and in a manner consistent with our values. It is concerning that you were unable to do so in this circumstance. It is my hope and expectation that you will learn from this experience and that going forward you will treat all employees of the New Haven Public Schools in a professional manner."

DEF001624; Bonner Dep. pp. 53-54.

On February 25, 2022, Defendant NHBOE issued a warning letter to Assistant

Principal Clarino, which states, in relevant part:

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

6

"On December 3, 2021, we communicated to you that the investigators concluded their review of the allegations against you, and we shared a copy of their findings…

- o You willfully violated a written directive by the Office of Human Resources prohibiting you from discussing this matter during the pendency of the investigation when you contacted a critical witness of the investigation.
- o You exhibited poor professional judgment in how you responded to an employee criticizing the Worthington Hooker School Administration during a New Haven Board of Education meeting…

It is my hope and expectation that you will learn from this experience and that going forward you will treat all employees of the New Haven Public Schools in a professional manner."

DEF001622; Bonner Dep. pp. 53-54.

## III.    LEGAL STANDARD

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006). A court may preclude the admission of relevant evidence under FRE 403(b) only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FRE 403. The rule is "an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). "As the terms of the Rule indicate, for

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

7

relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).

## IV.    ARGUMENT

Plaintiff seeks the Court's approval to admit the three investigative reports, not for the truth of the matter asserted therein, but to show the effect that the reports had on Plaintiff and Defendant NHBOE in December 2021 through February 2022, when Plaintiff was forced to return to work. The reports are highly relevant to the defenses raised in this case. The reports are also admissible pursuant to the business records exception to the hearsay rule.

### A.    ADMISSIBILITY OF THE THREE REPORTS UNDER THE BUSINESS RECORDS EXCEPTION TO THE HEARSAY RULE.

FRE 801 defines hearsay as a declarant's out-of-court statement offered in evidence "to prove the truth of the matter asserted in the statement." Hearsay is admissible only if it falls within one of the enumerated exceptions. FRE 802. While the reports contain hearsay, Plaintiff contends that they are admissible under the business records exception. Rule 803(6) of the Federal Rules of Evidence, also known as the business records exception, permits the admission of:

A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

**MONARCH LAW LLC**
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

8

"The primary purpose of these requirements is to ensure that the creator of the document had 'no motive to falsify' it." J*PMorgan Chase Bank, N.A. v. Yuen*, 2013 U.S. Dist. LEXIS 81055, at \*20 (S.D.N.Y. June 3, 2013)  (quoting *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010)). *See also Kokoska v. City of Hartford,* 3:12-cv-01111 (WIG), 2014 U.S. Dist. LEXIS 133261, at \*7 (D. Conn. Sept. 23, 2014) ("[t]he Second Circuit has held that the business records exception rests upon the trustworthiness and reliability of such records").

"[A]s a general matter, 'Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all'" *Anderson v. Metro-N. Commuter R.R. Co.*, No. 3:14CV00452(JBA), 2016 U.S. Dist. LEXIS 62708, at \*16 (D. Conn. May 11, 2016) (quoting *405 Condo Assocs. LLC v. Greenwich Ins. Co.*, No. 11 CIV. 9662 (SAS), 2012 U.S. Dist. LEXIS 181922, 2012 WL 6700225, at \*4 (S.D.N.Y. Dec. 26, 2012). Courts have long held that investigative reports are business records. *Malek v. Fed Ins. Co.,* 994 F.2d 49 (2d Cir. 1993) (social worker's investigation notes are admissible under business records exception).

While the three investigative reports contain out-of-court statements, they are admissible pursuant to the business record exception to hearsay. The three reports were prepared by neutral attorneys who conducted investigations and interviewed numerous witnesses. *See Collins v. New York City Transit Auth.*, 305 F.3d 113, 119 (2d. Cir. 2002) (confirming probative value of decision by "independent, neutral, and unbiased adjudicator"). The investigative reports contain information from witnesses who had first-hand knowledge of the allegations. The reports were kept as part of regularly conducted activity by Defendant NHBOE. The conclusions resulted from the investigatory efforts of Defendant NHBOE and later, Berchem Moses. The reports have supporting indication of trustworthiness as they were prepared by neutral parties.

**MONARCH LAW LLC**
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

9

Further, the anticipated testimony at the trial by all three attorneys who prepared the reports will demonstrate the satisfaction of these grounds and the trustworthiness of the reports.

**B. <u>THE THREE REPORTS ARE RELEVANT AND ADMISSIBLE AS EVIDENCE OF THE EXISTENCE OF AN INVESTIGATION AND THE IMPACT OF THE INVESTIGATION ON THE PLAINTIFF AND DEFENDANTS' CONDUCT.</u>**

Even if this Court were to find that the business records exception to the hearsay rule does not apply, the records may still be found admissible. In *Tyson v. Department of Energy & Environmental Protection*, 3:21-cv-736 (JAM), 2024 U.S. Dist. LEXIS 18091 (D. Conn. Feb. 1, 2024), this Court admitted evidence of a state police investigation for purposes other than the content and statements in the investigative report. The Court stated:

> DEEP should be able to show that it treated the complaint very seriously by contacting the State Police and that it was reasonable to stay its own investigation while the State Police investigation was pending…Thus, the State Police investigation is highly relevant evidence. And its probative value is not substantially outweighed by any danger of unfair prejudice. There is no reason to suppose that the jury will not be able to keep track of and separate those investigative steps taken by the State Police from those investigative steps later taken by DEEP.

*Id*. at *14. *See also, Mendez-Nouel v. Gucci Am. Inc.*, 10-CV-3388 (PAE), 2012 U.S. Dist. LEXIS 160530 (S.D.N.Y. Nov. 8, 2012), *9 at n. 4 (statements by co-workers as recorded in investigation report are considered only for a limited purpose: they are relevant to management's state of mind at the time of termination. The statements in the report are not considered for the truth of the matter asserted, but for their effect on the listener); *Vahos v. GMC.,* 06-CV-6783 (NGG) (SMG), 2008 U.S. Dist. LEXIS 47971 (E.D.N.Y, June 16, 2008) (investigative report admissible because not offered to prove the truth of the matter asserted).

In *Pierce v. Rodriguez*, No. 3:20-CV-1755 (SVN), 2023 U.S. Dist. LEXIS 51302 (D. Conn., March 27, 2023), the Court admitted out-of-court statements for the effect the statements had on the listener. The Court stated:

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

10

> This testimony is admissible for other purposes, however. Notably, this testimony is not hearsay if it is admitted for the fact that Plaintiff made the statements to Defendants and for the effect the statements had on Defendants. *Dupree*, 706 F.3d at 136. ("Thus a statement offered to show its effect on the listener is not hearsay.") *Nazario v. Thibeault*, No. 3:21-CV-216 (VLB), 2022 U.S. Dist. LEXIS 115667, 2022 WL 2358504, at *2 n.3 (D. Conn. June 30, 2022) (admitting testimony of the plaintiff's statement to the prison warden not for the truth of the statement's content but "to prove that the statement was made to" the warden); Fed. R. Evid. 801, Advisory Committee Notes ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.")

*Id*. at *18-19.

Similarly, even if this Court were to find that the business records exception does not apply, the three investigative reports should be admitted as they are relevant and prove that investigations were taken over by neutral third-parties. At the end of each investigation, a report was issued. At that time, Plaintiff was out on FMLA leave. The three reports clearly impacted what happened next.[4] Surely, the three reports are relevant as to their impact and effect on the Plaintiff and Defendant. Further, their probative value is not substantially outweighed by any danger of unfair prejudice.

Should the Court be concerned about the jury being confused or misled by the reports, the parties can file proposed limiting instructions to the jury and the Court can issue a limiting instruction, as stated in *Tyson v. Department of Energy & Environmental Protection*, 3:21-cv-736 (JAM), 2024 U.S. Dist. LEXIS 18091 (D. Conn. Feb. 1, 2024):

---

[4] See comprehensive list of conduct by Plaintiff and Defendants set forth in Section II above.

**MONARCH LAW LLC**
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

11

Tyson may promptly file a proposed limiting instruction if he wishes with respect to the State Police investigation. For example, I would likely be willing to instruct the jury concerning the limited purpose for which the State Police investigation and conclusion has been introduced and to further instruct the jury that the State Police's conclusion that Tyson's report could not be substantiated does not control the jury's own independent determination concerning the truthfulness of Tyson's report of the noose.

*Id*. at *15-16.

Further, as stated by Judge Meyer in *Tyson, supra,* the Court can also limit portions of the reports:

DEEP is requested to prepare a version of the report that omits or redacts such statements by non-police third-parties that are not properly offered for the truth of the matters they assert. Alternatively, if DEEP believes that such third party statements should be admitted, it should explain how such third-party statements qualify as non-hearsay under Fed. R. Evid. 801(d) or fall within an exception to the hearsay rules under Fed. R. Evid. 803.

In short, evidence of the State Police investigation and its conclusions are relevant and not unfairly prejudicial. Accordingly, I will deny Tyson's motion *in limine* re [exclusion of the] state police investigation. Provided that DEEP lays an adequate foundation for the police report with its author Trooper Michael Hamel, I will be prepared to admit portions of the report that are not subject to exclusion under the hearsay rules.

*Id*. at *16-17. Likewise, the impact and effect of the investigative reports on the parties is relevant and not unfairly prejudicial to defendants.

## V.     CONCLUSION

For the above-stated reasons, Plaintiff requests that this Court grant this motion in limine and approve admitting into evidence the three Berchem Moses, P.C. investigative reports.

THE PLAINTIFF,
JESSICA LIGHT

By: */s/ Anthony J. Interlandi*
Anthony J. Interlandi (ct27512)
tony@monarchlaw.com

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

12

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 12, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Anthony J. Interlandi*
Anthony J. Interlandi

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

13