**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JESSICA LIGHT | CIVIL ACTION NO: |
| | 3:22-CV-00425 (JAM) |
| **Plaintiff,** | |
| v. | |
| NEW HAVEN BOARD OF EDUCATION & MARGARET-MARY GETHINGS in her individual capacity | |
| **Defendants.** | |
| | JULY 12, 2024 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE RE: TWO CLASSROOM NOTES**

**I.    INTRODUCTION**

Plaintiff hereby submits this motion in limine seeking the Court's approval to admit into evidence two notes found in Plaintiff's classroom. The notes are highly relevant to Plaintiff's claims of retaliation and defamation, Plaintiff's general damage claim, the harm to Plaintiff's reputation and the humiliation that Plaintiff suffered. The probative value of the notes is not outweighed by any danger of unfair prejudice.

**II.    FACTUAL BACKGROUND**

In August 2022, Plaintiff found two disturbing notes in her classroom for the upcoming 2022-2023 school year. The first note said, "Just do it. Just leave our school. You are toxic." *See* Exhibit 1. The second note stated, "Mrs. Light's To Do List. Wash Hair. Leave or Just Die." *See* Exhibit 2. Plaintiff reported the notes to her union and Defendant New Haven Board of Education's ("NHBOE") Human Resources department. Shortly thereafter, on August 24, 2022, Plaintiff received a text message informing her that Worthington Hooker School's ("WHS") administration re-assigned the para-professional assigned to Plaintiff's first grade classroom, despite nearly all first grade classrooms in the district having a para-professional to assist the

teacher. As a result, Plaintiff reluctantly accepted a transfer to Ross Woodward Classical Studies in early September 2022 due to the ongoing hostility toward her at WHS and Defendant NHBOE's failure to protect her from further retaliation.

## III.    LEGAL STANDARD

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006). A court may preclude the admission of relevant evidence under FRE 403(b) only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FRE 403. The rule is "an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). "As the terms of the Rule indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).

## IV.    ARGUMENT

The two notes are highly relevant to Plaintiff's retaliation, defamation and damages claims, as they demonstrate Plaintiff's reputational harm and the community's impression of the Plaintiff as a result of the defendants' conduct. The notes are also highly relevant and probative as to the

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

general work environment experienced by Plaintiff at WHS. Soon thereafter, Plaintiff was told that she did not receive the third-grade teaching assignment she applied for and felt that she had no choice but to leave WHS. She applied for and accepted a transfer to Ross Woodward Classical Studies. Considering these two notes, a reasonable jury could infer that Plaintiff suffered tangible losses from the alleged retaliation and defamation. Plaintiff should be free to present this evidence to the jury along with testimony to authenticate the two notes. Admission does not risk confusing the issues, misleading the jury, causing undue delay or wasting time.

The admission of notes or letters for reasons other than their specific content is not uncommon. In *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003), the Court admitted a letter found in the defendant's apartment to establish motive, intent and a plan regarding terrorism. The Court found the relevance and probative value high and that the risks entailed by admission of the letter did not substantially outweigh its probative value. The Second Circuit Court of Appeals found that the District Court did not abuse its discretion in admitting the letter for establishing motive, intent or plan. *Id.* at 121-122. Likewise, in our case, the two notes found in the Plaintiff's classroom should be admitted as relevant and highly probative to her claim of reputational loss, among other things.

Additionally, the fact that the two notes were placed in Plaintiff's classroom *after* Plaintiff's lawsuit was filed does not negate their relevancy. In *Tyson v. Department of Energy and Environmental Protection,* 3:21-cv-736 (JAM), 2024 U.S. Dist. LEXIS 18091 (D. Conn. Feb. 1, 2024), this Court permitted the admission of evidence that occurred one year after the last act alleged in the complaint. The Court stated:

> After-arising events "may well be relevant if they retrospectively shed light on the significance and nature of acts that are within the temporal scope of the

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

complaint." *Coan v. Dunne*, 2019 WL 1976146, at *4 (D. Conn. 2019). And "it is well-established that a defendant's subsequent conduct may be relevant to a jury's consideration of the significance or nature of a defendant's prior conduct." *ARMOUR Cap. Mgmt. LP v. SS&C Techs, Inc.,* 2020 WL 64297, at *3 (D. Conn. 2020) (citing cases). So it is fair game for the jury to consider how DEEP responded to Hirschfeld's *later* threatening conduct when deciding if its response to Hirschfeld's *earlier* threatening conduct against Tyson was reasonable and appropriate.

(emphasis in original) *Id.* at *9. Likewise, in our case, the two notes found in Plaintiff's classroom are relevant and "fair game" for the jury to consider in its evaluation of Plaintiff's damages claim.

## V.    **CONCLUSION**

For the above-stated reasons, Plaintiff requests that this Court grant this motion in limine and approve admitting into evidence the two notes found in the Plaintiff's classroom.

THE PLAINTIFF,
JESSICA LIGHT

By: */s/ Anthony J. Interlandi*
Anthony J. Interlandi (ct27512)
tony@monarchlaw.com

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 12, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Anthony J. Interlandi*
Anthony J. Interlandi

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**