**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JESSICA LIGHT** | **CIVIL ACTION NO:** |
| | **3:22-CV-00425 (JAM)** |
| **Plaintiff,** | |
| v. | |
| **NEW HAVEN BOARD OF EDUCATION &** | |
| **MARGARET-MARY GETHINGS in her** | |
| **individual capacity** | |
| **Defendants.** | |
| | **JULY 12, 2024** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**
**RE: FULL FACEBOOK POST WITH COMMENTS**

**I.      INTRODUCTION**

Plaintiff hereby submits this motion in limine seeking the Court's approval to admit into evidence the full Facebook post with comments. LIGHT3544-52 (Ex. 1). The full Facebook post with comments provides the full context in which Plaintiff made her comments. It shows that the initiating post and those commenting on the post were merely trying to figure out how to navigate through the unprecedented pandemic and reporting requirements. It further reveals the confusion that existed at that time. The probative value of the full Facebook post with comments is not outweighed by any danger of unfair prejudice for either defendant.

**II.     FACTUAL BACKGROUND**

On March 6, 2021, a chart entitled "COVID-19_Cases_in_CT_Schools_By_School_-3" was posted on the New Haven Public School Advocates Facebook page. LIGHT003544-46. The chart displayed <6 next to Worthington Hooker School ("WHS") for the time period 02/11/2021 – 02/17/2021. LIGHT003544. In an effort to try to understand the post and the circumstances surrounding the uncharted territory of the pandemic, Plaintiff commented, "So it means greater

than 6 staff and students at each of these schools?" LIGHT003546. Two individuals responded to Plaintiff's question stating, "this is just students, not including staff," and "looks like less than six." *Id.* On March 9, 2021, Melody Gallagher ("Ms. Gallagher") re-posted the chart from the New Haven Public School Advocates Facebook page and gave her interpretation of the data on the chart. LIGHT003547. Ms. Gallagher stated in part, "So apparently these are the schools that have had positive student covid cases in NHPS since 1/19, as reported to the state and on the state website. I believe this list is to be read that if a school is listed as <6 they had positive cases that week and that may mean 1,2,3,4 or 5 positive cases. (If I am reading it wrong please let me know.) It seems we may be missing some letters here on this group page. Also, I have heard of some schools with cases that I don't see listed on this list nor are there letters posted here…Or does anyone know of any cases we are missing on the list and in albums of letters?" *Id.* In response to the post, Plaintiff commented, "I don't think letters were sent." Ms. Gallagher replied, "for your school?" To which Plaintiff replied, "Hooker never sent a letter," and "We are listed at week of 2/11, I don't know the other answers for sure." LIGHT 003548-49. Various other individuals and parents continued to comment on Ms. Gallagher's post in an effort to navigate through the pandemic and sort out the confusion that existed in all of society at that time. LIGHT003548-52. Misses Gethings and Clarino continuously referred to Plaintiff's Facebook comments at the March 26, 2021 TEVAL meeting.

## III.    LEGAL STANDARD

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than

it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006). A court may preclude the admission of relevant evidence under FRE 403(b) only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FRE 403. The rule is "an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). "As the terms of the Rule indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).

## IV.    ARGUMENT

This Court's approval to admit the full Facebook post with comments is necessary in order for the jury to understand the context in which the Plaintiff posted her comments. Anything less than the full post with comments would be an incomplete document. To admit only a segment of the post would mislead the jury. The full Facebook post with comments is highly relevant to Plaintiff's retaliation claim and must be admitted in its entire form. It is being offered not for the truth of the matter asserted therein, but for other purposes.

The full Facebook post with comments is being offered to show that the Plaintiff was commenting as a parent about a matter of public concern. It demonstrates the confusion that surrounded parents concerning the safety of their children in school. The full post with comments will allow the jury to see the complete context in which the comments were made and to thoroughly evaluate Plaintiff's state of mind when making the comments. Despite defendants' assertion, Plaintiff produced the document attached hereto as Exhibit 1as supplemental production in early 2024.

The probative value of the full, complete posts with comments is not substantially outweighed by the danger of unfair prejudice to either defendant. Anything less than the full Facebook post with comments would be prejudicial to the Plaintiff, as the entire context in which her comments were made would be concealed from the jury. The other comments are excepted from hearsay as present sense impression and/or impact they had on Ms. Light.

Admitting Facebook posts for reasons other than the truth of the matter asserted therein is not uncommon. For instance, in *United States v. Bradley,* 3:21-cr-00087 (VAB), 2022 WL 1708400 (D. Conn. May 27, 2022), the Court stated:

> Assuming the Government offers testimony from a witness who visited Ms. Martinez's Facebook page and observed the Facebook posts, this testimony is sufficient to authenticate the exhibits as Ms. Martinez's Facebook posts…Ms. Martinez also has not shown that the exhibits are irrelevant or warrant exclusion under Rule 403. The exhibits are relevant to the Government's case, as they suggest that Ms. Martinez was Mr. Bradley's campaign treasurer and solicited contributions on his behalf…Ms. Martinez has not identified, moreover, any prejudice arising from the admission of the Facebook posts at trial.

*Id.* at *10.   Likewise, in our case, this Court should approve admitting the full Facebook post with comments so that the jury can have the entire context in which Plaintiff's comments were made, anything less would be prejudicial to the Plaintiff.

## V.    <u>CONCLUSION</u>

For the above-stated reasons, Plaintiff requests that this Court grant her motion in limine and approve admitting into evidence the full Facebook posts with comments.

THE PLAINTIFF,
JESSICA LIGHT


By: */s/ Anthony J. Interlandi*
Anthony J. Interlandi (ct27512)
tony@monarchlaw.com

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

## CERTIFICATION OF SERVICE

I hereby certify that on July 12, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Anthony J. Interlandi*
Anthony J. Interlandi

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**