**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JESSICA LIGHT** | **CIVIL ACTION NO:** |
|  | **3:22-CV-00425 (JAM)** |
| **Plaintiff,** | |
| **v.** | |
| **NEW HAVEN BOARD OF EDUCATION &** | |
| **MARGARET-MARY GETHINGS in her** | |
| **individual capacity** | |
| **Defendants.** | |
|  | **JULY 12, 2024** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE
RE: PLAINTIFF'S APPLICATION FOR THIRD GRADE POSITION**

**I.      INTRODUCTION**

Plaintiff hereby submits this motion in limine seeking the Court's approval to admit into evidence Plaintiff's application and related documents for applying to the open third grade position for the 2022-2023 school year. *See* Exhibit 1. The application and related documents are highly relevant to Plaintiff's claims of retaliation and defamation, Plaintiff's general damage claim, the harm to Plaintiff's reputation and the humiliation that Plaintiff suffered. The probative value of the application and related documents is not outweighed by any danger of unfair prejudice.

**II.      FACTUAL BACKGROUND**

On June 22, 2022, Defendant New Haven Board of Education posted third grade teaching position at Worthington Hooker School ("WHS"). Shortly thereafter, Plaintiff sent an email to Defendant Margaret Mary and expressed interest in the position for the upcoming school year. Ms. Gethings never responded and later told Plaintiff she filled the position. In mid-August, however, the position still appeared to be open so Plaintiff sent an e-mail to Taryn Bonner, Human Resources Officer and expressed her interest in the position. In or around August 2022, Ms. Gethings hired Madison Hartt instead of Plaintif. Ms. Gethings testified that she did not consider Plaintiff for the

position because she missed too much time teaching the first grade due to her extended medical leave under FMLA. Gethings Depo, pp. 241-242 (Ex. 2).

## III.    <u>LEGAL STANDARD</u>

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006). A court may preclude the admission of relevant evidence under FRE 403(b) only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FRE 403. The rule is "an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). "As the terms of the Rule indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).

## IV.    <u>ARGUMENT</u>

The application and related documents are highly relevant to Plaintiff's claim for damages, as they suggest that despite the Plaintiff following the application procedure for the open third grade position, she was denied. A reasonable jury could find this is further evidence of the reputational injury suffered by Plaintiff at the hands of defendants.

2

It further demonstrates Plaintiff's preference for teaching third grade at WHS and the damages that she suffered as a result of defendants' conduct. The application and related documents are also highly relevant to rebut Defendant Gethings' previous claim that Plaintiff could not teach third grade because she had a child entering the same grade. This time, however, Defendant Gethings rejected Plaintiff because she missed too much time in the first grade due to her extended medical leave. Gethings Depo, pp. 241-242.

In *Hannah v. Wal-Mart Stores, Inc.*, 3:12-cv-01361 (VAB), 2017 U.S. Dist. LEXIS 224170 (D. Conn. March 31, 2017), the Court admitted applications for positions with the defendant to connect defendant's post-termination conduct to the retaliation claim. Specifically, the Court concluded:

> [E]vidence of Walmart's conduct in connection with all of Ms. Hannah's post-termination applications for employment may still be probative of Ms. Hannah's retaliation claim, even where the specific positions to which she applied technically fall outside of the direct scope of Ms. Hannah's retaliation claim, as they could show consistent conduct on the part of Walmart with respect to any employment applications filed by Ms. Hannah.

*Id.* at *9.

Likewise, this Court should allow Plaintiff's efforts to get re-assignment back to the third grade. Plaintiff should be able to present the job posting and related e-mail correspondence to the jury for its consideration. This evidence will assist the jury in assessing Defendant Gethings' credibility and deciding whether the defendants' conduct was reasonable or retaliatory and the extent to which Plaintiff's good name and reputation has been harmed. Admission of such documents does not risk confusing issues, misleading the jury, causing undue delay or wasting time.

Additionally, the fact that Plaintiff's application for the open third grade teaching position for the 2022-2023 school year and related documents occurred after the complaint was filed does

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

not negate their relevancy. In *Tyson v. Department of Energy and Environmental Protection,* 3:21-cv-736 (JAM), 2024 U.S. Dist. LEXIS 18091 (D. Conn. Feb. 1, 2024), this Court permitted the admission of evidence that occurred one year after the last act alleged in the complaint. The Court stated:

> After-arising events "may well be relevant if they retrospectively shed light on the significance and nature of acts that are within the temporal scope of the complaint." *Coan v. Dunne*, 2019 WL 1976146, at *4 (D. Conn. 2019). And "it is well-established that a defendant's subsequent conduct may be relevant to a jury's consideration of the significance or nature of a defendant's prior conduct." *ARMOUR Cap. Mgmt. LP v. SS&C Techs, Inc.,* 2020 WL 64297, at *3 (D. Conn. 2020) (citing cases). So it is fair game for the jury to consider how DEEP responded to Hirschfeld's *later* threatening conduct when deciding if its response to Hirschfeld's *earlier* threatening conduct against Tyson was reasonable and appropriate.

(emphasis in original) *Id.* at *9. Similarly, the job posting and related e-mail correspondence are relevant and "fair game" for the jury to consider in its evaluation of the defendants' conduct, Plaintiff's damages, the denial of the Plaintiff's preference for teaching third grade and the reasons for such denial.

V.    **CONCLUSION**

For the above-stated reasons, Plaintiff requests that this Court grant her motion in limine and approve admitting into evidence the job posting, application and related e-mail correspondence for the open third grade position for the 2022-2023 school year.

THE PLAINTIFF,
JESSICA LIGHT

By: */s/ Anthony J. Interlandi*
Anthony J. Interlandi (ct27512)
tony@monarchlaw.com

4

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 12, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Anthony J. Interlandi*
Anthony J. Interlandi

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**