UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA LIGHT | CIVIL ACTION NO: 3:22-CV-00425 (JAM) |
| Plaintiff, | |
| v. | |
| NEW HAVEN BOARD OF EDUCATION & MARGARET-MARY GETHINGS in her individual capacity | |
| Defendants. | JULY 12, 2024 |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE
RE: PLAINTIFF'S RECORDINGS AND/OR TRANSCRIPTS
OF MEETINGS

I.      INTRODUCTION

Plaintiff hereby submits this motion in limine seeking the Court's approval to admit six audio recordings of meetings attended by the parties and other employees of Defendant NHBOE. The recordings are highly relevant to Plaintiff's retaliation and/or defamation claims and excluded from hearsay because, in most instances, they represent statements of an opposing party or its agent/employee on a matter within the scope of that relationship and while it existed, FRE 801(d)(2)(A), (D), or are shielded from the hearsay rule by three exceptions: (1) present sense impression, FRE 803(1); (2) then-existing mental, emotional or physical condition, FRE 803(3); and/or (3) reputation concerning character, FRE 803(21). The probative value of the recordings identified below is not outweighed by unfair prejudice to either defendant in this matter.

II.     LEGAL STANDARD

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006). A court may preclude the admission of relevant evidence under FRE 403(b) only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FRE 403. The rule is "an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). "As the terms of the Rule indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).

## III.   ARGUMENT

The recordings identified below are admissible as being highly relevant to Plaintiff's retaliation and defamation claims. They are also relevant for impeachment purposes. Further, they are excluded from hearsay based upon the various exceptions.

### A. FRE 801(d)(2)(A), (D)

A statement is not hearsay if it "is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; …(D) was made by the party's agent or employee on matter within the scope of that relationship and while it existed." FRE 801(d)(2)(A), (D). This Court should approve admitting the six recordings because they are excluded from being considered hearsay. The recordings identified below contain opposing party statements by Misses. Gethings, Clarino, Mack, Bonner and Coleman. The statements were (1) made in their

representative capacities; (2) believed to be true; (3) they were authorized to make such statements regarding, including but not limited to, the issues surrounding Plaintiff's return to work and requests for safeguards, the alleged leak of Teacher X's COVID diagnosis, the lack of mediation, and the retaliation and defamation that Plaintiff suffered; and (4) which were matters within the scope of their employment relationship with Defendant NHBOE while it existed. Likewise, as to the defendants' defense, they contain statements by the Plaintiff, an opposing party. These statements are relevant as they are directly related to Plaintiff's retaliation and defamation claims.

### B. FRE 803(1), (2)

"The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: (1) Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it. (2) Excited Utterance. A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." FRE 803(1)-(2).

"[W]hile the hearsay exception for present sense impressions focuses on contemporaneity as the guarantor of reliability, and requires that the hearsay statement 'describe or explain' the contemporaneous event or condition, the excited utterance exception is based on the psychological impact of the event itself, and permits admission of a broader range of hearsay statements-i.e. those that 'relate to' the event." *United States v. Jones,* 299 F.3d 103, 112 n. 3 (2d Cir. 2001). "The rationale [for the excited utterance exception] is that the excitement of the event limits the declarant's capacity to fabricate a statement and thereby offers some guarantee of its reliability." *United States v. Tocco*, 135 F.3d 116, 127 (2d Cir. 1998); *see United States v. Spencer*, 2023 WL 5091827 (2d Cir. August 9, 2023) (affirming district court's decision to admit recording of 911 call under the hearsay exceptions of present sense impression and excited utterance).

### C. FRE 803(3)

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

Under Rule 803(3), "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed," is an exception to the hearsay rule. FRE 803(3). "A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds." *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000). "[U]nder [Rule 803(3)], the existence of the plan or intention may be proven by evidence of the person's own statements as to its existence." *Shelden v. Barre Belt Granite Employer Union Pension Fund*, 25 F.3d 74, 79 (2d Cir. 1994). A present sense impression "may be introduced to prove that the declarant thereafter acted in accordance with the stated intent." *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000).

In *Greenwald v. Town of Rocky Hill,* 3:09-cv-211 (VLB), 2011 WL 4915165 (D. Conn. October 17, 2011), the Court found that "officer to officer statements recorded in the individual incident reports reflect the declarant Officer's impressions and statements made during the encounter…and would be admissible under the hearsay exceptions of present sense impression, excited utterance, or then existing mental, emotional or physical condition under Fed. R. Evid. 803 (1)-(3)." *Id*. at *15. Likewise, in our case, the statements in the recordings by the declarants express a future intent to act in a certain manner which is admissible and highly relevant to the Plaintiff's retaliation and defamation claims.

### D. FRE 803(21)

A hearsay exception is provided for evidence of "[a] reputation among a person's associates or in the community concerning the person's character." FRE 803(21). "[R]eputation evidence 'must be based on hearsay,' *United States v. Lynch,* 366 F.2d 829, 832 (3d Cir. 1966), and Rule 803 clarifies that testimony regarding '[a] reputation among a person's associates or in the community concerning the person's character' is 'not excluded by the rule against hearsay,' Fed.

R. Evid. 803(21)." *United States v. Zhong*, 26 F.4th 536, 554 (2022). "[T]he workplace is 'a proper locality in which to prove [a witness'] reputation or character for truthfulness or untruthfulness.'" *Id.* citing *United States v. Mandel*, 591 F.2d 1347, 1370 (4th Cir. 1979).

Based upon the above stated exclusions to the hearsay rule, this Court should approve admissibility of the six recordings identified in Section IV below. As discussed below, the recordings contain statements from opposing parties, statements of present sense impressions, excited utterances, and statements revealing reputation and the then existing mental and emotional condition of the declarants resulting in their future conduct. The recordings describe and explain the meetings and reveal the conversations therein while the declarants were under the stress of the meetings. From such recordings, one can determine the declarants' then existing mental and emotional conditions and reputations.

Further, the recordings are highly relevant as they are directly related to Plaintiff's claims of retaliation and defamation, as it was at such meetings that Plaintiff's statements at the Board meetings were discussed and reacted to by Misses Gethings and Clarino (November 2, 2020 meeting), Plaintiff's Facebook posts were discussed and Plaintiff was informed about her removal from teaching third grade (March 26, 2021 meeting), Plaintiff was told that "every person" said Plaintiff was the source of the leak of Teacher X's condition (March 31, 2021 meeting), Plaintiff's past involvement in five committees and current appointment to zero committees was discussed and explained by Misses Gethings and Clarino (April 20, 2020 meeting), the need for mediation and Plaintiff's requests for safeguards were discussed and responded to by Misses Mack and Bonner (January 14, 2022 meeting), and Plaintiff's return to work and the lack of mediation was discussed (February 10, 2022 meeting). Clearly, the six recordings are probative and not prejudicial to either party.

**MONARCH LAW LLC**
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

Additionally, FRE 901 requires that the recordings be authenticated. Attached hereto at Exhibit 1 is an affidavit by the Plaintiff authenticating each of the audio recordings for the meetings identified below. Additionally, witnesses at the trial will be able to authenticate the recordings and voices of those on the recordings. In general, evidence "is properly authenticated if a reasonable juror could find in favor of authenticity." *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007); *see United States v. Tropeano*, 252 F.3d 653, 661 (2d Cir. 2001) (holding that tape was properly authenticated by testimony of witnesses who "had firsthand knowledge of the conversations and each identified the voices on the tape"). Further, Plaintiff will be able to testify when, how and by whom the recordings were made and that the recordings accurately capture the conversations at the meetings. Even in various circumstances with ambiguity or some inaudibility in the recording, the Second Circuit has "a clear preference for the admission of sound recordings notwithstanding some ambiguity or inaudibility, as long as the recordings are probative." *United States v. Arango-Correa*, 851 F.2d 54, 58 (2d Cir. 1988).

## IV.   THE RELEVANT RECORDINGS

As a result of the Plaintiff experiencing intimidation and retaliation by defendants, she often recorded her meetings with Misses Gethings and Clarino and Human Resource representatives. Plaintiff seeks to admit the following relevant recordings and the corresponding transcripts:

### A.   The November 2, 2020 Meeting

#### 1.   Participants

**Plaintiff, Jessica Light**

**Defendant, Margaret-Mary Gethings**

**Worthington Hooker Assistant Principal, Jenny Clarino**

#### 2.   Summary of Relevant Content

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

This is a recording of the Plaintiff's initial meeting with Misses Gethings and Clarino in which remote verse hybrid instruction, seeking direction from the school and/or district regarding COVID protocols, providing answers to parents, and the Plaintiff's statements at the Board meeting are discussed. Ms. Gethings admits that her concern is that she and the administrators of Worthington Hooker are being perceived as not knowing what they are doing. Plaintiff states several times during the meeting that she was speaking as a mother of children and a New Haven resident out of public concern because she was fearful. Ms. Gethings further admits that she felt embarrassed and uncomfortable because she believes that she and others at Worthington Hooker school are being perceived as if they are leaving people uninformed.

### 2. Admissibility

This recording contains out-of-court statements by a party opponent and statements of present sense impression and then existing mental and emotional condition, and therefore is admissible. Further, it is relevant as it shows that the Plaintiff was speaking as a matter of public concern and shows Misses Gethings and Clarino's responses, motives and intent leading to their future conduct. It contains admissions by Ms. Gethings that she felt embarrassed and uncomfortable and was concerned about how she and the school were perceived. This is relevant to motivation for conduct and actions by Misses Gethings and Clarino. These statements contained in this recording are directly relevant to the Plaintiff's retaliation claim and the Defendants' defense to such claim.

### B. The March 26, 2021 TEVAL Meeting

### 1. Participants

**Plaintiff, Jessica Light**

**Defendant, Margaret-Mary Gethings**

**Worthington Hooker Assistant Principal, Jenny Clarino**

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

2.        **Summary of Relevant Content**

This is a recording of the Plaintiff's TEVAL meeting with Misses Gethings and Clarino. Ms. Gethings states that teaching changes will be made and the majority of changes will be K through 4. Gethings is concerned that the Plaintiff teaches third grade and Plaintiff's son is going to be in third grade in the upcoming year. When asked about her preference for teaching a different grade, the Plaintiff states that she would prefer second grade. She explains that second grade would be pushing her out of her comfort zone and that when she completed the "preference sheet" she listed second grade as her sixth choice. Plaintiff states that she listed third and fourth grade as her better choices because her experience is with teaching older children. Ms. Gethings asks the Plaintiff if she is surprised about the grade change and Plaintiff responds, "I am absolutely surprised." Plaintiff explains that she has had other teacher friends that have taught grades that their own children were in, and further explains that she thought she would be moving to a higher grade since her experience is with fifth grade, but stated that she would "take the challenge."

Later in the meeting, Ms. Gethings claims to discuss the category of "professionalism" and raises the issue of Facebook comments by the Plaintiff and the leak of Judy Cavanaugh (Teacher X)'s COVID diagnosis. Ms. Gethings states, "And I know you told us, it wasn't you that told Claire and it wasn't you that told parents only you know what you did or did not do, and not questioning that, but what I do know is that, and I saw it myself, there were pieces where you were commenting on Facebook that our school didn't send out letters. Do you know what I'm referring to?" The recording continues with the Plaintiff discussing the desire for a unified health and safety plan for all of the New Haven Public Schools during which Ms. Gethings states: "And I think everyone at this table respects and admires and would never want to have Dr. Tracy or New Haven Public Schools look bad." Ms. Clarino states, "…it does make it harder for us." The Plaintiff further explains that she never said that there were "school-based cases." She just looked at the list

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

of schools and commented that "a letter was never sent." Plaintiff states to Misses Gethings and Clarino that she "tried to advocate for city-wide change." Gethings attempts to intimidate the Plaintiff by stating, "…some people are concerned to work with you because they feel uncomfortable with how outspoken you can be…. the refrain from many people has been, 'Why does she keep doing that to Hooker? Why is it okay for her to comment about what we're doing at Hooker and it's not even true?'" Misses Gethings Clarino continue to circle back to discussion about the Facebook post despite the fact that the Plaintiff states she is feeling stressed. Ms. Gethings further states, "I do think that you've increased the anxiety and fear in our community by the Facebook post and by this information that you did not agree with how it was handled and thought should be more transparent that has directly affected our community because you didn't just think it privately you made it publicly known." Plaintiff responds, "I will always make what I believe publicly known. When I believe it is a safety issue." Ms. Clarino later states during the meeting: "… it doesn't feel good when things are stated, like what was stated in that comment. Any kind of highlighting negativity about our school, any kind of speaking negatively about our school, especially when it has been brought to our attention. You're one of a few people that we are speaking to this year that has spoken negatively or mentioned Hooker as not doing something or did something the wrong way or being negative because we're trying to change this narrative about Hooker, right?" Misses Gethings and Clarino go on to grill the Plaintiff about what she thought she would accomplish by making her comment on Facebook. The meeting concludes with Ms. Gethings further intimidating the Plaintiff by stating that there will be another meeting when Ms. Cavanaugh files her complaint, that she has never had another teacher file a complaint against a colleague, and that she does not know what will happen when she does.

2.    **Admissibility**

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

This recording is admissible as out-of-court statements by a party opponent, statements of excited utterance when Plaintiff was shocked about the unexpected grade change, and statements of present sense impression and then existing mental and emotional state are also contained in the recording. For example, it contains statements such as when Ms. Gethings states, "I do think that you've increased the anxiety and fear in our community by the Facebook post …", and when Ms. Clarino states, "… it doesn't feel good when things are stated, like what was stated in that comment. Any kind of highlighting negativity about our school, any kind of speaking negatively about our school, especially when it has been brought to our attention." The recording is relevant, as it contains statements demonstrating conduct which could be construed by the jury as intimidation, motive and intent in furtherance of retaliation by the party opponent directed to the Plaintiff as a result of her speech. It further demonstrates that the Plaintiff's speech was made by the Plaintiff as a citizen about matters of public concern.

C.    **The March 31, 2021 Meeting**

1.    **Participants**

**Plaintiff, Jessica Light**

**Defendant, Margaret-Mary Gethings**

**Worthington Hooker Assistant Principal, Jenny Clarino**

**Teacher, Judy Cavanaugh a/k/a Teacher X**

**Teacher, Kathleen Morrison**

2.    **Summary of Relevant Content**

This is a recording of a meeting during which the Plaintiff is accused of being the source of the leak of Teacher X's condition. During the meeting, Judy Cavanaugh tells the Plaintiff that a staff member told her that she "went to parents" about why Cavanaugh was out of school. The Plaintiff responds that it is not true. The Plaintiff explains that she thought Ms. Cavanaugh was out

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

on a "planned absence" and that it is a rumor. Plaintiff states, "I am just trying to understand Claire came to a staff member who came to administration who came to Ms. Cav? So this is a long chain of command and it is really feeling a bit like rumor." Ms. Gethings claims in this meeting that it was not a rumor and that there were references. There is further discussion about the Plaintiff's post on the New Haven Advocates Facebook page stating that a letter was not sent out by Worthington Hooker School. Plaintiff continues to assert during the meeting that the accusation that she told Claire is not truthful. Ms. Cavanaugh admits that she just "feels" that the leak came from the Plaintiff and that she did not file a written complaint because she had no evidence that it was the Plaintiff who leaked her diagnosis. During the meeting Ms. Gethings claims: "And just so you know Jessica, we spoke with Judy before and we can respect some people do not want their names mentioned and they certainly deserve that respect. Not one person has said anyone besides you as being the source. We hear that you are saying it wasn't you but I need you to know that every person said you were the source." When the Plaintiff inquires as to the names of the individuals who stated that she was the source, Ms. Gethings refuses to provide any names. The meeting ends with Ms. Clarino telling Plaintiff that it was a serious concern and another meeting would be scheduled.

### 2.    Admissibility

This recording contains out-of-court statements by a party opponent and statements of present sense impression and then existing mental and emotional condition. It is admissible and relevant because it demonstrates and is evidence that Ms. Gethings insisted that the Plaintiff was named by others as the source of the leak about Teacher X's diagnosis, and ultimately failed to produce evidence to support such claim. The statements within this recording are relevant to Plaintiff's retaliation claim and are also highly relevant to Plaintiff's defamation claim.

### D.    The April 20, 2021 Meeting

1.    **Participants**

**Plaintiff, Jessica Light**

**Defendant, Margaret-Mary Gethings**

**Worthington Hooker Assistant Principal, Jenny Clarino**

**President of the New Haven Teachers Union, Dave Cicarella**

2.    **Summary of Relevant Content**

This is a recording of a meeting during which Plaintiff discusses how she used to be on four to five committees and now has not been chosen for any committees. Ms. Gethings claims that she wants to give everyone a chance and wants to pick someone that other teachers get along with. Plaintiff discusses how she believes that the cleanup day meeting was scheduled intentionally for a day that they knew she could not attend and that the committee was very important to her because she ran it the past two years. Ms. Gethings accuses the Plaintiff of misinterpreting why she was not selected and making it seem as if she was intentionally left out, stating, "I can tell you without an ounce of reservation, this is a shame that you are making this about you and that you are making it, that you were intentionally left out." Ms. Clarino makes statements implying that she cannot trust the Plaintiff because Plaintiff's friends questioned the Board about COVID protocols, and she thinks that the Plaintiff gave them the information.

During the meeting, Plaintiff states that the administration wanted the Plaintiff to stop speaking publicly so they have used their authority against her such as prohibiting her from teaching third grade because her son was attending third grade when that is not the district's policy. Plaintiff and Misses Gethings and Clarino argue again about the Plaintiff's Facebook posts and whether the Plaintiff can teach third grade while her son is in third grade. Mr. Cicarella ends the meeting because it was not productive.

2.    **Admissibility**

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

This recording is admissible as it contains out-of-court statements by a party opponent, statements of present sense impression, and then existing mental and emotional condition. It is relevant because it demonstrates and contains evidence of conduct that could be construed as retaliatory behavior by Defendant Gethings, such as removing the Plaintiff from committees. It further contains party opponent statements and intimidation tactics by Misses Gethings and Clarino with conduct that a reasonable jury could interpret as retaliation and attempts to suppress the Plaintiff's free speech.

E.    **The January 14, 2022 Meeting**

1.    **Participants**

**Plaintiff, Jessica Light**

**NHBOE Human Resources Director, Lisa Mack**

**NHBOE Labor Relations Manager, Taryn Bonner**

**Vice President of Local 933, Pat DeLucia**

**Executive Leader for Local 933, Leslie Blatteau**

2.    **Summary of Relevant Content**

This is a recording of a meeting after the three Berchem Moses, P.C. investigative reports were released. At the time of this meeting, the Plaintiff was not back to work yet. During the meeting, the Plaintiff makes several requests: (1) Restoration of sick days; (2) Returning back to teaching third grade the next year; and, (3) having a restorative circle conference with colleagues. Plaintiff is denied all of her requests. During the meeting, she is told that her sick pay will not be restored, she will not be returned to teaching third grade without reapplying for such position and a restorative circle conference cannot be guaranteed. Plaintiff inquires as to steps that would be taken to protect her from future retaliation since the Berchem Moses, P.C. investigation found four acts of retaliation. Ms. Bonner responds that she does not know if the Plaintiff will be protected from

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

retaliation. When Plaintiff inquires about steps to be taken to protect her children from retaliation, Ms. Bonner responds by stating that they will have to get back to her and provides no assurances. Plaintiff further raises during the meeting that Ms. Gethings said that she could not supervise the Plaintiff anymore and that the Plaintiff needed to be transferred. Plaintiff's Union Representative, Ms. Blatteau, requests that mediation occur before the Plaintiff return to work, that the Plaintiff be "phased-in" to working back with her students, that the Plaintiff have Union representation at all meetings and that Plaintiff not receive a TEVAL for the 2021-2022 school year. Ms. Bonner assures the Plaintiff and Ms. Blatteau that they will work on getting the mediation in place to address the Plaintiff's issues. Plaintiff and Mr. DeLucia stress that if there is a delay regarding safeguards, Plaintiff will continue to be out sick given her doctor's notes. Plaintiff reiterates that her leave is a medical requirement and that her doctors have stressed that safeguards need to be in place. With regard to the issues and plans discussed at the meeting, Ms. Bonner tells Plaintiff and her Union Representative that she is going to "work like the Energizer Bunny."

## 2.  Admissibility

This recording contains out-of-court statements by a party opponent, statements of present sense impression, and then existing mental and emotional condition of the attendees. It is admissible and relevant. The recording shows that a mediation was promised by Defendant NHBOE's representatives, but never occurred. Plaintiff was assured and led to believe that there would be a mediation before she returned to work and that safeguards would be put in place. The mediation never occurred and safeguards were not put in place. This recording contains statements by Defendant NHBOE's representatives creating the false narrative that a mediation would take place before Plaintiff returned to work and the various concerns stated at the meeting would be addressed in such mediation. This recording is highly relevant to Plaintiff's retaliation and defamation claims.

14

F.      **The February 10, 2022 Meeting**

1.      **Participants**

**Plaintiff, Jessica Light**

**Defendant, Margaret-Mary Gethings**

**Worthington Hooker Assistant Principal, Jenny Clarino**

**President of the School Administrators Association of New Haven, Sequella Coleman**

**Vice President of Local 933, Pat DeLucia**

**Executive Leader for Local 933, Leslie Blatteau**

2.      **Summary of Relevant Content**

This meeting occurred after the Plaintiff returned to work without any mediation prior to her return. Ms. Gethings states, "yes and agreed," when Ms. Blatteau states that everyone agreed to mediation and that it would be coming. Ms. Coleman agrees that a joint letter could be issued regarding the Plaintiff's return. Ms. Blatteau raises the issue that Human Resources did not get the mediation in place. Plaintiff discusses her preferences for teaching, that she does not want to be a "floater," and that she can co-teach in a room with a majority of her original kids. Ms. Coleman states that while it is the Plaintiff's "first priority," to have her class back, "I think that's our last priority." Ms. Blatteau states that everyone is interested in having an outside person's help through the process. Ms. Coleman agrees, and further states that the Plaintiff is "working in the best interest of children right now."

2.      **Admissibility**

This recording contains out-of-court statements by a party opponent's representatives, statements of present sense impression, and then existing mental and emotional condition of the attendees and reputation. It is relevant and admissible, as it shows that despite Defendant NHBOE's representatives claiming that a mediation would occur, it never did. It further shows that

the Plaintiff's preferences and suggestions were dismissed by Defendant NHBOE's representatives, and that the Plaintiff was forced to return to work without any safeguards, granting of her requests and without a mediation.

## V.  **CONCLUSION**

For the above-stated reasons, Plaintiff requests that this Court grant this motion in limine and approve admitting into evidence Plaintiff's recordings and/or transcriptions of the meetings identified above. They are excluded from the hearsay rule and are relevant. Their probative value is not substantially outweighed by the danger of unfair prejudice for either party.

THE PLAINTIFF,
JESSICA LIGHT


By: */s/ Anthony J. Interlandi*
Anthony J. Interlandi (ct27512)
tony@monarchlaw.com

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 12, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>*/s/ Anthony J. Interlandi*</u>
Anthony J. Interlandi

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**