**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JESSICA LIGHT | CIVIL ACTION NO:  3:22-CV-00425 (JAM) |
| **Plaintiff,** | |
| v. | |
| NEW HAVEN BOARD OF EDUCATION &  MARGARET-MARY GETHINGS in her  individual capacity | |
| **Defendants.** | JULY 12, 2024 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**
**RE: DETAILS OF LIFE EVENTS THAT LED TO PLAINTIFF'S PRIOR DIAGNOSIS OF**
**POST-TRAUMATIC STRESS DISORDER**

**I.      INTRODUCTION**

Plaintiff is a 42-year-old woman, wife, and mother of two children and teacher. She has

been a teacher for 14 years, all of which have been with Defendant New Haven Board of Education

("NHBOE"). Plaintiff submits this motion in limine seeking the exclusion of specific facts and/or

details that led to her prior diagnosis of post-traumatic stress disorder ("PTSD").[1] Plaintiff does not

seek to exclude general statements about her prior diagnoses or related medical treatment

concerning the traumatic events that occurred in her adolescent life.

**II.      FACTUAL BACKGROUND**

Plaintiff was deposed on December 14, 2022. During the deposition, Plaintiff testified that

she saw Dr. Eric Berger, a psychiatrist, twice a month from 2012 to 2020. Before 2012, she saw

different psychiatrists for brief periods of time, as she moved quite often. Light Dep. pp. 166-

---

[1] The details are of an extreme sensitive nature and occurred more than 25 years ago. Allowing the defense to explore the details during cross-examination will cause Plaintiff great stress and anxiety during the trial.

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

168.[2] Plaintiff was first diagnosed with PTSD with depression by Dr. Berger, which he later changed to complex PTSD. *Id.* at pp. 174-176. In 2020, Dr. Berger retired. Consequently, Plaintiff began treating with a new provider, Dr. Gale Levin. *Id.* at p. 169.

Dr. Levin diagnosed Plaintiff with PTSD with symptoms of anxiety and depression. During the relevant timeframe alleged in the Amended Complaint, Dr. Levin sent letters to the NHBOE Human Resources Department, and completed Plaintiff's FMLA forms. *Id.* at pp. 176-177. Dr. Levin testified that, "[w]hen somebody has gone through a trauma like that, it's hard to think it doesn't have a lasting impact. And I think maybe it had some--she may have mentioned that it had some impact in her relationship with her husband, which would be understandable." Levin Dep. at 35.[3] Dr. Levin further testified, "[s]he had some ups and downs, but I would say overall she has not improved in any significant way and definitely has gotten worse in recent months that she had to-- that she was assigned to another school." *Id.* at p. 81.

In the summer of 2020, Dr. Levin recommended that Plaintiff find a "talk therapist." Light Dep. at 180. As a result, the Plaintiff engaged Nicole Ventura, a therapist at the PTSD Center in New Haven. Plaintiff testified that the "workplace disturbances" she discussed with Ms. Ventura re-triggered her PTSD. *Id.* at pp. 194-195. In Plaintiff's sessions with Ms. Ventura, they spoke about the parallels of the emotional experiences of her past trauma and the trauma at Worthington Hooker School from 2020 through 2022. *Id.* at pp. 203-205.

Plaintiff further testified that her recent experiences at Worthington Hooker School brought her past abuse back to the forefront of her mind and re-triggered her PTSD. *Id.* at pp. 198-199, 206.

---

[2] Pages referenced herein from the transcript of the deposition of Plaintiff Jessica Light that occurred on December 14, 2022 will be filed under seal and referred to as Exhibit 1.

[3] Pages referenced herein from the transcript of the deposition of Dr. Levin will be filed under seal and referred to as Exhibit 2.

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

Plaintiff seeks to exclude deposition transcript pages 198 through 206, which will be filed under seal, as this testimony contains details regarding Plaintiff's past abuse.

## III.    LEGAL STANDARD

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "Irrelevant evidence is not admissible." *Id*. Even if relevant, courts can "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

## IV.    ARGUMENT

The specific details concerning Plaintiff's past traumatic events are irrelevant to this action . Rather they will create a substantial unfair prejudicial effect. They are more likely to confuse the jury and distract the jurors from the issues to be determined in this case. This danger of unfair prejudice is not substantially outweighed by any probative value. This information could also mislead the jury because it could result in the jurors believing that past traumatic events during Plaintiff's adolescent life are the cause of her pain and suffering, and emotional distress.

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

Not to mention, the humiliation and trauma it will cause Plaintiff to relive these events on a witness stand in a courtroom full of strangers. Forcing the Plaintiff to recount the details could cause the jury to discredit her claims for pain and suffering and severe emotional distress. Plaintiff's pre-existing childhood trauma and resulting PTSD are facts that she can live with and talk about generally on the stand; but the details are unnecessary for the defense to argue Plaintiff was already injured by the time she got to them.

Additionally, even if this Court were to find that the facts and details of Plaintiff's past traumatic events that occurred during her adolescent life are relevant, this Court has broad discretion to exclude such evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403; *see also U.S. v. Robinson*, 544 F.2d 611 (2d Cir. 1976) (purpose of Rule 403 is "to promote policies of assuring correct factual determinations in individual cases and actual and perceived fairness in judicial process as a whole"). Further, as previously stated, Plaintiff does not seek to exclude general statements about her past treatment and medication.

In *Lane v. American Airlines*, 18-CV-6110 (MKB), 2024 U.S. Dist. LEXIS 50021, (E.D.N.Y. March 20, 2024), the Court excluded the plaintiff's doctor's testimony regarding plaintiff's factual narrative and admitted the doctor's expert opinion as to the side effects of plaintiff's medication. *Id.* at \*46-47.  In *Belvin v. Electchester Management, LLC*, 635 F.Supp.3d 190 (2022), the plaintiff alleged claims of employment discrimination and retaliation based on Title VII and the Americans with Disabilities Act.

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

In its ruling on the plaintiff's motion in limine, the Court excluded details regarding the plaintiff's family, criminal background and history of alcohol and drug abuse. The Court stated:

> It is unclear to the Court that Mayers' family background, history of alcohol or drug use, or criminal background have any relevance to this case…None of these facts are helpful in assessing Mayer's claims or any possible defenses…The court sees no probative use at trial for any of these points…Even if the court were able to find a relevant purpose for these points, there would remain significant concerns about their prejudicial effect…The **primary effect of such references to Mayers' (distant) past will be to embarrass and shame him before the jury.** Accordingly, EML may not introduce any evidence of, and Dr. Siegert is precluded from testifying regarding, Mayers' family background, marital status, past alcohol or drug use, and arrest or other criminal record, or any other similar evidence.

(emphasis added) *Id.* at 200.

The same holds true here. The traumatic events occurred approximately 25 years ago. They could cause great psychological harm and damage to Plaintiff, interfere with her testimony on issues directly related to her causes of action in the case by breaking her concentration, and cause unnecessary embarrassment and shame before the jury. Dr. Levin testified that since their initial 2020, Ms. Light did not "improve[] in any significant way . . . ." Levin Dep. at 81.

"One's psychiatric history is an area of great personal privacy which can only be invaded in cross-examination when required in the interest of justice," and, "[i]f of minimal probative value," an inquiry into mental health history would be "manifestly unfair and unnecessarily demeaning of the witness." United States v. Christopher Hamlett, 3:18-cr-24 (VAB), 2019 WL 3387098 (D. Conn. July 26, 2019) citing Valasquez v. United States, 801 A.2d 72, 79 (D.C. 2002).

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**

## V.   <u>CONCLUSION</u>

For the above-stated reasons, this Court should grant the Plaintiff's motion in limine and preclude defendants from offering facts and details that led to Plaintiff's diagnosis of PTSD.

THE PLAINTIFF,
JESSICA LIGHT

By: */s/ Anthony J. Interlandi*
Anthony J. Interlandi (ct27512)
tony@monarchlaw.com

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 12, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Anthony J. Interlandi*
Anthony J. Interlandi

**MONARCH LAW LLC**
**363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037**
**TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039**