**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JESSICA LIGHT,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:22-cv-00425(JBA)** |
| | : | |
| **v.** | : | |
| | : | |
| **NEW HAVEN BOARD OF EDUCATION,** | : | |
| **MARGARET-MARY GETHINGS in her** | : | |
| **individual capacity** | : | |
| **Defendants.** | : | **JULY 15, 2024** |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE**
**INTRODUCTION OF THE INVESTIGATION REPORTS AND RELATED**
**DOCUMENTS AND TESTIMONY**

Plaintiff Jessica Light ("Plaintiff") has indicated that she intends to offer into evidence

three Investigation Reports prepared by attorneys from Berchem Moses PC (the "Investigation

Reports"), as well as testimony from the three attorneys who completed those reports and

additional documents and communications related to those reports. For the reasons set forth

below, defendants the New Haven Board of Education (the "BOE") and Margaret-Mary

Gethings ("Gethings")(collectively "Defendants") move to preclude (1) the introduction of the

Investigation Reports, (2) testimony related to the contents of the Investigation Report, (3)

testimony from Attorneys Rebecca Goldberg, Paul Testa, and Chris Henderson related to their

investigations and the Investigation Reports, and (4) any other documents related to the prior

three categories.

**I.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On March 30, 2022, Plaintiff commenced this lawsuit against Defendants, asserting four

counts: (1) Violation of Conn. Gen. Stat. § 31-51q (against the BOE); (2) Retaliation Based on

the Exercise of Free Speech in Violation of 42 U.S.C. § 1983 (against Gethings); (3) False Light

(against Gethings); and (4) Defamation (against Gethings). ECF 6 at 17-19. On July 17, 2023, Defendants filed a motion for summary judgment seeking summary judgment on all counts, ECF 21, and on March 19, 2024, the Court (Meyer, J.) issued an order granting summary judgment as to count three in its entirety, granting summary judgment in part as to count four, and denying summary judgment as to counts one and two, leaving only claims of retaliation and false light as to "Gethings' allegedly false statement that Light disclosed Teacher X's COVID status." ECF 49 at 21.

Plaintiff's allegations arise from a pattern of public statements she made regarding the BOE's handling of the COVID-19 pandemic. Plaintiff alleges Defendants retaliated against her for making those statements, in violation of her right to free speech. In April 2021, Plaintiff submitted a complaint to the BOE's Human Resources department about Gethings and the Assistant Principal in connection with these allegations, and Gethings and the Assistant Principal filed a countercomplaint. ECF 49 at 6. In addition, another teacher filed a complaint against Plaintiff. The BOE hired the law firm of Berchem Moses PC ("Berchem") to conduct an independent investigation and prepare reports summarizing their findings. ECF 49 at 7. Berchem issued three reports by three different attorneys: (1) one by Attorney Rebecca Goldberg, addressing Plaintiff's complaint; (2) one by Attorney Paul Testa, addressing the complaint by Gethings and the Assistant Principal; and (3) one by Attorney Chris Henderson, addressing the complaint submitted against Plaintiff by another teacher (collectively "the Investigation Reports"). A copy of the Goldberg report was attached to the Complaint. *See* ECF 1-1. Copies of all three reports are now attached as Exhibits 1 (Goldberg), 2 (Henderson), and 3 (Testa) to this Memorandum.

The Goldberg report is relied on heavily in the Complaint. As that document makes clear, the investigation consisted of "a review of documents and recordings submitted by the witnesses and Human Resources, as well as interviews with[]" thirteen witnesses. ECF 1-1 at 3. It then makes several factual findings, based on the review of records and witness interviews, and concludes that there were four instances of "retaliatory conduct ... supported by the factual findings" made in the report. ECF 1-1 at 24. The other two reports are based on a similar process and format, and, as set forth below, all of those Reports are inadmissible. Therefore, Defendants' motion in limine should be granted.

## II.   ARGUMENT

### A.   Legal standard

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Motions in limine provide the court the opportunity to adhere to this instruction and "rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 185 (D. Conn. 2022). Whether to grant a motion in limine is an evidentiary decision squarely within the discretion of the trial court. *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024); *see also SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 262–63 (D. Conn. 2017) ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." (citation and quotation marks omitted)). "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d at 263 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

3

**B.**     **The Investigation Reports and related testimony and documents should be excluded because their admission would mislead the jury, confuse the issues, usurp the jury's role, and would be unduly prejudicial.**

Introduction of the Investigation Reports, including testimony and argument related to the findings and conclusions contained in the Investigation Reports, should be excluded because any probative value regarding the Investigation Reports is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and usurping the jury's role.

Even where evidence is relevant pursuant to Federal Rule of Evidence 401, "it is still subject to the balancing test of Federal Rule of Evidence 403[.]" *Wright v. Snyder*, No. 3:21CV00104(SVN), 2024 WL 811998, at *6 (D. Conn. Feb. 27, 2024). Federal Rule of Evidence 403 provides that evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Likewise, evidence that "would usurp the role of the jury and present dangers of confusing the issues and misleading the jury[]" is properly excluded under Rule 403. *Hardy v. Adams*, 654 F. Supp. 3d 159, 173 (N.D.N.Y. 2023).

The Investigation Reports consist of lengthy descriptions of factual findings surrounding the alleged protected activities and retaliatory conduct, presented in narrative format without citation to the source of the evidence, findings of retaliatory conduct, and conclusions reached by the author. The risk of prejudice against Defendants presented by the introduction of these reports, and arguments related to the same, is immense. Because the Investigation Reports consists entirely of factual findings and conclusions based on a review of documents and witness testimony, it wholly usurps the jury's role as fact-finder and ultimate arbiter of this case. It is well settled that "evidence which invades the exclusive province of the jury should be excluded."

4

*McClain v. Pfizer Inc.*, No. 3:06CV01795(VLB), 2010 WL 746777, at *2 (D. Conn. Mar. 1, 2010) (citing *Rubens v. Mason*, 387 F.3d 183, 190–191 (2d Cir. 2004); *Andrews v. Metro North Commuter R. Co.*, 882 F.2d 705, 708–709 (2d. Cir.1989)). Accordingly, courts in this circuit have routinely excluded reports under this principle, including those prepared by independent counsel that contain findings and conclusions that are the responsibility of the jury to determine. *E.g.*, *Thomas v. Metro. Dist.*, No. 3:12CV00221(WWE), 2016 WL 2888954, at *1 (D. Conn. May 17, 2016) (excluding a report prepared by outside counsel after an independent investigation into plaintiff's claims of discrimination, holding that "[a]dmission of the report's conclusions could usurp the fact-finding role of the jury and 'invade the province of the court to determine the applicable law and to instruct the jury as to that law[]' (quoting *F.A.A. v. Landy*, 705 F. 2d 624, 623 (2d Cir. 1983))); *McClain*, 2010 WL 746777, at *2 (excluding a final OSHA decision and Department of Public Health Report on the ground that they reached "ultimate conclusions that a jury would have to make on its own[,]" noting that those "conclusions are within the exclusive domain of the jury"); *Chisholm v. Sloan-Kettering*, No. 1:09CV08211(VM), 2011 WL 2015526, at *2 (S.D.N.Y. May 13, 2011) (excluding an EEOC determination on the basis "that the risk that admitting the Determination would suggest to the jury that it should reach the same conclusion as the EEOC outweighs any probative value that the Determination may have[]"); *Kyle v. City of New York*, No. 1:03CV03540(SLT)(KAM), 2006 WL 2375462, at *1 (E.D.N.Y. Aug. 15, 2006) (excluding an EEO decision on the basis that "[e]vidence of administrative decisions containing factual conclusions, that, if taken at face value, might reasonably be construed as foreclosing deliberation on an element of Plaintiff's case pose a significant risk of unfair prejudice to the party against whom it is offered" (citation and quotation marks omitted)).

5

The prejudicial nature of the Goldberg Investigation Report is furthered by the conclusory "findings of retaliatory conduct," half of which are made without any explanation of the burden of proof used in the investigation, and all of which are without any legal standard used to reach those retaliation findings. The investigation and resulting Investigation Reports were arranged by the BOE to provide it with the information necessary to make decisions with respect to Plaintiff's complaint and the countercomplaint, not to serve as a mechanism for Plaintiff to avoid proving her allegations and sustaining her legal burden by presenting the jury with ultimate findings and conclusions made without adherence to the Rules of Evidence. Allowing these findings and conclusions to be presented to the jury when those findings were not based on the legal standard that the jury will need to apply will only serve to mislead and confuse the jury. *See Dollman*, 2011 WL 3911035, at *1 (excluding a determination made by the New York State Division of Human Rights based, in part, on the fact that the determination applied a different standard of proof, thus "rais[ing] the considerable possibility of juror confusion"); *Hampson v. State Farm Mut. Auto Ins. Co.*, No. 1:12CV00258(BKS)(CFH), 2015 WL 12733388, at *3 (N.D.N.Y. Oct. 22, 2015) (precluding introduction of evidence that the Social Security Administration determine that plaintiff was disabled on the basis that sustaining her legal claims would require application of a different standard and "would only serve to confuse and mislead the jury[]" (citation and quotation marks omitted).

Furthermore, the factual findings that serve as the basis for the findings of retaliatory conduct and conclusions in the Investigation Reports are based on the Investigators' credibility determinations. *See, e.g.*, ECF 1-1 at 15 ("Therefore, the credibility assessment supports..."). As this Court is well aware, the "credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the

trial." *United States v. Scop*, 846 F.2d 135, 142 (2d Cir.), *on reh'g*, 856 F.2d 5 (2d Cir. 1988) (citing *United States v. Richter*, 826 F.2d 206, 208 (2d Cir.1987)); *see also Kidder, Peabody & Co. v. IAG Int'l Acceptance Grp., N.V.*, 14 F. Supp. 2d 391, 399 (S.D.N.Y. 1998) (excluding testimony of outside counsel retained by plaintiff, who conducted an pre-suit investigation and prepared a corresponding report, in part because his testimony concerned conclusions based on his assessment of witness testimony, noting that resolution of plaintiff's claims "will largely depend upon the jury's weighing of witness veracity[]").

In stark contrast to the immense prejudice that Defendants would inevitably suffer by the introduction of the Investigation Reports, the probative value of the Investigation Reports is minimal because Plaintiff "will have a 'full opportunity to present to the jury all the evidence'" relied on in the course of the investigation and preparation of the Investigation Report. *Dollman v. Mast Indus., Inc.*, No. 1:08CV10184(WHP), 2011 WL 3911035, at *1 (S.D.N.Y. Sept. 6, 2011) (quoting *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998)); *see also Kyle*, 2006 WL 2375462, at *1 ("Additionally, the risk of unfair prejudice cannot be easily outweighed where, as here, the party seeking to introduce administrative findings will have a full and fair opportunity at trial to present the evidence it submitted to the agency."); *McClain*, 2010 WL 746777, at *2 (noting that the conclusions in the excluded report were "based on facts which are expected to be introduced at trial").

The prejudice that would inevitably result from the introduction of the Investigation Reports, including testimony and argument related to the findings and conclusions contained in the Investigation Reports, is precisely the type of prejudice that Rule 403 contemplates protection against. Thus, Plaintiff should not be permitted to introduce the Investigation Reports

7

or other evidence, including testimony or other documents, regarding the findings and conclusions made in the Investigation Reports.

###    C.    The Investigation Report Should be Excluded Because it Contains Multiple Layers of Inadmissible Hearsay.

In addition to being inadmissible under Rule 403, the Investigation Reports contains multiple layers of inadmissible hearsay and is thus inadmissible to prove the truth of its contents under Rule 802.

Hearsay is defined by the Rules as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay is not admissible unless" a Federal Rule of Evidence, a federal statute, or a rule prescribed by the Supreme Court "provides otherwise[.]" Fed. R. Evid. 802; *see also United States v. Carneglia*, 256 F.R.D. 384, 391 (E.D.N.Y. 2009) ("Any statement that is made by a declarant not testifying at trial, offered in evidence to prove the truth of the matter asserted, is excluded as hearsay absent applicability of one of the hearsay exceptions provided in the Federal Rules of Evidence or a relevant statute."). "Where reports contain statements of witnesses, the contents of the reports may not be admitted without an analysis of hearsay." *Carneglia*, 256 F.R.D. at 391.

Here, the entirety of the Goldberg Investigation Report, for example, is based on "a review of documents and recordings submitted by the witnesses and Human Resources, as well as interviews with[]" thirteen witnesses; it is not based on the personal knowledge of the author. ECF #1-1 at 3. The other two reports similarly rely on hearsay from interviews and documents.

8

"The report thus contains hearsay statements that have not been supplemented by" sworn testimony of "employees who have personal knowledge" of the events, and is therefore "inadmissible evidence." *D.I. Eng. Corp. v. Nippon Express USA, (Illinois), Inc.*, No. 1:96CV06843(LMM), 2000 WL 1218410, at *3 (S.D.N.Y. Aug. 28, 2000).

In addition, the Investigation Reports makes several references to statements relayed to a witness, adding another layer of hearsay statements. s*See, e.g., id.* at 5 ("Ms. Clariano also stated that Ms. Grubaugh and a parent named Dominique would mention Ms. Light's comments to her after Board meetings and seek comfort or confirmation that sending their children to school was safe."); Fed. R. Evid. 805 (each layer of hearsay must "conform[] with an exception to the rule[]" in order to be admissible).

As noted above, the Court should exclude the entirety of the Investigation Reports because it is inadmissible hearsay and no exception or exemption applies.

**D.    The Testimony of the Attorneys Who Prepared the Investigation Report Should Be Excluded Due to Their Lack of Personal Knowledge.**

Because the Investigation Reports are inadmissible, any testimony of the Investigators— Rebecca Goldberg, Paul Testa, and Chris Henderson—regarding the underlying facts, findings, or conclusions contained in the Investigation Report should likewise be excluded. As discussed extensively above, any testimony regarding the contents of the Investigation Report would be prejudicial and without probative effect in the same manner that the report itself would. *See supra* Section II.B.

Additionally, any testimony from these attorneys regarding the contents of the Investigation Reportss is properly excluded because it would not be based on their personal knowledge, rather, it would be based on their "review of documents and recordings" and interviews with witnesses. ECF 1-1 at 3. A witness is only permitted to testify to matters of

which they have "personal knowledge of[.]" Fed. R. Evid. 602. At best, these attorneys have only secondhand knowledge of the facts, rendering their testimony inadmissible. *See Vill. of Freeport v. Barrella*, 814 F.3d 594, 612 (2d Cir. 2016) (district court's admission of lay opinion testimony without basis in personal knowledge was an abuse of discretion); *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 87 (2d Cir. 2005) ("The witness's testimony must be based on events perceived by the witness." (citation and quotation marks omitted)). Thus, any testimony of the Investigators regarding the contents of the Investigation Report is based on lack of personal knowledge and is thus inadmissible. *See Green v. Morse*, No. 1:00CV06533(CJS), 2006 WL 2128609, at *1 (W.D.N.Y. May 26, 2006) (excluding affidavit testimony of declarants where their statements were based on an unusual incident report that the declarants had no personal knowledge of).

The Investigators would have no relevant testimony to offer beyond that which, as established above, would be inadmissible under Rules 403, 802, and 602. Accordingly, the Court should preclude the introduction of the Investigators as witnesses at trial.

## III.   CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant their motion and preclude (1) the introduction of the Investigation Reports, (2) testimony related to the contents of the Investigation Report, (3) testimony from Attorneys Rebecca Goldberg, Paul Testa, and Chris Henderson, and (4) any documents related to the prior three categories.

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By____/s/ Peter J. Murphy_____
 Peter J. Murphy (ct26825)
 Shipman & Goodwin LLP
 One Constitution Plaza
 Hartford, CT  06103-1919
 Telephone: (860) 251-5950
 Facsimile:  (860) 251-5316
 pjmurphy@goodwin.com
 Their Attorney

11