UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:22-cv-00425(JBA) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
| Defendants. | : | JULY 15, 2024 |

MEMORANDUM OF LAW IN SUPPORT
OF MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF SUBSEQUENT ACTS

Plaintiff Jessica Light ("Plaintiff") has indicated that she intends to offer into evidence

testimony and documents related to events occurring after she filed this lawsuit, and

Defendants believe that she will argue that these are additional instances of retaliation. In the

alternative, Plaintiff may argue that they show ongoing harm and therefore go to damages.

Admission of such evidence under either basis would be improper, and, therefore, defendants

the New Haven Board of Education (the "BOE") and Margaret-Mary Gethings

("Gethings")(collectively "Defendants") move to preclude such evidence and any testimony

about such evidence.

## I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On March 30, 2022, Plaintiff commenced this lawsuit against Defendants, asserting

four counts: (1) Violation of Conn. Gen. Stat. § 31-51q (against the BOE); (2) Retaliation

Based on the Exercise of Free Speech in Violation of 42 U.S.C. § 1983 (against Gethings); (3)

False Light (against Gethings); and (4) Defamation (against Gethings). ECF 6 at 17-19.

Plaintiff's allegations arise from a pattern of public statements she made regarding the BOE's

handling of the COVID-19 pandemic. Plaintiff alleges Defendants retaliated against her for

21406535.1

making those statements, in violation of her right to free speech. In April 2021, Plaintiff submitted a complaint to the BOE's Human Resources department about Gethings and the Assistant Principal in connection with these allegations. In March 2022, Plaintiff then filed this lawsuit. ECF 6. Plaintiff never moved to amend her lawsuit to include any alleged acts of retaliation occurring she filed her lawsuit. Nevertheless, in her proposed exhibit list Plaintiff has indicated that she intends to offer certain exhibits that relate to incidents that happed after March 2022. For example, Plaintiff seeks to offer to notes that she allegedly found in her classroom after March 2022. Plaintiff voluntarily transferred from Worthington Hooker school to Ross Woodward school for the 22-23 school year. Plaintiff now seeks to offer testimony related to a subsequent application she submitted to return to a third grade position at Worthington Hooker school. At all times, Plaintiff has had one or both of her children attending Worthington Hooker. Defendants are aware of numerous issues Plaintiff has raised with the BOE concerning her children's' education at Worthington Hooker, contending that they are additional incidents of retaliation by the Board or Principal Gethings. Plaintiff may seek to testify about all of these subsequent acts, and more, at trial. Defendants now move to preclude any such testimony.

## II.    ARGUMENT

### A.    Legal standard

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Motions in limine provide the court the opportunity to adhere to this instruction and "rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Bryant v. City of Hartford*, 585

2

21406535.1

F. Supp. 3d 179, 185 (D. Conn. 2022). Whether to grant a motion in limine is an evidentiary decision squarely within the discretion of the trial court. *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024); *see also SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 262–63 (D. Conn. 2017) ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." (citation and quotation marks omitted)). "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d at 263 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

**B.     Evidence and testimony related to subsequent acts should be excluded because their admission would mislead the jury, confuse the issues, usurp the jury's role, and would be unduly prejudicial.**

The parties have litigated this case based on the allegations and the complaint, which address retaliation occurring before March 2022. Evidence concerning acts occurring after Plaintiff filed her Complaint should be excluded because such evidence is irrelevant and any probative value regarding such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and usurping the jury's role.

i.     Subsequent acts are irrelevant.

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." Highland Cap. Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y.

21406535.1

2008) (internal citation omitted). Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant acts are not admissible. Fed. R. Evid. 402.

Here, the issue before the Court based on the allegations in the Complaint is whether the acts allegedly taken in 2021 and early 2022, before Plaintiff filed her complaint in March 2022, were adverse employment actions under federal law or discipline under state law. Evidence of acts occurring after March 2022 shed no light on acts occurring before that time, especially when some of the subsequent acts or situations are two or more years after Plaintiff's protected speech. For example, Plaintiff voluntarily left Worthington Hooker and moved to a different school. Whether she applied to return to Worthington Hooker for the 2023-2024 school year and whether that application was successful have nothing to do with the incidents that occurred in 2021 or early 2021. As such, the Court should preclude all testimony and any exhibits related to alleged acts of retaliation that occurred after March 2022 due to Plaintiff's failure to amend her complaint and bring such issues squarely into this lawsuit.

      ii.    <u>Subsequent acts are inadmissible under Rule 403.</u>

Even where evidence is relevant pursuant to Federal Rule of Evidence 401, "it is still subject to the balancing test of Federal Rule of Evidence 403[.]" *Wright v. Snyder*, No. 3:21CV00104(SVN), 2024 WL 811998, at *6 (D. Conn. Feb. 27, 2024). Federal Rule of Evidence 403 provides that evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the

21406535.1

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Likewise, evidence that "would usurp the role of the jury and present dangers of confusing the issues and misleading the jury[]" is properly excluded under Rule 403. *Hardy v. Adams*, 654 F. Supp. 3d 159, 173 (N.D.N.Y. 2023).

Here, Plaintiff may attempt to argue that someone allegedly leaving notes in her classroom after March 2022 constitutes additional incidents of retaliation. Or Plaintiff may attempt to argue that certain actions taken or decisions made in regard to her child's education at Worthington Hooker after March 2022 constitute additional incidents of retaliation. Such acts are not part of this lawsuit, and the risk of prejudice against Defendants presented by the introduction of such evidence is high as it would suggest that the jury could find retaliation based on incidents that were never added to Plaintiff's Complaint. Moreover, it would unduly delay these proceeding by requiring additional testimony and exhibits from both parties. For example, if Ms. Light is allowed to introduce the two notes that allegedly were left in her classroom, it would require Defendants to introduce testimony and exhibits concerning the investigation into those documents, the conclusions reached, and steps taken to address them. All of that evidence would have no probative value to the 2021 and 2022 incidents at issue in this case, yet would be highly prejudicial to Defendants. Thus, Plaintiff should not be permitted to introduce the Investigation Reports or other evidence, including testimony or other documents, regarding the findings and conclusions made in the Investigation Reports

## III.    CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant their motion and preclude any evidence of alleged subsequent acts of retaliation.

21406535.1

DEFENDANTS,

NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By____/s/ Peter J. Murphy_____
    Peter J. Murphy (ct26825)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 251-5950
    Facsimile:  (860) 251-5316
    Their Attorney

6

21406535.1