**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:22-cv-00425(JBA) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
|     Defendants. | : | JULY 22, 2024 |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**
**RE: THREE BERCHEM MOSES INVESTIGATIVE REPORTS**

Defendants New Haven Board of Education (the "BOE") and Margaret-Mary Gethings ("Gethings") (collectively "Defendants") hereby oppose Plaintiff Jessica Light's ("Plaintiff") Motion in Limine Re: Three Berchem Moses Investigative Reports (ECF 69) (the "Motion"). By the Motion, Plaintiff seeks an order entering into evidence three reports prepared by attorneys from Berchem Moses PC in connection with investigations they performed (the "Investigation Reports"). ECF 69 at 1. On July 15, 2024, Defendants filed a motion in limine seeking the preclusion of the Investigation Reports and related testimony and documents. ECF 75.

## I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On March 30, 2022, Plaintiff commenced this lawsuit against Defendants, asserting four counts: (1) Violation of Conn. Gen. Stat. § 31-51q (against the BOE); (2) Retaliation Based on the Exercise of Free Speech in Violation of 42 U.S.C. § 1983 (against Gethings); (3) False Light (against Gethings); and (4) Defamation (against Gethings). ECF 6 at 17-19. On July 17, 2023, Defendants filed a motion for summary judgment seeking summary judgment on all counts, ECF 21, and on March 19, 2024, the Court (Meyer, J.) issued an order granting summary judgment as to count three in its entirety, granting summary judgment in part as to count four, and denying

summary judgment as to counts one and two, leaving only claims of retaliation and false light as to "Gethings' allegedly false statement that Light disclosed Teacher X's COVID status." ECF 49 at 21.

Plaintiff's allegations arise from a pattern of public statements she made regarding the BOE's handling of the COVID-19 pandemic. Plaintiff alleges Defendants retaliated against her for making those statements, in violation of her right to free speech. In April 2021, Plaintiff submitted a complaint to the BOE's Human Resources department about Gethings and the Assistant Principal in connection with these allegations, and Gethings and the Assistant Principal filed a countercomplaint. ECF 49 at 6. In addition, another teacher filed a complaint against Plaintiff. The BOE hired the law firm of Berchem Moses PC ("Berchem") to conduct an independent investigation and prepare reports summarizing their findings. ECF 49 at 7. Berchem issued three reports by three different attorneys: (1) one by Attorney Rebecca Goldberg, addressing Plaintiff's complaint; (2) one by Attorney Paul Testa, addressing the complaint by Gethings and the Assistant Principal; and (3) one by Attorney Chris Henderson, addressing the complaint submitted against Plaintiff by another teacher (collectively "the Investigation Reports"). A copy of the Goldberg report was attached to the Complaint. *See* ECF 1-1.

The Goldberg report is relied on heavily in the Complaint. As that document makes clear, the investigation consisted of "a review of documents and recordings submitted by the witnesses and Human Resources, as well as interviews with[]" thirteen witnesses. ECF 1-1 at 3. It then makes several factual findings, based on the review of records and witness interviews, and concludes that there were four instances of "retaliatory conduct … supported by the factual findings" made in the report. ECF 1-1 at 24. The other two reports are based on a similar process

and format. On July 15, 2024, Defendants filed a Motion in Limine seeking to preclude the introduction of the investigation reports and related documents and testimony. ECF 75. For the reasons outlined in that motion and contained herein, all of the Investigation Reports are inadmissible in their entirety, regardless of the reason for which they are offered.

## II.    ARGUMENT

### A.    Legal Standard

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Motions in limine provide the court the opportunity to adhere to this instruction and "rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 185 (D. Conn. 2022). Whether to grant a motion in limine is an evidentiary decision squarely within the discretion of the trial court. *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024); *see also SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 262–63 (D. Conn. 2017) ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." (citation and quotation marks omitted)). "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d at 263 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

### B.    The Investigation Reports Should be Excluded Because Any Probative Value is Substantially Outweighed by the Prejudice to Defendants.

As a threshold inquiry, the Court must determine whether the offered evidence is relevant pursuant to Rule 401 and whether the relevance of the evidence is outweighed by one of the dangers outlined in Rule 403. Rule 403 provides that evidence may be excluded "if its probative

3

value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Likewise, evidence that "would usurp the role of the jury and present dangers of confusing the issues and misleading the jury[]" is properly excluded under Rule 403. *Hardy v. Adams*, 654 F. Supp. 3d 159, 173 (N.D.N.Y. 2023).

For the reasons set forth in the memorandum of law submitted in support of Defendants' motion in limine seeking to preclude the introduction of the Investigation Reports and related documents and testimony, introduction of the Investigative Reports and related testimony and documents would mislead the jury, confuse the issues, usurp the jury's role, and would be unduly prejudicial. *See generally* ECF 75-1 at 4-8. Defendants incorporate the argument contained therein by reference.

Plaintiff also seeks to admit the Investigation Reports "to show the effect/impact the reports had on [Plaintiff], as well as Defendant New Haven Board of Education in December 2021 through February 2022." ECF 69-1 at 1, 10-12. Even if not offered for the truth of the matter asserted, the Investigation Reports would still be in front of the jury and be unduly prejudicial to Defendants. Plaintiff's argument that the Investigative Reports should be admitted for reasons other than the truth of the matter asserted are unavailing because it fails to account for the prejudice to Defendants that would result if the Investigation Reports were admitted for any purpose. *See* ECF 75-1 at 4-8. Thus, Plaintiff should be precluded from introducing the Investigation Reports for any purpose.

C.      **The Business Records Exception to the Hearsay Rule Does Not Apply to the Investigation Reports.**

Plaintiff concedes that the Investigation Reports contain hearsay statements, however, she asserts that "they are admissible under the business records exception[]" in Fed. R. Evid. 803(6).

The business records exception enumerated in Fed. R. Evid. 803(6) allows for the introduction of

"[a] record of an act, event, condition, opinion, or diagnosis" that is otherwise hearsay if:

> **(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Here, the Investigation Reports do not qualify as a business record such that Plaintiff can overcome that they consist entirely of hearsay. Crucially, the Investigation Reports were not "kept in the course of a regularly conducted activity" of the BOE. Fed R. Evid. 803(6)(B). Plaintiff asserts, without explanation, that the Investigation Reports were "kept as part of regularly conducted activity by Defendant NHBOE." ECF 69-1 at 9. However, there is no basis to claim that the hiring of outside counsel to investigate and prepare reports regarding their investigation is within the "course of a regularly conducted activity" of the BOE; rather, the very need to engage outside counsel demonstrates that the Investigation Reports were outside of the normal course of business.

Plaintiff, relying on *Malek v. Fed. Ins. Co.*, 994 F.2d 49 (2d Cir. 1993), asserts that "[c]ourts have long held that investigative reports are business records." ECF 69-1 at 9. Plaintiff is mistaken: not all investigative reports are created equal. Although there are categories of investigative reports that have generally been held that they may, with limitations,

qualify as business records for purposes of Rule 803(6),[1] reports made in connection with an independent, outside investigation, are not. For example, in *Thomas v. Metro. Dist.*, No. 3:12-CV-00221-WWE, 2016 WL 2888954 (D. Conn. May 17, 2016), the court considered the admissibility of a report prepared by "outside counsel" in connection with an investigation into "plaintiff's complaints of racial discrimination and retaliation against defendant." The court declined to admit the report from the investigation and its conclusions because it "is not the kind of regularly conducted activity contemplated by the business records exception, as it required significant, subjective interpretation of interview results followed by legal analysis of those findings." *Id.* The same is true here. As in *Thomas*, the Investigation Reports, which detail witness interviews, make factual findings, and draw inferences and legal conclusions, were made utilizing a process that "is a far cry from the simple act of recording observable information—the type of regularly conducted activity envisioned by this exception." *Abascal v. Fleckenstein*, 820 F.3d 561, 565–66 (2d Cir. 2016); *see also In re Worldcom, Inc. Sec. Litig.*, No. 1:02CV03288(DLC), 2005 WL 491402, at *1 (S.D.N.Y. Mar. 3, 2005) (excluding a "Report of Investigation by the Special Investigative Committee of the Board of Directors" on the ground that it did not qualify as a business record for purposes of Rule 803(6)).

In addition, the very purpose of the business records exception "is to ensure that documents were not created for 'personal purpose[s] ... or in anticipation of any litigation' so

---

[1] Examples of such reports include police reports, reports by social workers, and reports by internal human resources departments. *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 53 (2d Cir. 1993) ("Barber's case notes were records kept by the Orange County Department of Social Services in the regular course of business. These case notes were taken in the normal course of business, as Barber was the social worker responsible for the case file concerning the Agrillo children."); *Kokoska v. City of Hartford*, No. 3:12-CV-01111 WIG, 2014 WL 4724875, at *3 (D. Conn. Sept. 23, 2014) ("Rule 803(6), Fed.R.Evid., commonly referred to as the "business records exception" to the hearsay rule, has been applied to allow to allow the admission of police reports made in the regular course of police business and based upon information from eye witnesses."); *Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 TPS, 2013 WL 6842895, at *2 (D. Conn. Dec. 23, 2013) ("Courts have also held, albeit in the context of adjudicating dispositive motions, that human resource department investigations constitute business records under Rule 803(6).").

that the creator of the document 'had no motive to falsify the record in question.'" *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010) (quoting *United States v. Freidin,* 849 F.2d 716, 719 (2d Cir.1988)). It "'is designed to capture records that are likely accurate and reliable in content, as demonstrated by the trustworthiness of the *underlying sources of information* and the process by which and purposes for which that information is recorded.'" *United States v. Hunt*, 534 F. Supp. 3d 233, 254 (E.D.N.Y. 2021) (quoting *United States v. Browne*, 834 F.3d 403, 410 (3d Cir. 2016) (collecting cases)) (emphasis added). Accordingly, Rule 803 provides that proffered evidence is not admissible under the business records exception if "the *source* of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Civ. P. 803(6)(E) (emphasis added). The Investigation Reports cannot be admitted as business records because, in addition to not being prepared in the regular course of business, they were prepared based largely on the statements of witnesses who were being interviewed in connection with an investigation—an investigation that was deemed to be of such significance that it warranted hiring outside counsel to perform that investigation, rather than relying on any internal process. This is the exact concern articulated by the Second Circuit when it reiterated that documents prepared in anticipation of litigation. *Kaiser*, 609 F.3d at 574. In fact, the advisory committee also articulated this very concern:

> If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail. An illustration is the police report incorporating information obtained from a bystander: the officer qualifies as acting in the regular course but the informant does not.

Fed. R. Evid. 803 advisory committee's note to 1972 amendment. Plaintiff attempts to circumvent this concern by stating that the "reports have supporting indication of trustworthiness as they were prepared by neutral parties[,]" ECF 69-1 at 9, but fail to

acknowledge that the true inquiry lies with the source of the information underlying the preparation of those reports. Here, the underlying source of information rests with the statements of the witnesses who were interviewed by the attorneys who prepared the Investigation Reports. ECF 1-1 at 3 ("This investigation included a review of documents and recordings submitted by the witnesses and Human Resources, as well as interviews with" thirteen witnesses.). The witnesses are thus akin to the "informant" in the example offered by the advisory committee and thus were not acting in the regular course of business such that the Investigation Reports based on their statements have the required level of trustworthiness to qualify for admission under the business records exception.

In sum, despite Plaintiff's bald assertions, the Investigation Reports are the very type of record the Federal Rules of Evidence ensure are *not* admitted as evidence. They are not admissible under the business records exception to hearsay found in Rule 803(6) and are thus inadmissible hearsay. Accordingly, Plaintiff's motion should be denied.

## III.    CONCLUSION

For the reasons set forth herein, as well as in Defendants' Motion in Limine to Preclude Evidence Introduction of the Investigation Reports and Related Documents and Testimony (ECF 75), Defendants respectfully request that the Court deny Plaintiff's Motion in Limine Re: Three Berchem Moses Investigative Reports (ECF 69), and preclude those reports and related testimony and exhibits from evidence at the trial in this matter.

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By    /s/ Peter J. Murphy
    Peter J. Murphy (ct26825)
    Chelsea C. McCallum (ct31586)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 25l-5950
    Facsimile: (860) 251-5316
    pjmurphy@goodwin.com
    cmccallum@goodwin.com
    Their Attorneys