**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:22-cv-00425(JBA) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
|     Defendants. | : | JULY 22, 2024 |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**
**RE: PLAINTIFF'S RECORDINGS AND/OR TRANSCRIPTS OF MEETINGS**

Defendants New Haven Board of Education (the "BOE") and Margaret-Mary Gethings ("Gethings") (collectively "Defendants") hereby oppose Plaintiff Jessica Light's ("Plaintiff") Motion in Limine Re: Plaintiff's Recordings and/or Transcripts of Meetings (ECF 73). By the Motion, Plaintiff seeks an order entering into evidence Plaintiff's secret recordings of meetings, and transcripts of those meetings, that occurred on November 2, 2020, March 26, 2021, March 31, 2021, April 20, 2021, January 14, 2022, and February 10, 2022 (collectively, the "Recordings"). ECF 73 at 1; ECF 73-1 at 6-16.

I.       **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On March 30, 2022, Plaintiff commenced this lawsuit against Defendants, asserting four counts: (1) Violation of Conn. Gen. Stat. § 31-51q (against the BOE); (2) Retaliation Based on the Exercise of Free Speech in Violation of 42 U.S.C. § 1983 (against Gethings); (3) False Light (against Gethings); and (4) Defamation (against Gethings). ECF 6 at 17-19. On July 17, 2023, Defendants filed a motion for summary judgment seeking summary judgment on all counts, ECF 21, and on March 19, 2024, the Court (Meyer, J.) issued an order granting summary judgment as to count three in its entirety, granting summary judgment in part as to count four, and denying

summary judgment as to counts one and two, leaving only claims of retaliation and false light as to "Gethings' allegedly false statement that Light disclosed Teacher X's COVID status." ECF 49 at 21.

Plaintiff's allegations span from the summer of 2020 through January 26, 2022. ECF 6 at 3, ¶ 9; 17, ¶ 73. During that time, Plaintiff had meetings with several individuals associated with the BOE and the New Haven Teacher's Union (the "Union"). These meetings include:

- November 2, 2020, meeting with Gethings and the Assistant Principal, Jenny Clarino ("Clarino")
- March 26, 2021, meeting with Gethings and Clarino
- March 31, 2021, meeting with Gethings, Clarino, and two teachers, Judy Cavanaugh and Kathleen Morrison
- April 20, 2021, meeting with Gethings, Clarino, and Dave Cicarella, President of the Union
- January 14, 2022, meeting with the BOE Human Resources Director, Lisa Mack; the BOE Labor Relations Manager, Taryn Bonner; and Pat DeLucia ("DeLucia") and Leslie Blatteau ("Blatteau"), the Vice President and Executive Leader of Local 933, the New Haven Federation of Teachers, respectively
- February 10, 2022, meeting with Gethings, Clarino, DeLucia, Blatteau, and Sequella Coleman, the President of the School Administrators Association of New Haven

In the course of this litigation, it was revealed that Plaintiff had secretly recorded each of these meetings. On June 13, 2022, the Court entered a scheduling order setting April 1, 2023, as the deadline for discovery. ECF 13. On March 17, 2023, the Court, granting a request from the parties, extended the discovery deadline to June 1, 2023. ECF 19. During discovery, Plaintiff timely produced recordings of the above-listed meetings. However, on July 11, 2024, over a year after the close of discovery, Plaintiff produced transcripts of those recordings (the "Transcripts"). *See* Exhibit 1 (email from court reporter with transcripts of the Recordings). By way of her motion in limine, Plaintiff seeks a sweeping order admitting the Recordings and the Transcripts. For the reasons set forth herein, Plaintiff's motion should be denied.

## II.       **ARGUMENT**

### A.       **The Court Should Not Give Plaintiff Carte Blanche Permission to Introduce the Audio Recordings In Advance of Trial.**

By seeking an evidentiary ruling permitting her to introduce the Recordings, Plaintiff asks this Court to mass-admit nearly six hours of audio recordings involving twelve different parties. This is not a proper use of the motion in limine: the admissibility of any portions of the Recordings that Plaintiff intends to introduce should be addressed at the time Plaintiff seeks to introduce them at trial when the evidence can be placed in factual context.

Motions in limine are utilized to address "discrete items of evidence[;]" they are not properly employed "as preemptive weapons" targeted to "whole topics and sources of prospective evidence that each side anticipates the other may contemplate introducing at some point during the course of the trial, out of context and before any specific objection against its proper backdrop is raised." *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 566 (S.D.N.Y. 2017); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (delaying decision on evidentiary issues presented in motion in limine until trial where the evidence would be placed in the appropriate factual context). "It is common for courts to reserve judgment on a motion in limine until trial so that the motion can be placed in the appropriate factual context. Indeed, many Courts have found that it is the better practice to deal with questions of admissibility as they arise." *Home Depot U.S.A., Inc. v. G & S Invs./Willow Park, L.P.*, No. 00-CV-676(TCP ARL), 2005 WL 3018701, at *9 (E.D.N.Y. Nov. 7, 2005), *vacated in part sub nom. on other grounds ReliaStar Life Ins. Co. of New York v. Home Depot U.S.A., Inc.*, 570 F.3d 513 (2d Cir. 2009).

Here, the only appropriate approach is to address the admissibility of the Recordings as Plaintiff seeks to offer them—or, more likely, portions of them—at trial. Ultimately, "before any

specific [evidence] may be placed before the jury, relevance and a proper foundation must be laid…. Possibly such linkage may be provided, *e.g.*, through the testimony of defendants' [witnesses] or via properly authenticated documents otherwise tied to the defendant under consideration. And the balancing process under FRE 403 must be undertaken as well." *United States v. Atias*, No. 14-CR-0403(DRH), 2017 WL 764746, at *3 (E.D.N.Y. Feb. 27, 2017). At this stage, the court simply does not have the information necessary to rule on the admissibility of all of the Recordings, nor is this carte blanche approach to the introduction of evidence appropriate. *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 8270427, at *3 (S.D.N.Y. Dec. 7, 2015), *corrected sub nom. In re: Gen. Motors LLC*, No. 14-MD-2543 (JMF), 2015 WL 9480477 (S.D.N.Y. Dec. 29, 2015) ("All in all, the motion is not an especially productive use of the *in limine* process, as it is little more than a laundry list of disparate items[.]").

Nor is it appropriate for the Court to make sweeping rulings on hearsay exceptions that may be applicable to six hours of audio recordings. *Cf. Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 188–89 (S.D.N.Y. 2008) ("At this juncture, the Court cannot issue an *in limine* ruling excluding *all* of these taped conversations. Each conversation ultimately introduced by Highland and RBC may have unique features that require unique consideration by the Court, particularly as it may relate to hearsay."). Although hearsay exceptions may apply to certain portions of the Recordings, again, it is not clear which portions of the Recordings Plaintiff may seek to introduce at trial. The Court will be better poised at the time of introduction to determine whether there are any hearsay concerns. *Okeke v. New York & Presbyterian Hosp.*, No. 16-CV-570 (CM), 2017 WL 2484200, at *3 (S.D.N.Y. June 6, 2017) ("Motions in limine are inappropriate vehicles for trying to anticipate all the hearsay that a party might attempt to

4

introduce."). It likewise bears noting that the Recordings also present the risk of double hearsay, wherein Plaintiff will need to establish that a hearsay exception applies to each layer of hearsay. Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

Ultimately, Plaintiff's unusual approach of attempting to utilize a motion in limine to admit evidence without laying the proper foundation and to prevent Defendants from raising any number of appropriate objections that will become apparent at the time Plaintiff seeks to introduce any given portion of the Recordings is wholly inappropriate and should not be endorsed by this Court. Thus, the Court should deny Plaintiff's Motion and make the appropriate evidentiary rulings as circumstances warrant.

**B.    Any Probative Value of the Transcripts is Outweighed by Prejudice to the Defendants Caused by their Late Disclosure.**

In addition to the Recordings, Plaintiff seeks to introduce transcripts, prepared by a court reporter, of those recordings. Any probative value of the Transcripts would be outweighed by their prejudice to Defendants primarily brought on by Plaintiff's untimely disclosure of the Transcripts.

On March 16, 2023, the parties filed a joint motion for the extension of case deadlines, ECF 19, which Court granted on March 17, 2023, thereby extending the discovery deadline to June 1, 2023. ECF 20. The recordings themselves were timely produced, however, the transcripts were not produced until July 11, 2024, over a year after the close of discovery and less than a month before trial is set to begin. ECF 51.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ.

P. 37(c)(1). When determining whether to exercise its discretion to exclude evidence, the Court considers: "'(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance.'" *Clones Inv., LLC v. People's Ins. Co. of China Prop. & Cas. Co. Ltd.*, 792 F. App'x 126, 128 (2d Cir. 2020) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)). Although exclusion of evidence pursuant to Rule 37(c)(1) is technically considered a sanction, a showing of bad faith is not required for the District Court to determine that preclusion is an appropriate remedy for late disclosure. *See Design Strategy*, 469 F.3d at 296 ("Since Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule.").

Here, each factor weighs in favor of excluding the Transcripts. As to the first factor, Plaintiff has offered no explanation for her failure to timely disclose the Transcripts. *See*, *e.g.*, *Kam Hing Enterprises, Inc. v. Wal-Mart Stores, Inc.*, 359 F. App'x 235, 238 (2d Cir. 2010) ("Given the proximity to trial, the lack of any compelling excuse for the failure to produce such documentation, and the prejudice to plaintiff that would have resulted from allowing House to testify to costs that plaintiff had no means of verifying or disputing, we conclude that the District Court acted within its discretion in granting plaintiff's motion in limine.").

As to the second factor, the Transcripts lack importance in light of the corresponding recordings. These are not transcripts that memorialize an event that was not otherwise recorded, such as a deposition, rather, there are recordings that allow Plaintiff to offer the same evidence, negating any harm that Plaintiff would suffer by not being permitted to introduce the Transcripts.

As to the third factor, Plaintiff's late disclosure of the transcripts is prejudicial to Defendants because it prevents Defendants from having a meaningful opportunity to independently verify the contents of the transcripts. Permitting the jury to rely on the Transcripts where the Defendants have not had the opportunity to verify their contents would be prejudicial to Defendants. Conversely, Plaintiff would not suffer any prejudice: even assuming the Transcripts are accurate, they are duplicative of the Recordings. As discussed above, a ruling precluding the introduction of the Transcripts would not prevent her from using the contents of the Recordings in her presentation of her case.

Finally, as to the fourth factor, a continuance is not possible or warranted in this case. Jury selection is set to begin in under two weeks, with evidence set to start shortly thereafter. A continuance would be prejudicial to all involved parties who are prepared to move forward, and would not be in the interest of judicial efficiency. Especially here, where the Transcripts are duplicative of other evidence (the Recordings), a continuance is not a viable remedy.

In sum, all factors weigh in favor of excluding the Transcripts. *See*, *e.g.*, *Hunt v. CNH Am. LLC*, 857 F. Supp. 2d 320, 340 (W.D.N.Y. 2012), *aff'd,* 511 F. App'x 43 (2d Cir. 2013) ("As for the remaining factors, the information is not overly important to Plaintiff's case, since Holcomb insists that the testing was not necessary to support his opinions. Moreover, Defendant would be prejudiced by the admission of such evidence, and would need to conduct additional discovery. Finally, the Court could grant a continuance. However, after weighing all of the factors discussed above, the Court finds that preclusion is appropriate."). Accordingly, Plaintiff's motion should be denied.[1]

---

[1] If the Court determines that excluding the Transcripts is not appropriate, it should defer ruling on the admissibility of the Transcripts at trial for the same reasons it should defer ruling on the admissibility of the Recordings themselves. *See supra* Section II.A.

III.    **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that the Court deny

Plaintiff's Motion in Limine Re: Plaintiff's Recordings and/or Transcripts of Meetings (ECF 73)

and (1) defer any ruling on the admissibility of the Recordings until trial, and (2) preclude the

introduction of the Transcripts.

<div style="margin-left: 50%;">

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By____/s/ Peter J. Murphy_____
    Peter J. Murphy (ct26825)
    Chelsea C. McCallum (ct31586)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 25l-5950
    Facsimile: (860) 251-5316
    pjmurphy@goodwin.com
    cmccallum@goodwin.com
    Their Attorneys

</div>

8