**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:22-cv-00425(JBA) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
|     Defendants. | : | JULY 22, 2024 |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**
**RE: DETAILS OF LIFE EVENTS THAT LED TO PLAINTIFF'S**
**PRIOR DIAGNOSIS OF POST-TRAUMATIC STRESS DISORDER**

Defendants New Haven Board of Education (the "BOE") and Margaret-Mary Gethings

("Gethings") (collectively "Defendants") hereby oppose Plaintiff Jessica Light's ("Plaintiff")

Motion in Limine Re: Details of Life Events that Led to Plaintiff's Prior Diagnosis of Post-

Traumatic Stress Disorder (ECF 74). By the motion, Plaintiff seeks to exclude from evidence

"specific facts and/or details that led to her prior diagnosis of post-traumatic stress disorder[.]"

ECF 74 at 1.

**I.      RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On March 30, 2022, Plaintiff commenced this lawsuit against Defendants, asserting four

counts: (1) Violation of Conn. Gen. Stat. § 31-51q (against the BOE); (2) Retaliation Based on

the Exercise of Free Speech in Violation of 42 U.S.C. § 1983 (against Gethings); (3) False Light

(against Gethings); and (4) Defamation (against Gethings). ECF 6 at 17-19. On July 17, 2023,

Defendants filed a motion for summary judgment seeking summary judgment on all counts, ECF

21, and on March 19, 2024, the Court (Meyer, J.) issued an order granting summary judgment as

to count three in its entirety, granting summary judgment in part as to count four, and denying

summary judgment as to counts one and two, leaving only claims of retaliation and false light as

to "Gethings' allegedly false statement that Light disclosed Teacher X's COVID status." ECF 49 at 21.

As part of her surviving claims, Plaintiff alleges that the Defendants' conduct caused her Post-Traumatic Stress Disorder ("PTSD") to be exacerbated. Specifically, she alleges:

> 45. In October 2021, Ms. Light began to suffer severe emotional distress from the months of retaliation and isolation in the workplace and lack of finality or response to her complaint.
> 46. Ms. Light's treating physician diagnosed Ms. Light with "PTSD triggered by a hostile work environment".
> 47. Ms. Light, under medical advice went out on approved family medical leave due to her diagnosis. …

ECF 6 at 11, ¶¶ 45-47. Likewise, Plaintiff claims "emotional distress[]" as a category of damages that she suffered as a result of Defendants' alleged conduct. ECF 6 at 17, ¶ 78.

By way of her motion in limine, Plaintiff seeks a sweeping order precluding Defendants from offering or inquiring into any "specific facts and/or details that led to [Plaintiff's] prior diagnosis of post-traumatic stress disorder[.]" ECF 74 at 1. For the reasons set forth herein, Plaintiff's motion should be denied.

## II.    ARGUMENT

Plaintiff's request to broadly exclude all "specific facts and/or details that led to her prior diagnosis of [PTSD]" is nothing more than a blanket request to exclude plainly relevant information. This is not a proper use of the motion in limine: the admissibility of any evidence of facts relating to her PTSD should be addressed at the same time they are introduced at trial, when the evidence can be placed in factual context.

Motions in limine are utilized to address "discrete items of evidence[;]" they are not properly employed "as preemptive weapons" targeted to "whole topics and sources of prospective evidence that each side anticipates the other may contemplate introducing at some

2

point during the course of the trial, out of context and before any specific objection against its proper backdrop is raised." *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 566 (S.D.N.Y. 2017); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (delaying decision on evidentiary issues presented in motion in limine until trial where the evidence would be placed in the appropriate factual context). "It is common for courts to reserve judgment on a motion in limine until trial so that the motion can be placed in the appropriate factual context. Indeed, many Courts have found that it is the better practice to deal with questions of admissibility as they arise." *Home Depot U.S.A., Inc. v. G & S Invs./Willow Park, L.P.*, No. 1:00CV00676(TCP)(ARL), 2005 WL 3018701, at *9 (E.D.N.Y. Nov. 7, 2005), *vacated in part sub nom. on other grounds ReliaStar Life Ins. Co. of New York v. Home Depot U.S.A., Inc.*, 570 F.3d 513 (2d Cir. 2009).

Here, the only appropriate approach is to address the admissibility of evidence relating to Plaintiff's PTSD diagnosis as it is offered at trial. As a threshold matter, it is of critical importance that Plaintiff herself put her PTSD squarely at issue in this case "in seeking damages for mental health problems allegedly due" to Defendants' conduct, thereby demonstrating that evidence relating to her PTSD is of significant importance and plainly relevant under Rule 402. *Doe v. Univ. of Connecticut*, No. 3:09CV01071(JGM), 2013 WL 4504299, at *20 (D. Conn. Aug. 22, 2013) ("Defendant is correct that plaintiff put his mental state at issue in seeking damages for mental health problems allegedly due by Smith's harassment, and as such, defendant is entitled to cross-examine plaintiff, and put on its own evidence, with respect to any emotional difficulties plaintiff experienced prior to or during his employment at defendant."). Plaintiff, seemingly in recognition of the fact that exclusion of *all* evidence relating to her PTSD diagnosis would be improper, limits the information she seeks to exclude to "*specific* facts and/or

details that led to her prior diagnosis[,]" ECF 74 at 1 (emphasis added), and "does not seek to exclude general statements about her past treatment and medication." ECF 74-1 at 4. This request, however, leaves the line between what is sufficiently general versus too specific to be introduced to anyone's speculation. Plaintiff does not provide *which* "specific facts and/or details" that she seeks to exclude. Although Plaintiff asserts that these "specific facts and/or details" are unfairly prejudicial such that they should be excluded pursuant to Rule 403, this determination cannot be made without more information, and is thus only appropriate for consideration at trial. If the Court were to preemptively exclude such a broad category of facts, Defendants would be left without tangible guidance as to what they were permitted to introduce, having the effect of causing significant disruptions and confusion at trial. At this stage, the Court simply does not have the information necessary to rule on the admissibility of *all* "specific" facts relating to the Plaintiff's PTSD diagnosis.

Nor do either of the case that Plaintiff relies on demonstrate otherwise. Plaintiff first relies on *Lane v. Am. Airlines, Inc.*, No. 1:18CV06110(MKB), 2024 WL 1200074 (E.D.N.Y. Mar. 20, 2024) for the proposition that the court "excluded the plaintiff's doctor's testimony regarding plaintiff's factual narrative[.]" ECF 74-1 at 4. First, Plaintiff misstates the nature of the doctor at issue: it was not *Plaintiff's* doctor who was precluded from offering certain testimony, it was the forensic psychologist hired as an expert witness by the defendant. *Lane*, 2024 WL 1200074, at *1, 9. No such concern is present here: Defendants have not disclosed any experts; thus the portion of the holding that Plaintiff relies on in *Lane* is inapplicable here. Second, the reason that the court determined that exclusion of the plaintiff's "factual narrative" was appropriate was because "Dr. Saathoff has no personal knowledge of the underlying facts, such recitation is not based on his expert knowledge or experience, and Defendant has not shown that

4

[plaintiff's] personal history and medical records cannot be understood by a layperson." *Id.* at *14. Again, such a concern is simply not present here, and certainly does not support the broad exclusion of Plaintiff's history of PTSD. In fact, as discussed below, the Court's ultimate holding in *Lane* expressly *supports* that Defendants should be permitted to present evidence as to her PTSD history. *See* 2024 WL 1200074, at *26.

The second case Plaintiff relies on, *Belvin v. Electchester Mgmt., LLC*, 635 F. Supp. 3d 190 (E.D.N.Y. 2022), similarly does not support the broad exclusion of facts relating to Plaintiff's history of PTSD. In *Belvin*, the plaintiffs claimed only garden variety emotional distress damages, *id.* at 197, in contrast to here, where Plaintiff has put her PTSD diagnosis squarely at issue in this case by asserting that Defendants' conduct triggered her PTSD and forms the basis for the damages she claims. The *Belvin* court, after concluding that one of the plaintiff's mental health history was "plainly relevant" to the "claim for garden variety emotional distress[,]" acknowledged the concern that juries may place "significant value" on the testimony of experts, and ultimately held that certain general background information, including the plaintiff's "family background, history of alcohol or drug use, or criminal background" did not clearly have any relevance to the case. *Id.* at 198-99. It then commented that, even if that background information was relevant, it would have concerns about the prejudicial effect. *Id.* at 200. This, again, is markedly different from this case. Here, Plaintiff does not seek to exclude general background unrelated to the specific condition at issue. Rather, she seeks to exclude the facts leading to her PTSD diagnosis.

Again, Plaintiff has placed her PTSD squarely at issue in this case: she asserts that Defendants triggered her PTSD. Background of her PTSD diagnosis is therefore strongly relevant, such that it outweighs any prejudicial effect for many reasons, including that Plaintiff

5

bears the burden of establishing a causal connection between her PTSD and Defendants' alleged conduct. Plaintiff thus should not be able to categorically exclude evidence that shows that her PTSD resulted from another source. In fact, Plaintiff tacitly acknowledges that this would be the effect by arguing: "Forcing [her] to recount the details could cause the jury to discredit her claims for pain and suffering and severe emotional distress." ECF 74-1 at 4. Making this type of determination is exactly the jury's role, and preventing the jury from hearing evidence that allows it to make a determination as to the cause of Plaintiff's claims for pain and suffering and emotional distress is contrary to the basic principles of fairness and justice. This is further supported by the holding in *Lane*, which Plaintiff relies on to support her position, where the court held that "evidence of [plaintiff's] history of sexual abuse and assault[]" was admissible for "identifying sources of [plaintiff's] trauma other than the alleged sexual assault [at work] or apportioning Plaintiffs' damages." 2024 WL 1200074, at *26. Defendants recognize and appreciate the sensitive nature of Plaintiff's mental health background, however, the broad exclusion of a large category of information relating to her PTSD is not a viable way to address Plaintiff's concerns. Accordingly, the Court should deny Plaintiff's motion and make the appropriate evidentiary rulings as circumstances warrant.

## III.    CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine Re: Details of Life Events that Led to Plaintiff's Prior Diagnosis of Post-Traumatic Stress Disorder (ECF 74) and defer any ruling on the admissibility of these facts until trial.

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By____/s/ Peter J. Murphy_____
 Peter J. Murphy (ct26825)
 Chelsea C. McCallum (ct31586)
 Shipman & Goodwin LLP
 One Constitution Plaza
 Hartford, CT  06103-1919
 Telephone: (860) 25l-5950
 Facsimile: (860) 251-5316
 pjmurphy@goodwin.com
 cmccallum@goodwin.com
 Their Attorney