**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
| **Plaintiff,** | : | **3:22-cv-00425(JBA)** |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
| **Defendants.** | : | **JULY 15, 2024** |

**DEFENDANTS' OBJECTION**
**TO MOTION IN LIMINE RE: FULL FACEBOOK POSTS**

Defendants New Haven Board of Education and Margaret-Mary Gethings object to

Plaintiff's motion in limine to admit the full Facebook post with comments. (Ecf. 71). Plaintiff's

motion must be denied because, among other reasons, the full facebook posts were not in the

possession oat the time of Defendants at the time of the relevant acts in March 2021, and

therefore their full admission is likely to confuse the jury and unfairly prejudice Defendants. In

addition, the full facebook posts were not produced to Defendants until early 2024, after the

parties had already briefed and argued the Motion for Summary Judgment.  The posts also

contain hearsay. For all of these reasons, Plaintiff's Motion should be denied, and the full

Facebook posts should be precluded.

A.    Background

Ms. Light has alleged that she posted on Facebook, that these posts were brought to

Principal Gethings' attention, and that Ms. Light was then retaliated against in part due to these

Facebook posts. Defendants believe it is undisputed that, at all relevant times in March 2021,

Principal Gethings only had excerpts and screenshots of the Facebook post available to her.

Those excerpts were produced by both parties during discovery, and have Bates numbers DEF

165 and LIGHT 2563. The documents attached to Plaintiff's Motion is substantially longer, and contains additional posts and comments that are not contained in DEF 165 and LIGHT 2563.

### B. Legal standard.

To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Motions in limine provide the court the opportunity to adhere to this instruction and "rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 185 (D. Conn. 2022). Whether to grant a motion in limine is an evidentiary decision squarely within the discretion of the trial court. *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024); *see also SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 262–63 (D. Conn. 2017) ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine.*" (citation and quotation marks omitted)). "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d at 263 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

### C. Argument.

#### i. *Plaintiff's proposed exhibit was not produced during discovery.*

Plaintiff's proposed exhibit was not considered by the parties in 2021, and it was not produced in this litigation until after argument on the motion for summary judgment. Therefore, the proposed exhibit should be precluded on this ground alone.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at

2

a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When determining whether to exercise its discretion to exclude evidence, the Court considers: "'(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance.'" *Clones Inv., LLC v. People's Ins. Co. of China Prop. & Cas. Co. Ltd.*, 792 F. App'x 126, 128 (2d Cir. 2020) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)). Although exclusion of evidence pursuant to Rule 37(c)(1) is considered a sanction, a showing of bad faith is not required for the District Court to determine that preclusion is an appropriate remedy for late disclosure. *See Design Strategy*, 469 F.3d at 296 ("Since Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule.").

Here, Defendants understand that it is undisputed that the proposed exhibit was not in Principal Gethings' possession in 2021, and Plaintiff's motion does not argue otherwise.  It also is undisputed that a legible copy of the full document was not produced until after the parties argued the motion for summary judgment to the Court in December 2023. Plaintiff seeks to admit the Bechman Moses report, but Defendants believe that the full Facebook posts were not provided to Bercham Moses during their investigation either. In regard to the first two factors cited above, Plaintiff's motion does not offer any explanation for the delayed disclosure, and this full document is of little importance because it was not considered at the time of the allegedly adverse employment actions in 2021. The full Facebook post is not newly discovered information, as presumably Plaintiff had access to this document throughout the duration of this litigation.  Regarding the third factor, as set forth more specifically below Defendants believe

3

admission of this document would be prejudicial to Defendants since it was not considered by Principal Gethings at the time. Conversely, preclusion of the full Facebook posts would not prejudice Plaintiff because she can still rely on the excerpts that were in Principal Gethings possession back in 2021. For all of these reasons, therefore, the Motion should be denied and the full Facebook post should be precluded.

ii.     *Plaintiff's proposed exhibit would be unfairly prejudicial, irrelevant, and constitute hearsay.*

Courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Bermudez*, 529 F.3d 158 (2d Cir. 2008) ("District courts have broad discretion to balance probative value against possible prejudice ...." (citing United States v. LaFlam, 369 F.3d 153, 155 (2d Cir. 2004)). That standard is met here, and the posts should be excluded absent pages DEF 165 and LIGHT 2563. Here, Plaintiff first argues that anything less than the full Facebook post would be an incomplete document.  Ecf 71-1 pg. 3 of 5. The exact opposite is true, however, as the parties already have submitted portions of the Facebook posts that were used by the parties in 2021 as exhibits. Thus, Plaintiff really wants to provide the jury with documents that were not available to Principal Gethings in March 2021, and allow the jury to consider that expanded document when assessing Principal Gethings' alleged conduct many years ago based on a more limited set of documents. This is highly prejudicial to Defendants, and has a substantial likelihood of confusing and misleading the jury. Therefore the proposed exhibit should be excluded.

Plaintiff next argues that the full Facebook post would not be offered for the truth of the matter asserted, but again that is incorrect. Plaintiff is indeed offering it to demonstrate what

4

SG-21417413.1

people said at the time, and what those statements and COVID statistics actually mean. Many if not most of the statements made in those posts were made by third parties, not a party to this case. Because it being offered for the truth of the matter asserted, the full Facebook post must be excluded as hearsary. *See* Fed. R. Evid. 801.

Plaintiff also notes that the full Facebook post is being offered to show that Plaintiff was commenting as a parent on a matter of public concern. Defendants are not challenging that element of Plaintiff's free speech claim, however, so the full Facebook is irrelevant. *See* Fed. R. Evid. 401, 402.

> *iii.    Conclusion.*

For all of these reasons, therefore, Plaintiff's motion should be denied and the full Facebook post should be precluded from the trial in this matter.

5

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By____/s/ Peter J. Murphy_____
    Peter J. Murphy (ct26825)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 25l-5950
    Facsimile: (860) 251-5316
    pjmurphy@goodwin.com
    Their Attorney

6

SG-21417413.1