**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:22-cv-00425(JBA) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
| Defendants. | : | JULY 22, 2024 |

**DEFENDANTS' OBJECTION**
**TO MOTION IN LIMINE RE: TWO CLASSROOM NOTES**

Defendants New Haven Board of Education and Margaret-Mary Gethings object to Plaintiff's motion in limine to admit two notes allegedly found in Plaintiff's classroom after this lawsuit was filed. (Ecf. 70). Plaintiff's motion must be denied because, among other reasons, the notes are not relevant to Plaintiff's claims for liability or damages, the notes would require additional evidence on matters collateral to the current issues in this case, the notes would be unfairly prejudicial to Defendants, and Plaintiff's motion is nothing more than an attempt to backdoor allegedly retaliatory acts into this case without amending her complaint.

A.     Legal standard.

To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Motions in limine provide the court the opportunity to adhere to this instruction and "rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 185 (D. Conn. 2022). Whether to grant a motion in limine is an evidentiary decision squarely within the discretion of the trial court. *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024); *see also SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 262–63 (D. Conn. 2017)

SG-21416910.1

("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine.*" (citation and quotation marks omitted)). "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d at 263 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

B.      Argument.

i.      *The factual background section has no foundation or support.*

Defendants note that Plaintiff's "Factual Background" includes a narrative of alleged facts, but fails to cite to a single piece of deposition testimony or affidavits that would support any of those alleged facts.  Instead, Plaintiff just attaches the two notes, and then sets forth alleged facts about those notes as well as the alleged reasons why she subsequently decided to transfer voluntarily to a different school. At this time, therefore, Plaintiff has failed to provide an appropriate foundation for almost all of the facts in the factual background section.

ii.     *The application is highly prejudicial and would confuse the jury.*

Courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also* United States v. Bermudez, 529 F.3d 158 (2d Cir. 2008) ("District courts have broad discretion to balance probative value against possible prejudice ...." (citing United States v. LaFlam, 369 F.3d 153, 155 (2d Cir. 2004)). Defendants are aware that Plaintiff reported finding those two notes in August 2022, and she provided copies to Defendants at the time.  Admitting the notes would require evidence and testimony concerning, among other things, the steps

2

Defendants took to investigate the notes, individuals spoken with about the notes, IT reviewed to determine who accessed the building, and subsequent communications with Plaintiff and her union on those issues. Because Plaintiff claims that these notes led her to transfer out of Worthington Hooker; Ecf 70-1 at 3 of 5; the parties would also then have to introduce evidence regarding other reasons that may have played a role in her voluntary decision to transfer—an act that is well outside the scope of this lawsuit. As this demonstrates, admission of the notes would therefore require a trial within a trial on these issues, and unduly delay these proceedings regarding an individual who remains employed by the Board. In other words, this trial should be narrowly focused on the issues raised in the Complaint and litigated to date, and should not be expanded to include any subsequent slights or issues Plaintiff had during her employment. *See, e.g.*, *Wasilewski v. Abel Womack, Inc*, No. 3:10-CV-1857 (VAB), 2016 WL 183471, at *2 (D. Conn. Jan. 14, 2016)("an element of a trial on collateral issues, sometimes termed a trial within a trial, is introduced with the real possibility of undue delay."); *see also Filippelli v. Saint Mary's Hosp.*, 319 Conn. 113, 129 (2015)(rejecting a claim of error because "[a] review of the transcript from the plaintiff's offer of proof demonstrates that allowing the plaintiff to use the article for this purpose would have created a 'trial within a trial' on the collateral issue of whether Rodin had, in fact, testified falsely at his deposition.").

iii.    *The notes are not relevant evidence*.

In addition, the notes and any further evidence of them being found also should be excluded because they are not relevant to the issues currently in this case. As the Court knows, Plaintiff alleges that she engaged instances of free speech, and the Board and Principal Gethings retaliated against her for such speech by taking steps like speaking to a paraprofessional about appropriate dismissal procedures and allegedly making comments to the new union

3

SG-21416910.1

representative about being in cahoots with Plaintiff. Whether these notes were found in August 2022, what steps were taken by Defendants, and what impact they allegedly had on Plaintiff simply has no relevance to the issues currently in this case. Indeed, Plaintiff's motion does not argue that Principal Gethings left the notes in the classroom, which further undermines any claim of relevance. Moreover, why Plaintiff decided voluntarily to transfer to a new school more than one year after the allegedly retaliatory acts has no connection to the discrete incidents from 2021 that currently are in the Complaint.[1]

Because Plaintiff recognizes that Defendants' argument about the lack of any relevance to the issue of liability it correct, Plaintiff next attempts to argue that the notes and her subsequent transfer are relevant to the issue of damages.  Specifically, Plaintiff claims that the notes demonstrate Plaintiff's reputational harm and the community's impression of Plaintiff as a result of Defendants' conduct. This is a wholly speculative argument. As noted previously, these notes allegedly were found in Ms. Light's classroom in August 2022, well after the allegedly retaliatory acts occurred in 2021 and early 2022. There is no evidence that any Board employee put them there, and it is just as likely that they were put there by Plaintiff as it is that a Board employee or student put them there. Plaintiff simply offers no foundation for her claim that these notes had to do with an injury to her reputation caused by Defendants and any acts that occurred 8 or months previously.[2]

---

[1] Plaintiff also claims that the notes are relevant and probative of the general work environment experienced by Plaintiff at Worthington Hooker. Ecf. 70-1 pg. 2-3 of 5. Plaintiff has asserted a retaliation claim based on certain, specific instances of alleged retaliation. Plaintiff has not alleged a hostile work environment or constructive discharge claim, however, and therefore evidence of the general work environment is not relevant or admissible.
[2] Plaintiff's reliance on *U.S. v. Yousef*, 327 F.3d 56 (2d Cir. 2003) is misguided. As an initial matter, that was a criminal case where motive was at issue, and the court found that the notes went to motive. Moreover, Yousef did not deny that the note was his, and his attorney did not even object to the notes being entered into evidence at trial. *Id*. at 122. This case is substantially different in all respects, and therefore that case should be disregarded.

SG-21416910.1

iv.    *Conclusion*

For all of these reasons, the Court should deny Plaintiff's Motion in Limine Re: Two Notes prior to trial in this matter, and preclude all evidence related to those notes, the investigation into those notes, and Ms. Light's transfer to another school.

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By    /s/ Peter J. Murphy
    Peter J. Murphy (ct26825)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 25l-5950
    Facsimile: (860) 251-5316
    pjmurphy@goodwin.com
    Their Attorney

5