**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA LIGHT, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:22-cv-00425(JBA) |
| | : | |
| v. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| MARGARET-MARY GETHINGS in her | : | |
| individual capacity | : | |
|     Defendants. | : | JULY 22, 2024 |

**DEFENDANTS' OBJECTION**
**TO MOTION IN LIMINE RE: THIRD GRADE POSITION**

Defendants New Haven Board of Education and Margaret-Mary Gethings (collectively "Defendants") object to Plaintiff's motion in limine to admit evidence related to her application for a third grade position for the 2022-2023 school year. (Ecf. 72). Plaintiff's effort to admit evidence related to her application suffers from many of the same defects as her prior effort to admit two classroom notes allegedly found in August 2022, namely: the application and related documents are not relevant to Plaintiff's claims for liability or damages, the notes would require extensive evidence on matters collateral to the current issues in this case, the notes would be unfairly prejudicial to Defendants, and Plaintiff's motion is nothing more than an attempt to backdoor another allegedly retaliatory act into this case without amending her complaint. Accordingly, the Motion should be denied, and all evidence related to the application should be precluded from trial in this matter.

A.    <u>Legal standard.</u>

To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Motions in limine provide the court the opportunity to adhere to this instruction and "rule in advance of trial on the

admissibility and relevance of certain forecasted evidence." *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 185 (D. Conn. 2022). Whether to grant a motion in limine is an evidentiary decision squarely within the discretion of the trial court. *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024); *see also SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 262–63 (D. Conn. 2017) ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine.*" (citation and quotation marks omitted)). "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d at 263 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

B.    <u>Argument</u>.

    i.    *Plaintiff has not provided a foundation for the application.*

Defendants note that Plaintiff's "Factual Background" includes a narrative of alleged facts, but fails to cite to a single piece of deposition testimony or affidavits that would support any of those alleged facts except for one cite to Principal Gethings' testimony about why Plaintiff ultimately did not get the position. At this time, therefore, Plaintiff has failed to provide an appropriate foundation for almost all of the facts in the factual background section or her attempt to add evidence outside the scope of the pleadings.

    ii.    *The application evidence is untimely and not relevant.*

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant acts are not admissible. Fed. R. Evid. 402. The applications are not relevant to the current claims in this matter.

2

SG-21418296.1

Plaintiff first argues that the August 2022 application documents are relevant to her claim for damages because "they suggest that despite Plaintiff following the application procedure for the open third grade position, she was denied. A reasonable jury could find that this is further evidence of the reputational injury suffered by Plaintiff at the hands of defendants." (Ecf. 72-1 pg. 4). The argument is disingenuous. It is clear that Plaintiff believes that her failure to secure this position was a further act of retaliation by Principal Gethings.[1] Despite this belief, Plaintiff never amended her Complaint to include a retaliation claim based on this application process, or even grieved the hiring decision under the applicable collective bargaining agreement. Rather than challenge the hiring decision in either manner, Plaintiff now wants to introduce evidence of to show purported injury to her reputation. Plaintiff provides the Court with no information that even suggests the hiring decision was connected to Plaintiff's reputation, much less that she had a reputational injury in the first instance—something Defendants contest. Because this application is not relevant to any of the allegedly retaliatory acts alleged in the Complaint, the application and any related evidence should be precluded from trial.

iii.    *The evidence would be unfairly prejudicial and confuse the jury.*

As the Court is aware, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Bermudez*, 529 F.3d 158 (2d

---

[1] Plaintiff's argument also is inconsistent with her efforts to admit the Bercham Moses report on Plaintiff's complaint, which found that Plaintiff's transfer from third grade to first grade was not retaliation. If the transfer from third grade to first grade was not retaliation, that transfer cannot have injured Plaintiff's reputation. Moreover, if the transfer was non-retaliatory, then there is no basis for Plaintiff to claim that her failure to secure a return to the third grade the following year was retaliatory or a continuation of the allegedly retaliatory conduct.

3

Cir. 2008) ("District courts have broad discretion to balance probative value against possible prejudice ...." (citing *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004)). Here, the application for the third-grade position happened well after Plaintiff filed this lawsuit. As noted previously, Plaintiff did not grieve that hiring decision, and did not amend her complaint in this matter to claim that her failure to be awarded that position was another instance of retaliation. Nevertheless, Plaintiff wants to argue that, despite following the application process, her application was denied. Ecf. 72-1 pg. 2. Such an argument, however, will undoubtedly confuse and mislead the jury about what acts Plaintiff actually is claiming is retaliatory, which is not an insignificant issue in this case given Plaintiff's continued inability or reluctance to specify those acts to date. *See, e.g.*, Ecf. 21-1 pg. 14-16 (noting the various, inconsistent ways Plaintiff argued she was retaliated against); Ecf 31 pg. 3, fn4 (same). Moreover, it would suggest to the jury that they can use that hiring decision to judge other acts allegedly taken much earlier in 2022 and in 2021. This would be highly prejudicial to Defendants, who have litigated this case with the understanding that Plaintiff is not basing her retaliation claims on allegedly retaliatory acts that occurred after she filed this lawsuit.  Such evidence, therefore, must be precluded under Rule 403.

      iii.     *The evidence would require a trial within a trial.*

Courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also* United States v. Bermudez, 529 F.3d 158 (2d Cir. 2008) ("District courts have broad discretion to balance probative value against possible prejudice ...." (citing United States v. LaFlam, 369 F.3d 153, 155 (2d Cir. 2004)). Here, Plaintiff seeks to admit evidence of hiring

decision occurring well after she filed her lawsuit. Admitting evidence related just to Plaintiff's application would then require evidence and testimony concerning, among other things, who else applied, the interview process, communications related to the decision, the reasons for the decisions, and the other personnel moves that were made during the same period as Principal Gethings attempted to fill and address all of the open positions within Worthington Hooker at that time.

As this demonstrates, admission of the application documents would therefore require a trial within a trial on these issues, and unduly delay these proceedings regarding an individual who remains employed by the Board. In other words, this trial should be narrowly focused on the issues raised in the Complaint and litigated to date, and should not be expanded to include any subsequent slights or issues Plaintiff had during her employment. *See, e.g.*, *Wasilewski v. Abel Womack, Inc*, No. 3:10-CV-1857 (VAB), 2016 WL 183471, at *2 (D. Conn. Jan. 14, 2016)("an element of a trial on collateral issues, sometimes termed a trial within a trial, is introduced with the real possibility of undue delay."); *see also Filippelli v. Saint Mary's Hosp*., 319 Conn. 113, 129 (2015)(rejecting a claim of error because "[a] review of the transcript from the plaintiff's offer of proof demonstrates that allowing the plaintiff to use the article for this purpose would have created a 'trial within a trial' on the collateral issue of whether Rodin had, in fact, testified falsely at his deposition.").

iv.    *Conclusion*.

For all of these reasons, Plaintiff's motion should be denied and all evidence related to the August 2022 application for a third grade position be excluded from trial in this matter.

5

DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By    /s/ Peter J. Murphy
    Peter J. Murphy (ct26825)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103-1919
    Telephone: (860) 25l-5950
    Facsimile: (860) 251-5316
    pjmurphy@goodwin.com
    Their Attorney

6