## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA LIGHT,<br>*Plaintiff*,<br><br>v.<br><br>CITY OF NEW HAVEN BOARD OF<br>EDUCATION and MARGARET-MARY<br>GETHINGS,<br>*Defendants*. | No. 3:22-cv-425 (JBA) |

**JURY INSTRUCTIONS**

1

**Introduction**

Members of the jury, you now have heard all of the evidence. At this point, I will instruct you about the law that applies to this case. You may follow along as I read these instructions aloud, and please feel free to write on these copies—you will be permitted to take them into the jury room with you.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the Court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that has been given to you— namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. When you are done deliberating, you will use the verdict form to report your verdict to the Court and the parties.

SECTION I: GENERAL INSTRUCTIONS

**Role of Judge and Court**

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider, as you've seen me do throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. These instructions are the governing law for this case, and if any of the attorneys state the law differently from the way I am explaining it to you, you must follow my instructions as I give them to you now.

**Duties of the Jury**

It is your duty to find the facts from all the evidence in the case. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law

2

as I have explained it to you. And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

### Burden of Proof and Preponderance of Evidence

The plaintiff Jessica Light bears the burden to prove her case by a preponderance of the evidence as to every issue concerning whether the defendants New Haven Board of Education and Margaret-Mary Gethings should be liable to her and, if so, any amount of money damages that these defendants must pay. The one exception is that the defendants have raised several affirmative defenses to Ms. Light's claims of liability, and to find the facts necessary to support those affirmative defenses, the defendants bear the burden of proof.

To establish a fact by a preponderance of the evidence, a party must prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented.

If a party proves that a fact is more likely true than not true, even slightly more true than not true, then she has proved that fact by a preponderance of the evidence. On the other hand, if the evidence does not prove that a fact is more likely true than not true or if the weight of the evidence is exactly evenly divided between the parties, then you must decide that fact against the party who bears the burden of proof.

In determining whether a fact has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial where the government has charged someone with a crime.

That requirement does not apply to a civil case for money damages such as this one, and you should not consider or discuss the beyond-a-reasonable-doubt standard in your deliberations, because the proper standard to apply here is the preponderance of the evidence standard.

## SECTION II: LIABILITY

In this section, I will instruct you on "liability." When I use the term "liability," I am referring to whether a defendant has been proven to have breached a legal duty that was owed to the plaintiff. The question of liability is distinct from that of damages, which are monies awarded to compensate a plaintiff for any harms caused by a defendant who has been found liable. A jury cannot award any damages to a plaintiff unless it first finds that the defendant has violated a plaintiff's legal rights. Therefore, you must consider the issue of liability before considering any issue of damages. I will instruct you on damages in the next section. For now, please focus your attention only on Ms. Light's claim that the New Haven Board of Education violated her rights.

### Count 1: Retaliation Claim Against the Board of Education under Section 31-51q

Ms. Light alleges in this case that the New Haven Board of Education retaliated against her for exercising her rights to free speech as protected under the federal and state constitutions, in violation of Connecticut General Statutes § 31-51q. To prevail on her claim, Ms. Light has the burden of proving by a preponderance of the evidence the following three elements:

(1) That she engaged in speech protected by the state or federal constitutions

(2) That the Board disciplined her.

(3) That there was a causal relationship between Ms. Light's protected speech and the Board's discipline.

I will now explain more about each of these three elements.

**First Element: Protected Speech**

The parties agree that the first element of this claim has been satisfied and that Ms. Light's statements at the Board of Education meetings and on Facebook are constitutionally protected speech. The other two elements of Ms. Light's claim are in dispute.

**Second Element: Discipline**

To prove the second element of her claim, Ms. Light must show that the New Haven Board of Education disciplined her. "Discipline" means an adverse material action taken against Ms. Light by Ms. Gethings by May 2022. It can also include a combination of lesser acts that, in the aggregate, make the working environment unreasonably inferior, hostile, or adverse to the employee when compared to a typical or normal workplace. However, incidents that are infrequent and relatively minor do not meet this standard. If you find that Ms. Light has proven this element by a preponderance of the evidence, you will proceed to the next element. If you find Ms. Light has failed to prove this element, you will enter judgment for the Board on this count and proceed to Count 2.

**Third Element: Causation**

To prove the third element of her claim, Ms. Light must show that her protected speech was the cause of her discipline. The protected speech is the cause of her discipline if it was a "substantial factor" or to put it in other words, a "motivating factor" in the discipline. However, it need not be the only factor. Ms. Light's protected speech was a motivating factor in Ms. Gethings' decision to discipline her if that speech played a substantial or important part in the decision. A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action. Since the plaintiff is required to provide tangible proof of retaliatory animus,

conclusory assertions of retaliatory motive are insufficient.

If you find that Ms. Light has proven this element by a preponderance of the evidence, you will proceed to evaluate the Board of Education's affirmative defense. If you find Ms. Light has failed to prove this element, you will enter judgment for the Board on this count and proceed to Count 2.

## Affirmative Defense: Substantial Interference

The Board of Education has advanced an affirmative defense to Ms. Light's claim: that her exercise of free speech rights substantially or materially interfered with her bona fide job performance or the working relationship between her and the Board. For this affirmative defense, it is the Board of Education—not Ms. Light—that bears the burden to prove the defense by a preponderance of the evidence. Moreover, you should consider this defense only in the event that you conclude in the first place that Ms. Light has proven each of the three elements of her claim of retaliation.

When assessing this element, you may consider the extent of the disruption, if any, you found caused by Ms. Light's speech on workplace discipline, harmony among co-workers, working relationships, the employee's job performance, the responsibilities of the employee within the agency and whether the speech is made publicly or privately.

If the defendant does prove, by a preponderance of the evidence, that Ms. Light's exercise of protected free speech rights substantially or materially interfered with Ms. Light's job performance or with her working relationship with the Board of Education, the Board will have proven its affirmative defense and you will enter judgment for the Board on this count and proceed to Count 2. If you find that the Board has not proven its defense by a preponderance of the evidence, then you will enter judgment for Ms. Light on this count and proceed to Count 2.

6

**Count 2: Retaliation Claim Against Ms. Gethings Under Section 1983**

Ms. Light's next claim is against defendant Gethings. Ms. Light alleges that Ms. Gethings retaliated against her for exercising her right to free speech as protected by the federal constitution, in violation of 42 United States Code Section 1983.

To prevail on this claim, Ms. Light must prove by a preponderance of the evidence the following four elements:

(1) Ms. Gethings acted under color of state law.

(2) Ms. Light engaged in protected speech.

(3) Ms. Light suffered one or more adverse employment actions.

(4) There was a causal connection between Ms. Light's protected speech and one or more of the adverse employment actions.

I will now explain more about each of these four elements.

**First and Second Elements: State Action and Protected Speech**

The parties agree that the first two elements of this claim have been satisfied and proved by Ms. Light. They agree that Ms. Gethings was acting under the color of the authority of the State of Connecticut during the events relevant to this case. They further agree that Ms. Light's statements at the Board of Education meetings and on Facebook are constitutionally protected speech. Accordingly, only the third and fourth elements are in dispute.

**Third Element: Adverse Employment Action**

To prove the third element of her claim, Ms. Light must show by a preponderance of the evidence that she experienced at least one adverse employment action by May 2022. An "adverse employment action" means an action that is taken by an employer against an employee that is significant enough that it would deter a reasonable and similarly situated person of

7

ordinary firmness from exercising his or her constitutional right to free speech. If you find that an action was imposed in order to retaliate against free speech and would deter a reasonable and similarly situated individual of ordinary firmness from exercising her constitutional right to free speech, then you may conclude it was an "adverse action." On the other hand, harassment for exercising the right of free speech is not actionable if it was unlikely to deter a person of ordinary firmness from that exercise.

You may find that Ms. Light has satisfied this element if she has proved that she experienced at least one employment action of this sort. You may also find that Ms. Light has satisfied this element if she proves she experienced a combination of seemingly minor incidents that reached a critical mass. In order to assess the impact of these more minor incidents, you must consider whether the totality of those incidents would objectively make the working environment unreasonably inferior, hostile, or adverse to the employee when compared to a typical or normal workplace.

If you find that Ms. Light has proven this element by a preponderance of the evidence, you must proceed to the next element. If you find Ms. Light has not proven this element by a preponderance of the evidence, you must enter judgment for Ms. Gethings on this count and you should proceed to Count 3.

### Fourth Element: Causation

To prove the fourth element of her claim, Ms. Light must show that her protected speech was the cause of the adverse employment action she experienced. The protected speech is the cause of the adverse action if it is a "substantial factor" or to put it in other words, a "motivating factor" in the adverse action. Ms. Light's protected speech was a motivating factor in Ms.

Gethings' decision to take adverse action against her if that speech played a substantial or important part in the decision. However, it need not be the only factor.

A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action. Conclusory assertions of retaliatory motive are insufficient.

If you find that Ms. Light has proven this element by a preponderance of the evidence, you must proceed to evaluate Ms. Gethings' affirmative defense. If you find Ms. Light has not proven this element by a preponderance of the evidence, you will enter judgment for Ms. Gethings on this count and you should proceed to Count 3.

### Count 3: Defamation Claim Against Ms. Gethings

Ms. Light's next claim is also against defendant Gethings. Ms. Light alleges that Ms. Gethings orally defamed her in violation of state law. According to Ms. Light, Ms. Gethings accused her of leaking another teacher's COVID-positive status and did so in front of other people. Ms. Gethings denies liability and asserts an affirmative defense.

To prevail on her claim, Ms. Light has the burden of proving by a preponderance of the evidence the following three elements:

(1) Ms. Gethings published a defamatory statement to a third person.

(2) The defamatory statement identified Ms. Light.

(3) Ms. Light's reputation suffered injury as a result of the statement.

I will now explain more about each of these three elements.

**First Element: Publication of a Defamatory Statement**

To prove the first element of her claim, Ms. Light must show that Ms. Gethings published a defamatory statement about Ms. Light to a third person. In other words, a statement is "published" it is heard by another person.

A defamatory statement is a false communication that tends to harm the reputation of another; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held; to deter third persons from associating or dealing with her; or to excite adverse, derogatory, or unpleasant feelings or opinions against her. Statements claimed to be defamatory should be given their ordinary meaning, which is the same meaning that people of common and reasonable understanding would give to them in the context and under all the circumstances that were present at the time they were made. In determining whether a statement is defamatory, you are not bound by the interpretation of the statement offered by the plaintiff, the defendant or by any person hearing the statement. If the meaning of the statement is unclear, it is your job as the jury to determine what the meaning of the statement was.

**Second Element: Identification of Ms. Light**

To prove the second element of her claim, Ms. Light must show the statement was about her.

**Third Element: Injury to Reputation**

To prove the third element of her claim, Ms. Light must show her reputation suffered injury as a result of Ms. Gethings' statement. Here, the "injury" to Ms. Light's reputation must be of a material nature and must be of a pecuniary nature, that is, dealing with money.

**Affirmative Defense: Truth**

Even if the plaintiff proves that Ms. Gethings made the statement, however, she cannot

prevail if Ms. Gethings proves that the statement was, in fact, true. Ms. Gethings has the burden of proving that the statement was true. To sustain her burden, Ms. Gethings must prove that the statement she made was true or substantially true as to the main charge, or the gist, of the statement. Minor errors in an otherwise true statement do not make the statement false.

The statements must have been true or substantially true at the time they were made, not true at an earlier time or turn out to be true due to circumstances that occurred after they were made. If the defendant does prove, by a preponderance of the evidence, that the statements she made were true or substantially true at the time that she made them, then she prevails on her defense and your verdict should be for Ms. Gethings.

\* \* \*

That concludes the instructions with respect to liability. Remember that you must first determine whether Ms. Light has proven each of the elements of her claims. If you find that Ms. Light has carried her burden as to a particular claim, then you should consider if the defendants have proven an affirmative defense to that claim.

## SECTION III: DAMAGES

I will now instruct you on the issue of damages. If—and only if—you conclude that Ms. Light has proven by a preponderance of evidence that either the New Haven Board of Education or Ms. Gethings are liable to her on any of her claims, then you must decide how much, if any, in money damages to award Ms. Light for injuries caused by the unlawful conduct you found proved. You should not interpret the fact that I am providing you with instructions about how to calculate damages as an indication that I believe Ms. Light has or has not proven any of her claims.

You should award damages only for those injuries that you find that Ms. Light has

11

proven by a preponderance of the evidence to have been proximately caused by conduct of a defendant that violated Ms. Light's rights. An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about a plaintiff's injury, and if the injury was a reasonably foreseeable consequence of a defendant's acts or omissions.

Ms. Light must show that her injuries or damage sustained would not have occurred without the unlawful act(s) of a defendant. If an injury was a direct or reasonably probable consequence of an act or omission of a defendant, then it was proximately caused by that defendant's act or omission. In other words, if that defendant's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission was a proximate cause.

You should apply sound judgment and common sense in reaching the proper amount of damages. It is for you, in the exercise of your best judgment, to say what is just and fair compensation. When assessing damages, there is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. The burden is on Ms. Light to prove by a preponderance of the evidence each element and item of damage she claims. It is not the Board of Education or Ms. Gethings' burden to disprove them.

I will instruct you first on the damages you might award for either of the retaliation claims. I will then instruct you as to the damages you might award for the defamation claim.

### A.  Retaliation Claims

There are three categories of damages for you to consider if you decide to award damages for the retaliation claim: (1) compensatory damages for economic and/or emotional harm, (2) nominal damages, and (3) punitive damages. I will describe each of these in turn.

**Compensatory Damages**

Ms. Light seeks two types of compensatory damages. First, she seeks damages for any economic losses. Such damages are compensation for pecuniary losses, which may include money actually spent on debts incurred as a result of the injury, medical bills, and expenses, and/or lost wages, earnings, and benefits.

Second, Ms. Light seeks compensatory damages for non-economic losses. Such damages compensate for non-monetary injuries, such as emotional pain and suffering, humiliation, injury to reputation, anxiety, loss of enjoyment of life, and/or anguish, that Ms. Light has already experienced or is reasonably likely to experience in the future.

You should award Ms. Light compensatory damages for economic and non-economic losses so as to make her whole for any damages she may have suffered. Ms. Light is not required to prove losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. However, damages should not be based on speculation or sympathy. Your determination of compensatory damages is to be what you find to be reasonable in light of the evidence in this case and your use of your common sense.

**Nominal Damages**

If you find that either of the defendants violated Ms. Light's constitutional rights but find that Ms. Light has failed to prove any economic or non-economic injury, then you must award Ms. Light nominal damages. You may not award both nominal and compensatory damages to Ms. Light. Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no economic or non-economic damages as a natural consequence of that deprivation. This is because the fact that a constitutional deprivation occurred is itself an injury to the person entitled to enjoy that constitutional right, even if no

actual damages flow from deprivation of that right. Therefore, if you find that Ms. Light proved no economic or emotional injury as a result of Defendants' conduct other than a constitutional deprivation, you must award nominal damages in an amount not to exceed $10.

### Punitive Damages

If you find that either the Board of Education or Ms. Gethings violated Ms. Light's constitutional rights and award Ms. Light either compensatory or nominal damages, you may also, in your discretion, award punitive damages if you find that Ms. Light has proved that they are warranted under the standards I will describe. Punitive damages are awarded not to compensate a plaintiff for an injury but to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like her from engaging in such conduct in the future.

You may award Ms. Light punitive damages if you find that the acts or omissions of defendants reveal a reckless indifference to the rights of others, maliciousness, or an intentional and wanton violation of those rights. An act or omission is malicious if it is prompted by ill will or spite towards Ms. Light. An act or omission is wanton if done in a reckless or callous disregard of, or indifference to, the rights of Ms. Light. Recklessness is a state of consciousness with reference to the consequences of one's acts, but to find it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Ms. Light has the burden of proving, by a preponderance of the evidence, that Defendants acted maliciously, wantonly, or recklessly with regard to her rights.

If you find by a preponderance of the evidence that Defendants acted with malicious intent to violate Ms. Light's constitutional rights or unlawfully injure her or that Defendants

14

acted with a callous or reckless disregard of Ms. Light's rights, then you may award punitive damages.

An award of punitive damages, however, is discretionary: that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide in your discretion whether to award punitive damages or not to award them.

In exercising your discretion, you should consider the underlying purpose of punitive damages: to punish a defendant for outrageous conduct or to deter the defendant and others from performing similar conduct in the future. Thus, in deciding whether to award punitive damages and what should be the amount of that punitive damages award, you should consider whether Defendants may be adequately punished by a compensatory damages award, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish Defendants' wrongful conduct. You should also consider whether the damages award is likely to deter or prevent the defendants from again performing any such wrongful acts, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that Defendants have been shown to have committed.

If you decide to award punitive damages against either defendant for violating Ms. Light's constitutional rights, you must also fix the amount of those damages.

### B.  Defamation Claims

I will now instruct you on damages you might award for Ms. Light's defamation claim against Ms. Gethings. There are three categories of damages for you to consider if you decide to award damages for the retaliation claim: (1) special damages, (2) general damages, and (3) punitive damages. I will describe each of these in turn.

15

**Special Damages**

As I have previously instructed you, to recover for defamation in this case, Ms. Light must prove to you that she incurred special damages, that is, an actual injury or loss caused by the publication of the defamatory statement. You should award Ms. Light special damages so as to make her whole for any actual injuries or losses she may have suffered. Ms. Light is not required to prove losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your determination of special damages is to be what you find to be reasonable in light of the evidence in this case.

**General Damages**

If you award Ms. Light special damages, then you may also award Ms. Light any general damages she has proven by a preponderance of the evidence. General damages compensate the plaintiff for the injury to her reputation and for the humiliation and mental suffering which the defamation caused her. In determining the amount of general damages to award for the injury to the plaintiff's reputation, you should consider what reputation the plaintiff had in the community when the statement was made. You should consider all of the circumstances surrounding the making of the statement. You may also compensate the plaintiff for damages that she will be reasonably likely incur in the future. These damages can include additional damage to her reputation that occurs as a result of the bringing of this lawsuit.

**Punitive Damages**

If you find that Ms. Gethings violated Ms. Light's rights and award Ms. Light damages, you may also, in your discretion, award punitive damages if you find that Ms. Light has proved that they are warranted under the standards I will describe.

In order to recover punitive damages, Ms. Light must prove that Principal Gethings' defamatory statement was made with actual malice. Moreover, Ms. Light must prove actual malice by clear and convincing evidence, which denotes a degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. If Ms. Light has not shown by clear and convincing evidence that the defamatory statement was made with actual malice, then you may not award punitive damages.

<u>SECTION IV: ADDITIONAL AND LIMITING INSTURCTIONS</u>

The evidence is undisputed that Ms. Light had been diagnosed with post-traumatic stress disorder ("PSTD") prior to any potential wrongful acts by the defendants. However, if Ms. Light has proved by a preponderance of the evidence that any wrongful acts of either defendant substantially contributed to the worsening or retriggering of her PSTD, then Ms. Light may recover for all the damages she sustained as a result, even if Ms. Light's preexisting PTSD made her more vulnerable to those damages or made those damages more severe.

<u>SECTION V: INSTRUCTIONS FOR DELIBERATIONS</u>

**Forms of Evidence**

As I advised you at the beginning of this trial, the only evidence in this case is the evidence that was presented by means of witness testimony and documentary exhibits that were introduced during trial. The attorneys' questions, statements, and arguments are not evidence. There are two types of evidence that you may properly use in reaching your verdict: direct and circumstantial evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

**Witness Credibility in General**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in their testimony. You are the sole judges of the credibility of each witness and of the importance of their testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified; the accuracy of the witness's memory; his or her candor or lack of candor; the reasonableness and probability of the witness's testimony; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible evidence.

**Improper Considerations**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. Please bear in mind that all litigants are equal before the law. You should not, therefore, consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about

18

the facts, there is a risk that you will not arrive at a just verdict.

### Closing Arguments

Shortly, we will hear the closing arguments of counsel. I will give you my concluding instructions after those summations. Remember, what the attorneys say in their closing arguments is not evidence, but it is argument about what the evidence shows. Their credibility is not an issue that should enter into your decision in this case. They are not witnesses and have no personal knowledge of what happened.

### CONCLUSION

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in Court. Your verdict must be unanimous for each of the findings indicated on the jury verdict form given to you. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

Your verdict should represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinions of your fellow jurors or merely to bring an end to deliberations.

When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers and date and sign the verdict form. Then inform the courtroom

deputy or a court security officer that you have reached a verdict.

When you go into the jury room to begin your deliberations, you will have exhibits with you shortly, but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. Finding the testimony you select can be a time-consuming process, so please be as specific as possible if and when you decide to request a reading of portions of the testimony.

Requests that testimony be read back, as well as any other communication with the Court, should be made in writing, signed by your foreperson, and given to the courtroom deputy or a court security officer who will be stationed outside your jury room. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

You will deliberate in the jury room. Deliberate only when all of you are present. If you bring your cell phones into the jury room, you must turn them off during deliberations. You must not research any issue nor communicate with each other or with anyone about the case through the Internet, email, texting, etc. If a juror is in the bathroom or on a cell phone, the other jurors must immediately cease deliberations and may not start again until all jurors are present and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, uprightly, and without any prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict.

20

Thank you for your attention.