UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JESSICA LIGHT,** | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:22-cv-00425 (JAM) |
| | : | |
| v. | : | |
| | : | |
| **NEW HAVEN BOARD OF EDUCATION,** | : | |
| **MARGARET-MARY GETHINGS in her** | : | |
| individual capacity | : | |
|    Defendants. | : | AUGUST 9, 2024 |

**DEFENDANTS' RENEWED MOTION
FOR A DIRECTED VERDICT OR IN THE ALTERNATIVE A NEW TRIAL**

The jury in this matter found in plaintiff Jessica Light on her free speech claims against the New Haven Board of Education (the "Board") and Margaret-Mary Gethings, the Principal of Worthington Hooker school, based on only 1 of the 11 alleged retaliatory acts raised by Plaintiff—an extended mid-year TEVAL meeting. The jury also based its verdict, however, on an issue not raised by Plaintiff—four or so observations by the Assistant Principal in Fall 2021. Compounding this error, the jury then awarded Plaintiff an excessive, conscious shocking amount of punitive and emotional distress damages, which were not supported by the evidentiary record and were based on improper speculation and sympathy. The jury's verdicts and damages awards on the retaliation claims therefore were erroneous, inconsistent, and without evidentiary or legal support. Similar errors affected the jury's verdict on Plaintiff's defamation claim, as Plaintiff failed to offer evidence sufficient for the jury to find that any defamatory statement in a private Zoom meeting harmed her reputation in the school community. That defamation verdict also is inconsistent with the jury's finding that Plaintiff had not proved 10 of the 11 acts of alleged retaliation. Finally, Defendants submit that the

jury received improper jury instructions on the causation element of the retaliation claims, and the jury's verdict was improperly and prejudicially impacted by the Court's decision to allow Plaintiff to admit highly prejudicial notes from August 2022 given the fact that they were anonymous, had no causal connection to the alleged retaliatory acts, were found significantly after the alleged retaliatory acts, and could not be traced to Principal Gethings or any other individual at Worthington Hooker school. For all of these reasons, and those set forth more specifically in the attached memorandum of law, Defendants move pursuant to Fed. R. Civ. P. 50, 59, and 60 for judgment notwithstanding the jury's verdict or in the alternative a new trial, as well for an order vacating the jury's damages awards or in the alternative a significant remittitur.

WHEREFORE, Defendants motion should be granted, and the Court should award the relief requested therein, together with such additional and further relief the Court deems necessary.

DEFENDANTS,

NEW HAVEN BOARD OF EDUCATION
and MARGARET-MARY GETHINGS

By   /s/ *Peter J. Murphy*
   Peter J. Murphy (ct26825)
   Shipman & Goodwin LLP
   One Constitution Plaza
   Hartford, CT  06103-1919
   Telephone: (860) 25l-5950
   Facsimile: (860) 251-5316
   pjmurphy@goodwin.com
   Their Attorney