UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JESSICA LIGHT** | **CIVIL ACTION NO:** |
| | **3:22-CV-00425 (JBA)** |
| Plaintiff, | |
| v. | |
| **NEW HAVEN BOARD OF EDUCATION & MARGARET-MARY GETHINGS in her individual capacity** | |
| Defendants. | |
| | **SEPTEMBER 9, 2025** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ATTORNEY'S FEES & COSTS**

The Plaintiff hereby files this memorandum of law in support of her motion for attorney's fees and costs.

I.     **FACTUAL BACKGROUND**

On January 6, 2022, Plaintiff signed a representation agreement with MGQ Law, LLC ("MGQ Law") stating, in relevant part: "This letter constitutes the fee agreement for our representation on your behalf relating to your retaliation lawsuit against your employer the City of New Haven." *Affidavit of Anthony J. Interlandi, Esq. (Ex. A; "Interlandi Aff.") at ¶ 6*. The agreement provides for a one-third contingent fee. *Id.*

On March 18, 2022, Plaintiff signed a representation agreement with Monarch Law LLC ("Monarch Law"). The agreement incorporated Plaintiff's fee arrangement with MGQ Law, stating in relevant part: "[W]e will honor any and all terms and conditions set forth in your representation agreement with MGQ Law, LLC (dated January 6, 2022), which are hereby incorporated by reference and made a part hereof." *Interlandi Aff. at ¶ 5*. On May 24, 2022, prior counsel sent a letter to Plaintiff regarding the closure of MGQ Law, and confirmation that Plaintiff hired Monarch Law and MGQ Law transferred Plaintiff's entire file to Monarch Law. *Interlandi Aff. at ¶ 7*.

II. **PROCEDURAL BACKGROUND**

After a four-day trial, the jury returned a verdict as follows: As to Count One, the jury awarded the Plaintiff $50,000 in compensatory damages, $300,000 in non-economic damages, and $100,000 in punitive damages. As to Count Two, the jury awarded Plaintiff $75,000 in economic damages, $350,000 in non-economic damages, and $200,000 in punitive damages. The jury also awarded Plaintiff $10,000 in Special Damages and $15,000 for her defamation claim. *ECF Doc. 110 at pp. 4-6.*

In response, Defendants filed a Motion for Directed Verdict, Judgment NOV, new trial or remittitur. *ECF Doc. 121*. On August 26, 2025, this Court issued an Order on Defendants' motion. *ECF Doc. 133*. The Court granted Defendants' motion for a new trial as to Count Two. As to Count One, the Court found: "The jury's award of $350,000 in compensatory damages and $100,000 in punitive damages against Defendant New Haven Board of Education was shown to be fair and reasonable and remains in place for its retaliation against Ms. Light in violation of Conn. Gen. Stat. § 31-51q, as does its award of $10,000 in special damages and $15,000 in general damages against Defendant Gethings for defaming the Plaintiff, for a total verdict of $450,000."

III. **C.G.S. § 31-51q PROVIDES FOR AN AWARD OF ATTORNEY'S FEES.**

Conn. Gen. Stat. §31-51q (b) provides, in relevant part:

> Except as provided in subsections (c) and (d) of this section, any employer, including the state and any instrumentality or political subdivision thereof, who subjects or threatens to subject any employee to discipline or discharge on account of (1) the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3,4 or 14 of article first of the Constitution of the state…shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, **and for reasonable attorney's fees** as part of the costs of any such action for damages….

(emphasis added). Count One of Plaintiff's Amended Complaint alleges that Defendant New Haven Board of Education unlawfully disciplined Plaintiff in violation of Conn. Gen. Stat. §31-51q. As to Count One, the jury awarded the Plaintiff $50,000 in compensatory damages, $300,000

in non-economic damages, and $100,000 in punitive damages for a total of $450,000. The jury also awarded $25,000 on the defamation claim. The representation agreement with counsel in this case provides for a one-third contingency fee "of any gross amounts recovered." *Interlandi Aff. at ¶ 6*.

This Court and the Connecticut Supreme Court have held that when a plaintiff prevails in an action pursuant to state statute which contains an attorney's fee provision, the one-third contingency fee agreed upon between the attorney and the client constitutes "at best…a floor to a reasonable award." *Fabri v. United Techs International, Inc.*, 193 F. Supp. 2d 480, 484-85 (D. Conn. 2002); *Schoonmaker v. Lawrence Brunoli, Inc.*, 265 Conn. 210, 270-72 (2003). Accordingly, Plaintiff respectfully requests an award of $150,000 based on the verdict for Count One ($450,000 x 1/3).

## IV.   PLAINTIFF IS ENTITLED TO REIMBURSEMENT FOR HER COSTS.

The Second Circuit permits recovery of other "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Plaintiff incurred $14,112.63 in expenses, which were reasonably necessary. *See Interlandi Aff. at ¶ 8*. Thus, Plaintiff requests $14,112.63 in out-of-pocket expenses.

## V.   CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that this Court award her attorney's fees in the amount of $150,000.00 and $14,112.63 for expenses.

        THE PLAINTIFF,
        JESSICA LIGHT

        By: */s/ Anthony J. Interlandi*
            Anthony J. Interlandi (ct27512)
            tony@monarchlaw.com

**CERTIFICATION OF SERVICE**

      I hereby certify that on September 9, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                          */s/ Anthony J. Interlandi*
                          Anthony J. Interlandi