# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JESSICA LIGHT** | **CIVIL ACTION NO:** |
| | **3:22-CV-00425 (JBA)** |
| **Plaintiff,** | |
| | |
| v. | |
| | |
| **NEW HAVEN BOARD OF EDUCATION &** | |
| **MARGARET-MARY GETHINGS in her** | |
| **individual capacity** | |
| | |
| **Defendants.** | |
| | **SEPTEMBER 9, 2025** |

### AFFIDAVIT OF ANTHONY J. INTERLANDI, ESQ.

The undersigned, being duly sworn, makes oath and says as follows:

1.  I am over 18 years of age and understand the obligations of an oath.

2.  I am competent to testify and have personal knowledge about the matters contained herein.

3.  The statements made herein are true and accurate to the best of my knowledge and belief.

4.  I am submitting this affidavit in support of Plaintiff's Motion for Attorney's Fees and

    Costs.

5.  On March 18, 2022, the Plaintiff and I, on behalf of Monarch Law LLC ("Monarch Law"),

    executed a representation agreement. Such agreement incorporated Plaintiff's fee

    agreement with MGQ Law, LLC ("MGQ Law"), which was signed on January 6, 2022.

    Exhibit 1 attached hereto is a true and accurate copy of Plaintiff's representation agreement

    with Monarch Law.

6.  Plaintiff agreed to pay her legal counsel a reduced hourly rate while also agreeing to a one-

    third contingency fee of any gross amount recovered. Thus, upon collection of the total

    verdict amount, the law firm would be entitled to one-third reduced by the amount already

paid at the discounted hourly rate basis. Exhibit 2 attached hereto is a true and accurate copy of Plaintiff's representation agreement with MGQ Law.

7.    On May 24, 2022, prior counsel sent a letter to Plaintiff regarding the closure of MGQ Law, and confirmation that Plaintiff hired Monarch Law and MGQ Law transferred Plaintiff's entire file to Monarch Law. Exhibit 3 attached hereto is a true and accurate copy of the letter.

8.    From March 22, 2022 through March 11, 2025, Monarch Law paid reasonably necessary litigation expenses, including the civil court filing fee, deposition transcripts, copy costs, postage, marshal fees, and expert and witness fees. The total amount billed to and collected from Plaintiff is $14,112.63. See Activities Export attached hereto as Exhibit 4.


ANTHONY J. INTERLANDI

Subscribed and sworn to before me this 9th day of September, 2025.


Notary Public/Commissioner of the Superior Court

JILLIAN NICOLE ALESSANDRA
NOTARY PUBLIC
My Commission Expires Apr. 30, 2028

MONARCH LAW LLC
363 NEW BRITAIN ROAD, FIRST FLOOR, BERLIN, CONNECTICUT 06037
TELEPHONE: (860) 969-2909 • FACSIMILE: (860) 909-0039

# EXHIBIT 1

# MONARCH LAW

Hartford / Milford / Westport

March 18, 2022

Jessica Light

████████████

Re:     Light v. City of New Haven - Federal Court

Dear Mrs.. Light,

    I am pleased that you selected my law firm to represent you in the above-captioned matter.  Connecticut Rules of Professional Conduct require that attorneys provide written notice of the basis or rate for their fees, and the scope of the matter to be undertaken.  This letter is your written fee notification.  The terms on which I will represent you are as follows:

I.    Scope of Representation

    You are hiring me as your attorney to represent you in a civil lawsuit against your employer.  My representation of you is limited to all proceedings up to and including any judgment, decision, settlement or other outcome which terminates the case.  At this time, I have not agreed to represent you with respect to any appeals or other proceedings following the termination of the case.  Unless a different agreement is made between us, this notice will govern all future services I may have the privilege of performing for you.  I do not make, nor have I made any express or implied guarantees that you will obtain a settlement, judgment, award or otherwise favorable verdict.

II.    Legal Fee, Expense Retainer and Billing Practices

    To get started, we require a $900.00 retainer payment to cover initial legal work and the court filing fee.  The fee is payable within 5 days of your signature to this agreement.  In addition, we will honor any and all terms and conditions set forth in your representation agreement with MGQ Law, LLC (dated January 6, 2022), which are hereby incorporated by reference and made a part hereof.

III.    Costs and Other Charges

    You will be responsible for the payment of all expenses incurred by my firm in connection with my representation of you.  Disbursements include, but are not limited to, costs incurred for filing fees, process server fees, depositions, experts, fixed fees as required by law or assessed by courts and other agencies, messenger and other delivery fees, postage, faxes, and parking.

    Payment is due within 15 days of receipt of my invoice.  Should my bills not be paid when due, I reserve the right to withdraw my representation of you.  Checks shall be made payable to Monarch Law LLC and delivered or mailed to 36 Russ Street, Hartford, CT 06106.  Late interest charges, at the rate of 10% per year, may be applied to any outstanding balances which are not paid in a timely manner.

IV.    Electronic Files

    Client files are stored electronically on a computer and/or the "cloud."  Reasonable measures are taken to ensure the security and confidentiality of your information.  To the extent possible, I will not maintain a paper file for your case.  All documents are scanned and saved to the electronic file created specifically for your case.

V.    Termination

    You may terminate this representation at any time with or without cause by notifying me in writing of your desire to do so.  Upon receipt of the notice to terminate representation, I will cease all legal work on your behalf immediately.  You will be responsible for paying all legal fees, expenses and disbursements incurred on your behalf in this matter (if any) until written notice of termination is received by my firm.

    To the extent permitted by the rules of professional responsibility and the court, I may terminate my representation at any time if you breach any material term of this agreement, fail to cooperate or follow my advice on a material matter, if a conflict of interest develops or is discovered, or if there exists, at any time, any fact or circumstance that would, in my opinion, render my continuing representation unlawful, unethical, or otherwise inappropriate.

    If I elect to terminate my representation, you will timely take all steps reasonably necessary and will cooperate as reasonably required to relieve me of any further obligation to perform legal services, including the execution of any documents necessary to complete my withdrawal from representation.

VI.    File Retention and Destruction

    After this matter concludes, you may request to download your file (excluding my personal notes and legal research, if any).  If we created a paper file, then we will retain it for a period of 7 years.  At the expiration of the 7-year period, I will destroy your file unless you notify me in writing that you wish to take possession of it.  I reserve the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

    I look forward to the privilege of successfully representing you and continuing our relationship on a longstanding basis.  Please read the Agreement in its entirety, sign it and return it to my office with the retainer as soon as possible.  If you should have any questions, pertaining to this matter, please do not hesitate to call.

Monarch Law LLC

By   *Anthony Interlandi*

Anthony Interlandi, Principal


I READ, UNDERSTAND & ACCEPT the terms of this representation agreement with MONARCH LAW.

03 / 18 / 2022

Date                    Jessica Light

EXHIBIT 2



MARIA GARCIA, ESQ.
MGQ Law, LLC
246 Post Road E, Westport, CT 06880
MGQ@MGQLaw.com
(203) 836-3336

*Admitted in Connecticut and New York*

January 6, 2022

**Submitted via Email** ▬▬▬▬▬▬▬

Jessica Light
▬▬▬▬▬▬
▬▬▬▬▬▬
▬▬▬
▬▬▬▬▬
▬▬▬▬▬▬▬

Dear Jessica,

Thank you for selecting MGQ Law, LLC to represent you. Under the Rules of Professional Conduct, which govern the activities of lawyers, I must communicate to you our understanding of the services that you have asked us to perform, the manner in which our fees will be determined and any other material terms of our engagement.

This letter constitutes the fee agreement for our representation on your behalf relating to your retaliation lawsuit against your employer the City of New Haven.

This fee agreement will be in effect from the execution of this agreement through and including all proceedings before the trial court. This agreement, however, does not include provisions for filing your case in court or any appeal. In addition, we reserve the right to decline to file suit on your behalf.

Beginning on the date of execution of this agreement, this office will represent you on a basis which provides for part contingent compensation and part hourly compensation. Presently my hourly rate is $400 an hour. You will be billed at the discounted rate of $200 an hour, uniformly to any time I spend on your case. Any work done by a paralegal or other attorney will be billed at one-half of his or her hourly rate.

It is agreed that you will pay to our firm an additional retainer of $4,000 prior to the filing of your charge. As your retainer is reduced, we reserve the right to request additional amounts to supplement your account.

The remainder of this firm's compensation will be on a contingent fee basis. Therefore, if we make no recovery in your case, we are entitled to no contingent fee. We will, however, be entitled to retain the discounted hourly rates which have been paid throughout the course of our representation. This firm will be entitled to one-third (33.33%) of any gross amounts recovered.

For purposes of illustrating a one-third contingent mixed fee, the following is an example only: assume that we recover the total sum of $30,000 in benefits for you such that our contingent fee entitlement would be $10,000. Assume also that you have paid on the discounted hourly rate basis the sum of $4,000. Upon collection of the $30,000, we would be entitled to an additional fee of $6,000, which represents our full contingent fee minus the $4,000 already paid on the discounted hourly rate basis. If the contingent fee entitlement is less than the fees paid by you on the discounted hourly rate basis, you will not be

entitled to a reimbursement of fees paid.

For the purposes of this retainer agreement, the "gross amount recovered" shall be computed as the total sum of all awards including but not limited to back pay, front pay, employee benefits (including, for example, insurance, out placement assistance, stock grants and options), severance, compensatory damages, punitive or exemplary damages and interest.

If we are able to negotiate a contribution toward attorney fees from the other party as a part of the total settlement, that will be included as part of the gross amount recovered as defined above.

If we negotiate a settlement which involves the reinstatement of your employment or your former position, we agree to not take one-third of your future, unearned salary, and instead, you agree to pay us for the time we spend on your matter at our normal hour rates or one-third of the value of the remaining amount of your settlement, whichever is greater.  My current hourly rate is $400.00 per hour as reflected on the rate schedule below.

In the event that attorneys' fees and costs are recovered by court award, our fee shall be computed on the basis of either (a) the attorneys' fees awarded or; (b) one-third (33 1/3%) of the gross amount recovered as defined above, whichever is greater.  If the fee is computed on the latter basis, you shall be given a credit against the one-third (33 1/3%) amount for fees received as a result of the court award in the event that the one-third (33 1/3%) fee is greater than the total numbers of hours we spent on your case multiplied by our hourly rates in effect at the time the fee is paid.

Since costs incurred in your case must be paid in full by this firm as they are incurred, it will be necessary for you to pay costs that are billed to you in this matter in full within thirty (30) days after they are billed to you.  If we request you to do so, you will pay major cost items (such as deposition and expert witness fees) in advance or make direct payment (for example to the court reporter) to cover these costs. We suggest that you budget some funds in advance to cover major cost items.

**If any counterclaims are filed against you, the time we spend defending those claims will be billed to you based on our normal hourly rates in effect at that time.   Appellate work constitutes a new undertaking and we reserve the right to decline to represent you in any appeals.**

As a condition to our participation in this matter, you must agree to be reasonable with respect to settlement offers, if any, that are made by the defendant.  This understanding is necessary because of the contingency fee, which, in effect, means this firm is making a substantial investment in your case. You need to be willing to settle this case for a reasonable amount instead of rolling the dice in hopes of an unusually high jury award.  This provision is set forth out of an abundance of caution and not because I have perceived that you would be unreasonable for purposes of settlement.

In the event that you decide to withdraw your complaint at any time during our representation of you for any reason other than settlement, attorney's fees shall be due based upon the customary hourly rates of this office which are subject to change from time to time.

You agree to permit me to withdraw at any time from this case and terminate my representation of you if I decide that your case lacks sufficient merit to proceed, if I decide that you have rejected a reasonable settlement offer, or if we cannot otherwise agree as to how to handle the litigation.

Finally, please be advised that you are under an obligation to preserve and retain all paper files an electronically stored information that are related to this matter. Under the law, a duty to preserve documents and information arises when the likelihood of litigation is known or reasonably foreseeable. Failure to comply could result in penalties or sanctions against you by the Court or other administrative agency involved. Accordingly, you are advised to take every reasonable step to preserve this information until the final resolution of this matter.

If you agree to have us represent you on the terms and conditions stated herein, please countersign one original of this letter and return it our office, with the retainer check made out to "MGQ Law, LLC", keeping the other original for your records.

*Jessica Light*
_____

# EXHIBIT 3


Employment Law

MARIA E. GARCIA
MGQ Law, LLC
246 Post Road E, Westport, CT 06880
MGQ@MGQLaw.com
(203) 836-3336

*Admitted in Connecticut and New York*

Submitted via email to ████████████████

May 24, 2022

Jessica Light
████████████████

Subject: **FIRM CLOSURE**

Dear Jessica,

As I've shared with you, I am writing to let you know that as of May 31, 2022, I will be closing my law practice as I will be appointed as a Federal Magistrate Judge in the District of Connecticut. Therefore, I will be unable to represent or counsel you in any further legal matters and my representation of you will conclude on May 31, 2022.

Given that I will be unable to represent or counsel you in any further legal matters, you have retained Monarch Law, LLC to further represent your interests in your pending case involving your employment with the City of New Haven. You will receive an electronic referral fee agreement for your review and signature, which will finalize the referral of your case to Monarch Law. Once signed I will transfer the entire file to Monarch law.

You will be able to reach me at the address and phone number listed on this letter until May 31, 2022. After that time, you or your new attorney can reach me at the following phone number or e-mail:

████████████████████████

I appreciate the opportunity to have provided you with legal services. Please do not hesitate to give me a call if you have any questions or concerns.

Yours very truly,

Maria E. Garcia

EXHIBIT 4

# Activities Export

| Date | ▲ Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|--------|-------------|--------|------|-----|----------|------------------|--------------|
| 03/22/2022 | | Filing fee<br>● Billed invoice 2428 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $402.00 | - | $402.00 |
| 01/11/2023 | | J Light depo transcript<br>● Billed invoice 2823 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $975.34 | - | $975.34 |
| 01/27/2023 | | Depo of M Gethings (def)<br>● Billed invoice 2823 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $1,499.54 | - | $1,499.54 |
| 03/11/2023 | | A PLUS REPORTING- deposition transcript- Levin and Ventura<br>● Billed invoice 2902 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $997.41 | - | $997.41 |
| 03/11/2023 | | NHBOE/Bonner<br>● Billed invoice 2902 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $592.79 | - | $592.79 |
| 03/19/2023 | | NHBOE/MMG<br>● Billed invoice 2902 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $636.82 | - | $636.82 |
| 06/19/2023 | | Clarino Depo Tx<br>● Billed invoice 3077 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $1,144.96 | - | $1,144.96 |
| 09/01/2023 | | copying costs<br>● Billed invoice 3147 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $40.24 | - | $40.24 |
| 09/01/2023 | | postage<br>● Billed invoice 3147 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $11.90 | - | $11.90 |
| | | | | | | | **$0.00**<br>0.00h | **$14,112.63**<br>0.00h |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 01/03/2024 | | Oral Arg Tx<br>● Billed invoice 3458 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $294.91 | - | $294.91 |
| 06/21/2024 | | Witness Fee<br>● Billed invoice 3668 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $55.06 | - | $55.06 |
| 06/21/2024 | | Witness fee<br>● Billed invoice 3668 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $55.06 | - | $55.06 |
| 06/21/2024 | | Witness Fee<br>● Billed invoice 3668 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $55.06 | - | $55.06 |
| 07/17/2024 | | Audio Transcripts<br>● Billed invoice 3728 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $1,690.97 | - | $1,690.97 |
| 07/20/2024 | | Light Subpoenas - Berchem Moses attorneys<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $209.56 | - | $209.56 |
| 08/06/2024 | | Pre-Trial Hearing Tx<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $375.52 | - | $375.52 |
| 08/06/2024 | | witness appearance fee + mileage<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $58.76 | - | $58.76 |
| 08/06/2024 | | Witness appearance fee + mileage<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $48.58 | - | $48.58 |
| | | | | | | | **$0.00**<br>0.00h | **$14,112.63**<br>0.00h |

09/09/2025
11:59 AM

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|-----------------|--------------|
| 08/13/2024 | | Light Witness Subpoenas<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $379.80 | - | $379.80 |
| 08/13/2024 | | Parking at trial<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $112.50 | - | $112.50 |
| 08/19/2024 | | Light trial tx 8/7<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $934.71 | - | $934.71 |
| 08/19/2024 | | Expert Witness Fee<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $1,000.00 | - | $1,000.00 |
| 08/19/2024 | | trial transcript 8/5 + 8/6<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $2,149.33 | - | $2,149.33 |
| 09/03/2024 | | Light Trial Tx 8/8, 9 and 12<br>● Billed invoice 3772 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $317.99 | - | $317.99 |
| 12/11/2024 | | City Of New Haven, Ct 704-817-2500 Nc<br>● Billed invoice 4002 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $3.54 | - | $3.54 |
| 12/11/2024 | | City Of New Haven, Ct 704-817-2500 Nc<br>● Billed invoice 4002 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $3.54 | - | $3.54 |
| 03/11/2025 | | Subpoena/Delucia<br>● Billed invoice 4180 | 22-00474/LIGHT-J-Light v. City of New Haven<br>Light v. City of New Haven | Anthony Interlandi | 1.00 | $66.74 | - | $66.74 |
| | | | | | | | **$0.00**<br>0.00h | **$14,112.63**<br>0.00h |