UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JESSICA LIGHT,** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:22-cv-00425(JBA) |
| | : | |
| v. | : | |
| | : | |
| **NEW HAVEN BOARD OF EDUCATION,** | : | |
| **MARGARET-MARY GETHINGS in her** | : | |
| **individual capacity** | : | |
| Defendants. | : | SEPTEMBER 18, 2024 |

## REPLY TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Pursuant to the Court's order (ECF 134, 136), defendants New Haven Board of Education (the "Board") and Margaret-Mary Gethings ("Principal Gethings," and together with the Board, "Defendants") respond to plaintiff Jessica Light's ("Plaintiff") motion for attorney's fees and costs and supplemental motion for attorney's fees and costs (ECF 135, 137). For the reasons set forth herein, Defendants respectfully request that any award of attorney's fees and costs be limited to less than requested in Plaintiffs' motion.

**I.     RELEVANT BACKGROUND**

  **A.     Plaintiff's Claims and the Jury's Verdict.**

Plaintiff brought a four-count complaint against Defendants on March 22, 2022. ECF 1. In Count One, Plaintiff a Conn. Gen. Stat. § 31-51q claim against the Board, her employer. In Count Two, Plaintiff brought a First Amendment retaliation claim against Principal Gethings pursuant to 42 U.S.C. § 1983. In Counts Three and Four, Plaintiff brough a false light and a defamation count, respectively, against Principal Gethings. On March 19, 2024, the Court (Meyer, J.) issued a ruling on Defendants' Motion for Summary Judgment dismissing the false light claim in its entirety and dismissing the majority of the defamation count, but

allowing it to proceed based on a single statement. *See* ECF 49. The matter thus proceeded to trial on Counts One, Two, and Four, as limited, beginning on August 5, 2024. ECF 52. The jury returned a verdict in favor of Plaintiff on all counts, awarding $350,000 in compensatory damages and $100,000 in punitive damages on Plaintiffs Conn. Gen. Stat. § 31-51q claim; $425,000 in compensatory damages and $200,000 in punitive damages on Plaintiff's 42 U.S.C. § 1983 claim; and $10,000 in special damages and $15,000 in general damages on Plaintiff's defamation claim. ECF 110.

Following trial, Defendants moved for a directed verdict or, in the alternative, a new trial or for remittitur of damages. ECF 121. The Court denied Defendants' motion for a directed verdict, but granted Defendants' motion for a new trial "on Count Two on the issue of whether Ms. Gethings retaliated against Ms. Light in violation of 42 U.S.C. § 1983." ECF 133. The Court upheld the "jury's award of $350,000 in compensatory damages and $100,000 in punitive damages against" the Board on Plaintiff's Conn. Gen. Stat. § 31-51q claim and the jury's "award of $10,000 in special damages and $15,000 in general damages against Defendant Gethings for defaming the Plaintiff, for a total verdict of $450,000."

B.      **Plaintiff's Motion for Attorney's Fees.**

In her prayer for relief, Plaintiff sought "Plaintiff's costs and attorney's fees." ECF 1 at 20. The Court ordered that any motion for attorney's fees and costs be filed by September 9, 2025. ECF 134. On September 9, 2025, Plaintiff filed a motion for attorney's fees seeking "attorney's fees in the amount of $150,000 and $14,112.63 for expenses." ECF 135-1 at 3. The attorney's fees in the amount of $150,000 represent "a one-third contingency fee" of the jury's award of $450,000 total on Plaintiff's claim pursuant to Conn. Gen. Stat. § 31-51q.

Plaintiff further requested reimbursement of costs totaling $14,112.63. Plaintiff's motion was accompanied by a copy of the relevant representation agreements and an "Activities Export" reflecting the requested costs. ECF 135-1, 135-2.

On September 10, 2025, the Court ordered Plaintiff to "file more specific information for the Court to evaluate Plaintiff's motion for attorney's fees[]" because the "Activities Export" "is inadequate to determine Counsel's time and tasks for the purpose of evaluating awarding attorney's fees, particularly in regards to eliminating claims for fees charged for legal services rendered for Count Two." ECF 136. On September 11, 2025, Plaintiff's counsel filed a supplemental motion in response to the Court's order, including an updated Activities Export reflecting hourly time spent on this case. ECF 137-1. As part of this supplemental motion, Plaintiff seeks, for the first time, "an award of pre- and post-judgment interest on the jury's award of $350,000 in compensatory damages (Count One) pursuant to C.G.S. § 37-3a." ECF 137 at 2.

The representation agreement provided by Plaintiff's counsel (the "Agreement") provides for collection of "a $900.00 retainer payment to cover initial legal work and the court filing fee." ECF 135-2 at 5-6. It then states that Plaintiff's counsel "will honor any and all terms and conditions set forth in your representation agreement with MGQ Law, LLC[,]" Plaintiff's prior counsel, and incorporates the agreement with MGQ Law, LLC. ECF 135-2 at 5. Pursuant to that agreement, Plaintiff paid a $4,000 retainer and agreed to a compensation structure of "part contingent compensation and part hourly compensation." ECF 135-2 at 8. Likewise pursuant to that agreement, Plaintiff agreed to counsel's hourly rate of $400, but because of the split compensation structure, agreed to pay a reduced rate of $200 per hour for

3

all time spend by counsel on the case, which counsel would be entitled to retain if there was "no recovery." ECF 135-2 at 8. The engagement letter also set forth terms for contingency if Plaintiff recovered any sums. The terms of that contingency fee agreement are confusing and internally inconsistent, as the engagement letter first states that "[t]he firm will be entitled to one-third (33.33%) of any gross amounts recovered," and then sets forth an example of how that would work for a hypothetical recovery of $30,000. *Id*. The "gross amount recovered" is defined as "the total sum of all awards including but not limited to back pay, front pay, employee benefits…, severance, compensatory damages, punitive or exemplary damages and interest." *Id*. Moreover, if counsel negotiated a contribution toward attorney's fees from the other party, that is included in the "gross amount recovered as defined above." *Id*. The Agreement further provides that Plaintiff is responsible for all costs incurred. *Id*.

> As to attorney's fees, the engagement letter then states that:
>
> In the event that attorneys' fees and costs are recovered by court award, our fee shall be computed on the basis of either (a) the attorneys' fees awarded or; (b) one-third (33 1/3%) of the gross amount recovered as defined above, whichever is greater. If the fee is computed on the latter basis, you shall be given a credit against the one-third (33 1/3%) amount for fees received as a result of the court award in the event that the one-third (33 1/3%) fee is greater than the total number of hours we spent on your case multiplied by our hourly rates in effect at the time the fee is paid.

ECF 135-2 at 9. Although not mentioned in Plaintiff's opening motion for attorney's fees, Plaintiff's supplemental motion states that, in accordance with the terms of the engagement letter, Plaintiff's counsel was paid $95,618 by Plaintiff during the course of this litigation. ECF 137-1 at 3.

4

## II.   ARGUMENT

In her motion, Plaintiff states that she is seeking attorney's fees based on the verdict entered on Count One, which asserted a claim under Conn. Gen. Stat. § 31-51q. Plaintiff's short argument simply states that she has a contingency fee agreement, that courts affirm the use of such agreements, and, therefore, she should be awarded $150,000 in attorney's fees based on the $450,000 verdict in Count One. Plaintiff's request for the full $150,000 should be denied for several reasons, each of which will be addressed in turn.

### A.   Plaintiff failed to cite the applicable analysis.

As an initial matter, Defendants note that Plaintiff failed to identify or perform any analysis of the applicable standards in Connecticut governing the evaluation of a contingency fee agreement for purposes of awarding attorney's fees. Under Connecticut law,[1] "when a contingency fee agreement exists, a two step analysis is required to determine whether [the] court permissibly may depart from it in awarding a reasonable fee pursuant to statute or contract." *Schoonmaker v. Lawrence Brunoli, Inc.*, 265 Conn. 210, 271 (2003). First, the Court "must analyze the terms of the agreement itself[]" to determine its reasonableness. *Id.* "If the agreement is, by its terms, reasonable," the Court may depart from the agreement "when necessary to prevent 'substantial unfairness'" to the other party. *Id.* at 271. "By contrast, if the trial court concludes that the agreement is, by its terms, unreasonable, it may exercise its discretion and award a reasonable fee in accordance with the factors enumerated in rule 1.5(a) of the Rules of Professional Conduct." *Id.* at 271-72. Ultimately, it is Plaintiff's burden to establish that the award sought is reasonable. *See, e.g.*, *Rzasa v. BJ's Restaurants,*

---

[1] Because Plaintiff is seeking attorney's fees pursuant to Conn. Gen. Stat. § 31-51q, Connecticut law applies.

5

*Inc.*, No. 3:23-CV-00140(JBA), 2023 WL 3860457, at *4 (D. Conn. June 7, 2023) (discussing elements plaintiff is required to establish to prove reasonableness); *Fraser v. Wyeth, Inc.*, No. 3:04-CV-01373(JBA), 2013 WL 4012764, at *6 (D. Conn. Aug. 5, 2013) (evaluating whether plaintiff's claimed attorney's fees were reasonable).

### B. Plaintiff's contingency fee agreement is unreasonable.

Plaintiff's motions for attorney's fees also do not provide any analysis of why the agreements with her attorneys were reasonable and should be enforced by the Court. Indeed, Plaintiff fails to address which of the several different contingency structures in the Agreement apply, leaving it unclear under which provision Plaintiff seeks attorney's fees.

At the start of that missing analysis, Defendants acknowledge that courts generally find that agreements that contingency agreements that provide for attorney's fees in the amount of one-third of the recovery to be reasonable. *See*, *e.g.*, *Jennings v. Town of Stratford*, 263 F. Supp. 3d 391, 415 (D. Conn. 2017). Here, however, there are several issues with the Agreement warranting a finding that the Agreement is unreasonable.

As noted previously, Plaintiff's opening motion for attorney's fees made no mention of the fact that, pursuant to the terms of the engagement letter, Plaintiff had been paying attorney's fees throughout the course of this litigation. In the Supplemental Memorandum, however, Plaintiff revealed that she had paid counsel $95,618 in fees to date. ECF 137-1 at 3. Nevertheless, Plaintiff's motions seemingly seek to collect an additional $150,000 in fees as a contingency fee based on the portion of the verdict that survived a post-trial motion. Plaintiff's motions fail to address how the amounts paid to date factor into the Court's analysis of what constitutes a "reasonable" attorney's fee for purposes of Conn. Gen. Stat. § 31-51q.

A similar fee agreement related to a Conn. Gen. Stat. § 31-51q claim was analyzed in *Burrell v. Yale Univ.*, No. X02-CV-00-0159421-S, 2005 WL 1670613, at *2-3 (Conn. Super. Ct. May 26, 2005). In that case, the engagement letter with Madsen, Prestley, & Parenteau required the plaintiff to pay legal fees on an ongoing basis at a reduced rate, akin to the Agreement at issue here, and then also stated that plaintiff agreed to pay a contingency fee of "one-third of any gross amounts (including court awarded or allocable attorney's fees) collected less the amount you have already paid us at the one-half hourly rate." *Id.* at *1. Further, the letter stated the firm's fee is "the larger of any … court-awarded attorneys fees, or the one-third contingency fee." *Id.* at *2.

Judge Schuman began his analysis of that agreement by noting that its terms were circular: "The contingency fee definition depends in part on the court award, which the court cannot determine without assessing the reasonableness of the contingency fee." *Id*. Similarly, the Agreement in this case states that the attorney's fee will be "either (a) the attorneys' fees awarded or; (b) one-third (33 1/3%) of the gross amount recovered as defined above, whichever is greater." The former provides no guidance to the Court on how much fees to award, but leaves room for the Court to exercise its discretion and award less than the amount requested. When the latter is read in conjunction with the other terms in the Agreement, it suggests that any attorney's fees would be added to the "gross amount recovered," and then Plaintiff's counsel would receive one-third of that overall amount, less a credit for amounts already paid. Here, adding a fee of $150,000 to the verdict would result in a $600,000 award, which in turn would result in a fee of approximately $200,000. Such an award would be unreasonable.

The Agreement suggests that, if the Court awards $150,000 on top of the $95,618 already paid by Plaintiff to her counsel, this would all be kept by Plaintiff's counsel—which would result in a total fee that is more than 50% of the verdict on Count One. In *Burrell*, Judge Schuman noted that a 50% rate was "unprecedented in the court's experience," "represents the type of matter that makes the public cynical about the legal profession," and therefore was "not reasonable." *Id*. Similarly, the Court should reject any attempt by Plaintiff 's counsel to collect a fee that is greater than one-third of the total verdict, and especially one that is more than 50% of the total verdict.

If the Court finds that the fee agreement is unreasonable, then Plaintiff's request for fees must be analyzed for reasonableness under Rule 1.5 of the Rules of Professional Conduct. *Schoonmaker*, 265 Conn. at 259 n.60. Plaintiff's motion fails to address these elements or provide information necessary for the Court to conduct an analysis under these elements in Rule 1.5. Given the lack of such briefing, the Court should consider full $150,000 requested by Plaintiff and then reduce it significantly given the lack of briefing about reasonableness factors, the lack of success on Count Two and the claims dismissed on summary judgment, and the lack of briefing requested by the Court on how that impacts any fee award—as addressed more specifically below.[2]

---

[2] Defendants do not concede that verdict on Count One was appropriate. To the contrary, as noted in Defendants' post-trial motion, Defendants believe that the verdict on Count One was fundamentally flawed for numerous reasons. Any arguments made above are without prejudice to Defendants' arguments about the verdict on Count One, which they reserve for any additional proceedings in this matter, including an appeal.

C. **Even if the Agreement is reasonable, the requested fee should be reduced.**

Even if the Court finds that the Agreement is reasonable, the Court should reduce the requested $150,000 contingency fees on the ground that it would be substantially unfair to Defendants. It is squarely within the Court's discretion to reduce the amount of attorney's fees requested. *Schoonmaker*, 265 Conn. at 271-72.

As reflected in Plaintiff's motion, the sole basis for an award of attorney's fees is Conn. Gen. Stat. § 31-51q, meaning that any award of attorney's fees must be limited to the time spent on that claim. Again, the Conn. Gen. Stat. § 31-51q claim is one of four claims Plaintiff brought against Defendants. ECF 1. Review of the "Activity Log" submitted by Plaintiff in support of the claim for attorney's fees demonstrates that there is no way to identify the time allocated to each individual claim. But Plaintiff's failure to allocate time specifically to each claim cannot mean that Defendants are thus held responsible for *all* time spent on this matter, even though Plaintiff is only entitled to attorney's fees based on one count. Defendants were granted summary judgment in full on the false light count and on all statements except for one in the defamation count. Moreover, the Court has vacated the jury's verdict on Count Two, and Plaintiff recovered relatively low damages on the defamation count. *See Crawford v. City of New London*, No. 3:11-CV-1371 JBA, 2015 WL 1125491, at *7 (D. Conn. Mar. 12, 2015) (applying a 25% reduction to the requested attorney's fees to reflect partial success). Given that the verdict almost entirely dependent on Count One from the original four-count complaint, it would be substantially unfair to allow Plaintiff to recover attorney's fees based on all of the activity in this case through the present. As such, Plaintiff's requested $150,000 requested fee should be substantially reduced, especially in light of the fact that, unlike a

9

typical case employment or personal injury case where the plaintiff's counsel is operating on a pure contingency fee of 1/3 of any recovery, here Plaintiff's counsel has already been paid a significant amount during this litigation. Failure to credit that at all in any attorney's fee calculation would be substantially unfair.

### D. The Court should reduce the requested costs to reflect costs for only the prevailing claim.

The Court should similarly reduce any award of costs to reflect allocation to only the Conn. Gen. Stat. § 31-51q claim. Plaintiff requests $14,112.63 in costs, representing *all* costs throughout the litigation, including items such as the filing fee, transcript fees, and witness fees, several of which were incurred prior to the Court's summary judgment ruling. Again, however, this request disregards any allocation of the costs to the prevailing claim. The Activities Export provided by Plaintiff's counsel does not identify which expenses should be allocated to which claims, and, in fact, most, if not all, necessarily span amongst all claims. Thus, Plaintiff's requests for costs also should be reduced for the same reasons as stated above.

### E. The Court Should Decline to Award Interest.

Plaintiff baldly asserts a claim for "an award of pre- and post- judgment interest on the jury's award of $350,000 in compensatory damages" pursuant to Conn Gen. Stat. § 37-3a for the first time in the supplemental briefing submitted in response to the Court's order. ECF 137 at 2. As a threshold matter, the Court's order was issued to request that Plaintiff correct deficiencies in her motion for attorney's fees, not to provide Plaintiff with an opportunity to seek additional relief not sought previously, and the Court should thus not entertain this additional late request.

Moreover, Plaintiff has not offered any argument regarding her entitlement to either pre or post-judgment interest under that statute, and the Court should thus decline to address the single-sentence request. *See Williams v. New York City Hous. Auth.*, 816 F. App'x 532, 535 (2d Cir. 2020) (deeming claim waived where party "devot[ed] only one conclusory sentence to it in her brief"). Without any argument from Plaintiff as to her entitlement to interest, Defendants are left unable to prepare a response and Plaintiff's request should be summarily denied.

### III.  CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court reject Plaintiff's request for $150,000 in additional attorney's fees and substantially reduce that request, reduce the requested costs in a similar manner, and reject Plaintiff's request for pre- and-post judgement interest.

>DEFENDANTS,
>NEW HAVEN BOARD OF EDUCATION
>and MARGARET-MARY GETHINGS
>
>By     /s/ *Peter J. Murphy*
>   Peter J. Murphy (ct26825)
>   Chelsea C. McCallum (ct31586)
>   Shipman & Goodwin LLP
>   One Constitution Plaza
>   Hartford, CT  06103-1919
>   Telephone: (860) 251-5950
>   Facsimile: (860) 251-5316
>   pjmurphy@goodwin.com
>   cmccallum@goodwin.com
>   Their Attorneys